UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LYNORE I. HORN,<br><br>Plaintiff,<br><br>V.<br><br>SOUTHERN UNION COMPANY and<br>NEW ENGLAND GAS COMPANY<br>Defendants. | C.A. No. 04-434-S |

MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), Defendants Southern Union Gas Co. et al. move for a Protective Order pertaining to the nature and extent of Plaintiff's deposition examination of former and current employees and agents of the Defendants, insofar as such deposition examination is irrelevant, in violation of Fed. R. Civ. P. 26(b)(1), and causes annoyance and oppression under Fed. R. Civ. P. 26(c). A memorandum of law in support of this motion is attached hereto.

Counsel for Plaintiff also represents two other former employees of Defendants who are also pursuing lawsuits against the Defendants. In deposition questioning of a former employee of the Defendants in *this* case, Plaintiff's counsel repeatedly inquired into completely irrelevant issues and persons which instead pertain to two *other* cases pending in state and federal court respectively. Counsel for Plaintiff stated explicitly and on the record that she intends to use further discovery in this case, particularly deposition questioning, as a means to conduct

discovery in her other two cases. While Defendant recognizes that there is a degree of factual overlap in these three cases, Plaintiff's deposition questioning has, on several occasions, related to topics solely relevant to another proceeding. It is clear that Plaintiff intends to continue this practice, which certainly violates both Fed. R. Civ. P. 26(b)(1) and 26(c).

For the foregoing reasons, Defendant requests that this Court issue an Order protecting against deposition examination by the Plaintiff that is irrelevant to the instant case and instead intended solely to develop facts for other cases.

Respectfully submitted,

DEFENDANT,
SOUTHERN UNION COMPANY,

By its attorney,

HOLLAND & KNIGHT LLP

Neal J. McNamara, Esq. (#4249)
Robert J. Crohan Jr., Esq. (#6516)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

Dated: October 3, 2005

## CERTIFICATION OF GOOD FAITH ATTEMPT TO RESOLVE DISPUTE UNDER FED. R. CIV. P. 26(c)

I hereby certify that I have in good faith attempted to confer with the affected party in an effort to resolve this dispute without court action. My unsuccessful attempt to address this issue at the deposition of Edward Bolduc is evident from the transcript of that deposition, attached as Exhibit A. I also sent a letter to Plaintiff's counsel on or about September 2, 2005, regarding this issue, to which I received no reply.

Neal J. McNamara, Esq. (#4249)
Robert J. Crohan Jr., Esq. (#6516)
Holland & Knight LLP
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

Dated: October 3, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 3, 2005 a copy of the foregoing was mailed and faxed to: Patricia E. Andrews, Esq. and Carly B. Iafrate, Esq., 170 Westminster Street, Suite 601, Providence, RI 02903.

Marilyn Linsky

# 3253113_vl

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LYNORE I. HORN,<br>Plaintiff,<br>v.<br>SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY<br>Defendants. | C.A. No. 04-434-S |
| CAROL PETRARCA,<br>Plaintiff,<br>v.<br>SOUTHERN UNION COMPANY, et al.,<br>Defendants. | C.A. No. 04-310-S |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTIONS FOR PROTECTIVE ORDER

### I. Factual Background

Plaintiff's counsel represents three former employees of Defendant England Gas Company (New England Gas), each of whom have asserted discrimination claims in three separate lawsuits pending in either Rhode Island Federal District Court or Superior Court. In the instant case, Plaintiff Lynore Horn sought the deposition testimony of Edward Bolduc (Bolduc), her former supervisor at

Providence Gas Company, the corporate successor of the Defendants. At Bolduc's deposition, Plaintiff's counsel, on several occasions, engaged in improper and irrelevant questioning geared toward eliciting Bolduc's impressions regarding the cases of her other two clients, Carol Petrarca and Christine Stamp. *See* Deposition of Edward Bolduc (Bolduc Deposition), attached as Exhibit A[1], at 34:2-9, 39:16-20, 55:1-8, 67:24 – 68:6, 73:23 – 74:6, 78:14-20, 80:3 – 81:24, 82:12 – 87:5, 93:4 – 94:8, 99:15 – 101:6, 102:9 – 104:14, 124:5-12, 130:21 – 131:15.

After one particularly long line of questioning regarding Carol Petrarca, *see* Bolduc Deposition at 82:12 – 87:5, Defendant's counsel objected, and an on-record discussion about the propriety of such questions ensued. Defendants' counsel took exception to Plaintiff's counsel's attempt to conduct "two different depositions under one caption," noting that "it's going to be confusing" and suggesting that it would be "fine" for Plaintiff's counsel to issue "notice of deposition . . . for 9:00 in the morning for Lynore Horn's [case] and 1:00 in the afternoon for Carol Petrarca." *See* Bolduc Deposition at 87:6-22. After a brief digression into interrogatory responses, Defendants' counsel stated: "It seems to me that you're going to conduct depositions in three different cases, in [which] the questions will be interchangeable and the facts will be all mooshed [sic] together." *See id.* at 89:17-20.

Plaintiff's counsel's surprisingly candid response was: "Well, I mean, quite honestly, I don't know whether it was in this case, but I was encouraged to do exactly that. And it seems to me that it makes sense if I have cases to conduct, you

[1] Due to the page limit requirements of Amended General Order #2002-01, not all referenced deposition testimony is appended to this memorandum. If the Court requests a more complete exhibit pursuant to Order #2002-01, the Defendants would be happy to provide it with one.

know, as few depositions as possible." *See id.* at 89:21 – 90:1. After Defense counsel pointed out that Plaintiff's counsel had been given, and had rejected, the opportunity to consolidate discovery in all three matters in federal court, Plaintiff's counsel asserted: "There's nothing here that prevents me from using what I'm developing here . . . in my case in Superior Court." *See id.* at 90:14-18.

