**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LYNORE HORN,** **Plaintiff** | ) | |
| **vs.** | ) | **C.A. No.: 04-434S** |
| **SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY,** **Defendants** | ) | |

**PLAINTIFF HORN'S MOTION TO COMPEL DEFENDANTS' FURTHER RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

Now comes the Plaintiff, Lynore Horn, in the above-entitled action and hereby moves this Honorable Court for an Order requiring Defendants, Southern Union Company and New England Gas Company, to provide further responses to Plaintiff's First Request for Production of Documents.

Plaintiff request that these further responses be provided within thirty (30) days of the date of hearing on this motion. In support thereof, Plaintiff relies on the attached memorandum of law.

Wherefore, Plaintiff respectfully requests that this motion be granted.

Plaintiff,
Lynore Horn
By her Attorneys,

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
170 Westminster St., Suite 601
Providence, RI 02903

(401) 421-0966
(401) 351-4802 (fax)

**CERTIFICATION**

I hereby certify that on the 17th day of October 2005 I mailed a copy of the within document to Neal J. McNamara, Esquire, Robert J. Crohan, Jr., Esquire, Holland & Knight LLP, One Financial Plaza, Suite 1800, Providence, Rhode Island 02903.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN, Plaintiff | ) | |
| vs. | ) | C.A. No.: 04-434S |
| SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY, Defendants | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANTS' FURTHER RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

## I. Introduction

This is a Title VII case involving the Plaintiff, Lynore Horn ("Plaintiff"), who has been employed by Defendants, Southern Union Company, New England Gas Company, and its predecessors, since 1989. While working at the gas company, Plaintiff was subjected to sexual harassment and discrimination which created a hostile work environment and altered the terms and conditions of her employment. After exhausting her administrative remedies, she filed the instant action, which was removed to this Court in 2004. In or about June 2005, Plaintiff served her First Request for Production of Documents on Defendants. In July 2005, Defendants responded with objections to nearly all of the requests. See Exhibit A.[1] Approximately one-month later, Plaintiff received partial substantive responses. See Exhibit B. Despite Plaintiff's Rule 37 efforts to discuss

[1]This Court has previously granted Plaintiff's Motion to Exceed the Page Limits in terms of supplying Exhibits A & B.

the requests with Defendants, it has still refused to respond substantively to many requests and will not agree to supplement others.

## II. Discussion.

Pursuant to Rule 26(b)(1) discovery should be allowed as long as it is relevant to the claim or defense of any party and not privileged. Fed. R. Civ. P. 26(b)(1). In Title VII cases "civil discovery rules are to be construed liberally * * * in order to provide plaintiff with 'broad access to employers' records.'" Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989). Because of the need for this type of discovery in disparate treatment and hostile work environment cases, "a district court can abuse its discretion by limiting a plaintiff's ability to show the atmosphere in which the plaintiff operated." Marchese, 2004 WL 2297465 (E.D. La. 2004) (citing Kelly v. Boeing Petroleum Servs., Inc., 61 F.3d 350, 358 (5th Cir. 1995) (ordering production of documents relating to supervisors that relate to plaintiff's complaints and any others who made complaints of discrimination and retaliation). In general, Plaintiff seeks to have the Defendants' objections stricken because it does not appear that all have been made in good faith.[2] In this case, Plaintiff's has explained to Defendants the need for the documents, yet Defendants have made blanket objections with no explanation.

Plaintiff seeks to have (1) objections stricken; (2) Defendants responses to those requests it has not responded to substantively; and (3) further responses to those that they have only partially responded to. Before turning to the individual requests, a threshold issue needs to be addressed.

Privacy of Third Parties

---

[2]Plaintiff also finds patently unfair Defendants "General Response" and "General Objections" located on pages 1-3 of Exhibit A.

Defendants have objected to many of Plaintiff's requests on the basis that they will violate the privacy rights of third parties.[3] Many courts have held that documents that contain information about third parties, like personnel records, are discoverable in Title VII cases. See Coughlin v. Lee, 946 F.2d 1152 (5th Cir. 1991) (personnel records could be central to plaintiff's efforts to prove pretext); Beach v. Olathe, 2000 WL 960808, at *3 (D.Kan. 2000) (discussing importance of personnel files of those who witnessed, failed to report, or were involved in claimed discrimination in employment discrimination cases); Ladson v. Ulltra East Parking Corp., 164 F.R.D. 376, 378 (S.D.N.Y. 1996) (ordering production of current employees' personnel files which may provide information about hiring or promotions); Graue Mill Development Corp. v. Colonial Bank & Trust Co., 1989 WL 69275 (N.D. Ill. 1989) (citing EEOC v. University of Notre Dame, 715 F.2d 331, 340 (7th Cir. 1983)); see also Marchese v. Secretary, Department of the Interior, 2004 WL 2297465 (E.D. La. 2004) (privacy act does not protect personnel records - the statute does not replace Federal Rules 26 and 45(b) with a different or higher standard).

