# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LYNORE I. HORN,

Plaintiff,

v. C.A. No. 04-434-S

SOUTHERN UNION COMPANY, et al,

Defendants.

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule 13, Defendants Southern Union Company and New England Gas Company serves their objections to Plaintiff's First Request For Production of Documents.

GENERAL RESPONSE

Defendants submits these answers subject to, without waiver of, and expressly preserving the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein. Defendants also submit these answers without waiver of, and expressly preserving: (a) any objections to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any of the documents, if any, identified in any of the responses hereto; (b) the right to object to other discovery procedures relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or supplemental interrogatories plaintiff may at any time propound, involving or relating to the subject matter of the First Set of Interrogatories. Defendants hereby expressly preserve all of their rights, remedies and recourse against plaintiff with respect to discovery and otherwise. Inadvertent production, revelation or

identification of privileged information by Defendants is not a waiver of any applicable privilege.

Additionally, Defendants have not completed their investigation of the facts and documents relating to this action. Consequently, Defendants respond to each Interrogatory to the best of their present existing knowledge. Defendants reserve their rights to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response. Moreover, the responses contained herein are not intended to and shall not preclude Defendants from making any contentions or relying upon any facts or documents, if any, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

GENERAL OBJECTIONS

1. Defendants object to all "definitions" and "instructions" to the extent that any portion thereof exceeds the requirements of Rule 33 of the Federal Rules of Civil Procedure.

2. Defendants object to each Interrogatory in the First Set of Interrogatories to the extent that it requests information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege, and Defendants will not produce such information. To the extent any information is inadvertently produced, such production is not intended as any waiver of the attorney-client privilege or any applicable privilege.

3. Defendants object to each Interrogatory in the First Set of Interrogatories to the extent that it requests the identification of documents, if any, which attempt or purport to require disclosure to Plaintiff of privileged, confidential, proprietary, and/or trade secret information.

4. Defendants object to each Interrogatory in the First Set of Interrogatories to the extent that it requests information regarding third parties that is protected from disclosure by, *inter alia*, such third parties' rights of privacy.

5. Defendants object to each Interrogatory in the First Set of Interrogatories to the extent that it is drafted as an improper "trap" question which may attempt to elicit an admission from Defendants by mere fact of its response. Defendants do not intend by responding herein to include an inadvertent admission of any information included in the Interrogatories.

6. Nothing herein shall be construed as an admission respecting the admissibility, truth authenticity, accuracy or relevance of any information and/or documents, if any.

## OBJECTIONS TO DOCUMENT REQUESTS

REQUEST NO. 1: All documents which relate to plaintiff's employment. Your answer should include, but not necessarily be limited to, plaintiff's personnel file, any documents reflecting communications to, from or about plaintiff, any documents relating to plaintiff's job performance, any documents to any alleged misconduct on the part of plaintiff, any grievances filed by plaintiff, any document which relate to problems plaintiff was having on the job, any records pertaining to her duties, any records relating to any formal or informal complaints by plaintiff, any investigation relating to plaintiff, any interviews of employees which relate to plaintiff, and any documents signed by plaintiff which reflect that she received, or knew about, any of your policies including any sexual harassment policies.

OBJECTION: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. covered by the attorney client and work product privileges.

REQUEST NO. 2: If applicable, any and all documents relating to any charge of discrimination filed by plaintiff with the Rhode Island Commission for Human Rights and/or the Equal Employment Opportunity Commission including, but not limited to, all communications to or from either agency, any documents sent to the Rhode Island Commission for Human Rights and/or the Equal Employment Opportunity Commission, and/or any handwritten notes taken during any meetings or hearings.

OBJECTION: Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 4: Any and all documents which reflect, and/or relate to, any oral or written communications between any current or former agent, employee and/or representative of defendant(s) and any other current or former agent, employee and/or representative of defendant(s) which relate to this lawsuit.

OBJECTION: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 5: Any and all documents which reflect, and/or relate to, any oral or written communications between plaintiff (and/or any of her agents, family members, representatives and/or health providers) and any current or former agent, employee and/or representative of defendant(s) which relate to plaintiff's allegations of harassment, this lawsuit, her charges filed with Rhode Island Commission for Human Rights, and/or defendant(s)' answer to this lawsuit including any defenses.