Defendants' counsel, in anticipation of further depositions saturated by irrelevant questions and continued abuse of the discovery process, now seeks a protective order limiting the Plaintiff to inquiries relevant to the claims of Lynore Horn only.

## II. Argument

Federal Rule of Civil Procedure 26(c) authorizes this Court to grant a protective order when "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Plaintiff's inappropriate use of deposition questioning to conduct discovery for its other pending cases against the Defendants certainly constitutes the "annoyance" and "oppression" contemplated by the rule. Fed. R. Civ. P. 26(c).

Plaintiff's counsel has unabashedly stated that she is planning on conducting "as few depositions as possible" and using those depositions "in [her] case in Superior Court." Bolduc Deposition at 89:25 – 90:18. The Plaintiff's desire for economy, however, does not trump the Defendants' rights under Rules 26(b)(1) and 26(c) not to have its deponents be subjected to (a) questioning that is irrelevant to this case; (b) confusion caused by attempting to conduct discovery for three cases

under the auspices of a single case; and (c) prejudice resulting from the inability to properly prepare witnesses for deposition testimony when the subject matter of the deposition is constantly shifting. This is precisely the type of annoyance and oppression against which Rule 26(c) is meant to protect.

The fact that the Plaintiff's counsel admits, on the record, that she intends to conduct deposition discovery in this manner is sufficient "good cause" for this Court to issue a protective order. *See Baker v. Liggett Group, Inc.*, 132 F.R.D. 123, 25 (D. Mass. 1990). Plaintiff's counsel's three separate clients have each asserted separate claims, based on unique facts, in separate lawsuits in two different courts under various provisions of both state and federal law. Confusion – on the parts of both witnesses and counsel – will inevitably result if Plaintiff's counsel is allowed to conduct discovery for three cases under the auspices of this single case.

Moreover, Defendants' preparation of deponents will be greatly prejudiced if the subject matter of deposition questioning is determined on the whim of the Plaintiff's counsel at the time of the deposition. This will be particularly problematic in the likely event that the Plaintiff issues a Rule 30(b)(6) deposition notice, which will require extensive preparation of the designated corporate spokesperson. In the absence of any constraints on Plaintiff's counsel, any prospective 30(b)(6) deponent will be faced with the impossible task of preparing to answer questions regarding three discrete cases involving different matters of fact and law. Defendants' counsel cannot do its job preparing *any* deponent – especially a prospective 30(b)(6) corporate designee – if the case caption under which a

deposition is noticed is different from the one toward which the questions are geared.

Federal district courts that have faced similar situations have unequivocally ruled that discovery in one case cannot be used as a mere pretext for discovery relating to other pending cases. *See Wright & Miller, Federal Practice & Procedure* § 2040 (1994). In *Beard v. New York Central Railroad Co.*, 20 F.R.D. 607, 609 (N.D. Ohio 1957), the court first stated that the "discovery procedures of the federal rules are designed to be used solely for the purpose of obtaining information for use in the federal court action in which they are employed." It further held that "no plaintiff has a right to use a federal court as a mere auxiliary forum through which to obtain assistance in the preparation of a similar case pending in the state court." *Id.* at 619. The Court in *Beard* issued a protective order, finding it "apparent from the face of the record" that "such was the plaintiff's purpose." *Id.* Another more recent case, *Elm Energy & Recycling (U.K.) Ltd. v. Basic*, 1996 W.L. 596456 (N.D. Ill.), dealt with a similar issue. Although the court in *Basic* declined to issue a protective order, it stated plainly: "Although the federal rules allow for broad discovery, they do not sanction the use of discovery in one case as a sham for conducting discovery solely for a different case . . .." *Id.* at *7.

The Defendants readily acknowledge that there is a degree of factual overlap between this case involving Lynore Horn and the other cases, and that litigants in other forums may use the fruits of discovery in this case. *See Macario v. Pratt & Whitney Can.*, 1990 U.S. Dist. LEXIS 17411 (E.D. Pa.), at *8-9. But what Plaintiff's

counsel is attempting to do goes beyond mere use of discovery in this case *to aid in other cases*; it is, instead, the use of this case to conduct discovery *for other cases*. Given Plaintiff's counsel's recorded statements, it is clear that Plaintiff has begun, and intends to continue, to "exploit[] the litigation solely to assist in other litigation before a foreign forum." *Id.* at *8. A Rule 26(c) protective order that prohibits deposition questioning that is not relevant to this case, but intended solely to develop other pending cases, is required.

## III. Conclusion

For the foregoing reasons, the Defendants hereby request that its motion for a protective order under Federal Rule of Civil Procedure 26(c) be GRANTED.

Respectfully submitted,

DEFENDANT,
SOUTHERN UNION COMPANY,

By its attorney,

HOLLAND & KNIGHT LLP

Neal J. McNamara, Esq. (#4249)
Robert J. Crohan Jr., Esq. (#6516)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

Dated: October 3, 2005

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 3, 2005 a copy of the foregoing was mailed and faxed to: Patricia E. Andrews, Esq. and Carly B. Iafrate, Esq., 170 Westminster Street, Suite 601, Providence, RI 02903.

# 3253782_v2