Instead of accepting Defendants' wholesale assertions, the Court should conduct an individualized inquiry. See Marchese, at *5. For example, the Court could conduct an in camera review; see id. at *5; Walters v. Breaux, 200 F.R.D. 271, 273 (W.D. La. 2001); General Electric Corp. v. Directv, Inc., 1998 WL 343338502, at * 1 (D. Conn. 1998). After doing so, the Court could

---

[3]Defendants have also alleged many requests seek privileged information, are overly broad, unduly burdensome, vague and ambiguous. Defendants should be made to produce a privilege log, and should be made to explain in detail the basis for its other objections. For example, if Defendants allege a particular request is unduly burdensome then it has the burden to show exactly why and to what extent. See, e.g., Olathe, 2000 WL 960808, at *5. Defendants should not be permitted to rely on its multiple "vague and ambiguous" objections when there is no true ambiguity and Defendants are avoiding giving words their common sense and/or ordinary meaning.

decide to (1) exclude totally irrelevant portions of the records, if any, Compuware, 222 F.R.D. at 130 & n.7; General Electric Corp., 1998 WL 34338502 at *4 (same); (2) have the parties execute a confidentiality agreement, Weiss v. Safeway, Inc., 189 F.R.D. 442, 443-44 (D. Ore. 1999); and /or (3) redact things like social security numbers, Walters, 200 F.R.D. at 274.

Here, the Defendants have not made any specific arguments that any records sought, including but not limited to personnel records, actually contain highly personal or sensitive information that requires any special protection. For example, even where Plaintiff has merely requested the identities of certain employees (like those similarly-situated to Plaintiff), Defendants have refused to provide this information. See, e.g., Miller v. Federal Express Corp., 186 F.R.D. 376, 384-86 (W.D. Tenn. 1999) (finding identity of those with same supervisor relevant to claims and evidence about pay and promotions relevant to damages); see also Compuware Corp., 222 F.R.D. at 129 (allowing discovery of identities of several categories of employees, for example, because those persons would likely have information about improper influence, an issue in the case). In addition, Defendants are likely rely on these types of records (which contain information about specific employees) when relying on investigations conducted or actions taken to support their affirmative defense. If Defendants intend to rely on this type of information, then it cannot be withheld.

Individual Requests

Plaintiff requests that Defendants be required to respond substantively to the following requests. **Request 6** asks for any and all documents which Defendants claim call into question the validity or merit of Plaintiff's allegations. Defendants have refused to respond.

**Request 15** asks for affirmative action plans during the time that Plaintiff worked for

Defendants. These are relevant, among other things, to Plaintiff's ability to dismantle Defendants' affirmative defense.

**Request 18** asks for documents relating to complaints of disparate treatment or harassment made by other females who held the same positions as Plaintiff. Defendants have refused to respond.

**Request 22** asks for documents showing the identity of persons who worked in the same positions as Plaintiff. Defendants have refused to respond.

**Request 23** asks for personnel files of six supervisors/employees who Plaintiff has alleged harassed her or subjected her to disparate treatment. Defendants' have objected and refused to respond substantively. Defendants have agreed to provide documents reflecting discipline. However, Plaintiff seeks not only all disciplinary records, but records which would reveal (for co-workers) salary and benefits information (relevant to discrimination claim and damages), documents which would reveal knowledge of sexual harassment policy and/or training, any documents relating to existence of, or investigation of, Plaintiff's complaints.

**Request 32** asks for verbal or oral warnings that one of Plaintiff's supervisors issued to other employees. This would help Plaintiff establish disparate treatment. Defendants have refused to respond.

**Request 34** asks for documents showing complaints or grievances about being passed over for overtime. This relates to Plaintiff's disparate treatment claim. Defendants refuse to respond.

**Requests 37-39** These requests relate to the bumping process (the process by which some employees moved from certain positions to other positions). Plaintiff contends that women were treated differently than men in the bumping process. Defendants have refused to provide information about the persons who were allowed to bump into drafting jobs, persons who were allowed to bump

without the necessary qualifications for the job, and employees who had to take courses or get licenses prior to being allowed to bump into a job.

**Requests 41& 42** also relate to the bumping process. Defendants will not provide documents showing who was allowed to bump into customer service and other relevant positions.

**Request 45** asks for the identity of persons who worked in the same departments as Plaintiff. Defendants have refused to respond.

The Defendants have provided some response to the following requests, but Plaintiff now seeks that a supplement be made.

**Requests 1 and 4** asks for documents relating to Plaintiff's employment and/or communications which relate to her. Defendants have lodged multiple objections so Plaintiff cannot tell if a full response has been made. Plaintiff cannot understand what documents relating to her employment would properly be withheld.

**Request 5** seeks documents evidencing communications between Plaintiff and Defendants. Defendants have responded that they are withholding notes made by a gas company employee taken during a meeting with Plaintiff. Plaintiff suspects that there are more documents which may be withheld by Defendants, but without a privilege log it is impossible to tell. With respect to Ms. Soehnge's notes, Plaintiff's position is that to the extent that these are part of an investigation that Defendants will be relying on as part of its affirmative defense, then they must be produced. **Request 9** asks for documents relating to investigations and they have not been provided. For the same reasons, they should be produced.

**Request 8** asks for harassment and anti-discrimination policies. Plaintiff cannot tell from the objections if any documents are being withheld. Further, Defendants have said they have

provided documents numbered 678-835, but actually documents were only provided up to No. 810.

**Request 19** asks for documents between Plaintiff and any union person in Defendants possession. Defendants have lodged a series of objections so Plaintiff is unsure if there are any other documents.

**III. Conclusion.**

For the foregoing reasons, Plaintiff respectfully requests that the Court order Defendants to respond to Plaintiff's Requests for Documents and/or provide Further Responses, as detailed above, within thirty (30) days of the date of any hearing on this motion.

Plaintiff,
Lynore Horn,
By her Attorneys,

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
170 Westminster St., Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax)

**CERTIFICATION**

I hereby certify that on the 17th day of October 2005 I mailed a copy of the within document to Neal J. McNamara, Esquire, Robert J. Crohan, Jr., Esquire, Holland & Knight LLP, One Financial Plaza, Suite 1800, Providence, Rhode Island 02903.