OBJECTION: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 6: Any and all documents which you claim call into question (or may call into question) the validity, sincerity and/or merit of any of plaintiff's allegations in this lawsuit and/or any allegations by plaintiff that she has been discriminated against, sexually harassed, and/or treated adversely or unfairly by her co-workers and supervisors.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 7: Any and all documents in the possession of any current or former supervisor(s) of plaintiff which relate to plaintiff.

OBJECTION: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

<u>REQUEST NO. 8:</u> During the time that plaintiff was employed by defendant(s), any and all documents which relate to any efforts by defendant(s) to prevent, alleviate, address, and/or correct employment discrimination and/or harassment in the workplace including, but not limited to, any policies, any documents relating to any training, any documents relating to affirmative action, and/or any documents which reflect, and/or relate to, any action which defendant(s) took in response to any formal or informal complaints of harassment and/or discrimination made by any current or former employees including plaintiff.

<u>OBJECTION</u>: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, constitutes an invasion of the privacy of third parties, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

<u>REQUEST NO. 9:</u> Any documents relating to any formal or informal investigation conducted by defendant(s) regarding, or in response to, any claims by plaintiff that she was harassed, discriminated against, treated unfairly compared to other employees, had problems with male employees and/or was treated differently than other employees.

<u>OBJECTION</u>: Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

<u>REQUEST NO. 10:</u> Any and all documents which relate to, or support, any affirmative defenses asserted by defendant(s) in their Answer to the Complaint.

<u>OBJECTION</u>: Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

<u>REQUEST NO. 12:</u> All reports or other documents prepared by any expert you expect to call as an expert witness at trial.

<u>OBJECTION</u>: Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

<u>REQUEST NO. 13:</u> All documents which were used, referred to, considered and/or relied upon by defendant(s) in preparing the Answer to plaintiff's Complaint.

<u>OBJECTION:</u> Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 14: Any and all documents which were used, referred to, considered and/or relied upon by defendants in preparing their answers to plaintiff's first set of interrogatories.

OBJECTION: Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 15: During the time that plaintiff has been employed by defendant(s), any and all Affirmative Action Plans which relate to defendants.

OBJECTION: Defendants object to this Request as overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks production of documents and/or information protected from disclosure by the self-critical analysis privilege.

REQUEST NO. 17: Any and all documents which are, or were, in possession of any person working in Human Resources including, but not limited to, Bud Butler and any person whose first name is Deanna which relate to plaintiff.

OBJECTION: Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 18: During the time that plaintiff was employed by defendant and up until the present time, any and all documents which reflect, or relate to, any formal or informal complaints, statements, grievances, charges, and/or allegations by female employees (working in Facilities Maintenance, Meter Reading, Customer Service, Construction & Maintenance, Leak Survey, female employees who performed the same duties, or held the same positions, as plaintiff, and/or who were supervised by the same person or persons as plaintiff) about gender discrimination and/or harassment, the manner in which they were being treated by males, managers and/or supervisors, and/or unfair and/or differential treatment by employees, supervisors, administrators, and/or managers.

OBJECTION: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 19: Any and all documents between defendant and any person representing, affiliated with and/or working for a union which relates to plaintiff and/or sexual harassment or discrimination.

OBJECTION: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 21: This request relates to the position paper submitted to the Rhode Island Commission for Human Rights which is dated February 2, 2001. Any and all documents which were used, consulted, referred to, and/or relied upon in preparing the position paper.

OBJECTION: Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

REQUEST NO. 22: During the period 1989 to the present time, identify (by name, current and/or former business and home address, dates of employment, telephone number, gender, positions held and when, rate of pay or salary for each position held) all persons who have worked in any cleaning or maintenance position, worked in Facilities Maintenance, Meter Reading, Leak Survey, Customer Service and/or Construction & Maintenance, and/or worked in security or as a watch person.

OBJECTION: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 23: The personnel files for: Phil SanSouci, Mike Rose, Paul Cardin, and Al Dione, Gary Sunday, and Cliff Richards.

OBJECTION: Defendants object to this Request on the grounds that it is overbroad, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 26: Any and all documents which reflect that employees, supervisors and/or managers working in, or being assigned to, Facilities Maintenance, Leak Survey, Meter Reading, Customer Service, Construction & Maintenance and/or employees working in the garage at Dexter Street were aware of defendants' sexual harassment policy including what was prohibited conduct, the complaint procedure, and what was prohibited by defendants' sexual harassment policies.

OBJECTION: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.

REQUEST NO. 27: For each year during which the plaintiff has worked, any and all documents which reflect the location where plaintiff was working and the hours she worked.

OBJECTION: Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.

REQUEST NO. 30: During the time that plaintiff worked for defendants, any and all documents relating to whether or not employees could or should receive overtime for attending school, taking work related courses, and/or obtaining work-related licenses.

OBJECTION: Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

REQUEST NO. 31: During the time that plaintiff worked for defendants, any and all documents relating to whether or not employees could leave work early or come to work late in order to attend school, take work-related courses and/or obtain work-related licenses.

OBJECTION: Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

REQUEST NO. 32: During the time that Gary Sunday has worked for defendants, any and all verbal or oral warnings that he has issued to employees.

OBJECTION: Defendants object to this Request on the grounds that it is overbroad, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 34: During the time that plaintiff worked for defendants, any and all documents relating to employees claiming that they had been passed over for overtime including, but not limited to, any grievances.

OBJECTION: Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.

REQUEST NO. 35: During the period 2000 to the present time, any and all documents reflecting communications to employees and/or their union about the bumping process or employees bumping into jobs.

OBJECTION: Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.

REQUEST NO. 37: During the period 1999 to the present time, any and all documents which identify (by name, gender, current or former home and business address, telephone number, qualifications and experience) all persons who:

(a) Applied for a job in drafting;
(b) Began working in drafting;
(c) Bumped into a job in drafting;
(d) Was allowed to try out a job in drafting.

OBJECTION: Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 38: During the period 2000 to the present time, any and all documents which relate to employees being allowed to bump into, or try, a position even though he or she did not have all of the requisite skills, tests, qualifications and/or experience for the job to which they bumped.

OBJECTION: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 39: During the period 2000 to the present time, any and all documents which relate to employees taking courses, obtaining licenses and/or taking tests before being allowed to bump into, or try, a position.

OBJECTION: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 40: During the period 2000 to present, any and all documents which reflect that employees had to have all of the requisite skills, tests, experience and qualifications for a job before being allowed to bump into it or even to try it.

OBJECTION: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 41: During the period 1999 to the present time, any and all documents which identify (by name, gender, current or former home and business address, telephone number, qualifications, skills and experience) all persons who:

(a) Applied for a job in customer service;
(b) Began working in customer service;
(c) Bumped into a job in customer service;
(d) Tried out a job in customer service.

OBJECTION: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 42: During the period 2000 to the present time, any and all documents which reflect the identity of all persons (by name, current or former home and business address, telephone number, and gender) who bumped into, or were allowed to try out, a position. Your response should be limited to persons bumping from or into jobs in Facilities Maintenance, Meter Reading, boiler-maker jobs, Customer Service, Security, Construction & Maintenance, and Leak Survey.

OBJECTION: Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 43: During the time that plaintiff has worked for defendants, produce all job descriptions which require employees to go through, or have experience in, Construction & Maintenance.

OBJECTION: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

REQUEST NO. 45: During the period 2000 to the present time, any and all documents which identify (by name, current or former home and business address, telephone number, qualifications and experience, dates of applications, positions held and when, and gender) each person who has applied for, or worked in, Facilities Maintenance, Meter Reading, Customer Service, Construction & Maintenance, Leak Survey and Meter Reading.

OBJECTION: Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 47: As of time plaintiff began working in Leak Survey, any and all documents which include the number, and description of, the vehicles and trucks which are used by employees in Leak Survey. Your response should include, but not limited to, what the vehicles and trucks are equipped with.

OBJECTION: Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

REQUEST NO. 48: Any and all documents which reflect the current and/or former home and business address and telephone number for: all managers Ed Bolduc, Bob Ringman, Gary Sunday, Dave Lauble, Cliff Richards, Bill Peck, Ray Conroy, Bud Butler, Leslie Wortman, Frank Devlin and Frank Lisi.

OBJECTION: Defendants object to this Request on the grounds that it constitutes an invasion of the privacy of third parties.

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY,
By their attorneys,

HOLLAND & KNIGHT LLP

Neal J. McNamara #4249
Robert J. Crohan Jr. #6516
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of July, 2005 a copy of the foregoing was mailed to: Patricia E. Andrews, Esq. and Carly B. Iafrate, Esq., 170 Westminster Street, Providence, RI 02903.

# 3048672_v1