# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LYNORE I. HORN,

Plaintiff,

v.

SOUTHERN UNION COMPANY, et al,

Defendants.

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants, Southern Union Company and New England Gas Company hereby respond to the Plaintiff's Request for Production of Documents as follows:

REQUEST NO. 1 All documents which relate to plaintiff's employment. Your answer should include, but not necessarily be limited to, plaintiff's personnel file, any documents reflecting communications to, from or about plaintiff, any documents relating to plaintiff's job performance, any documents to any alleged misconduct on the part of plaintiff, any grievances filed by plaintiff, any document which relate to problems plaintiff was having on the job, any records pertaining to her duties, any records relating to any formal or informal complaints by plaintiff, any investigation relating to plaintiff, any interviews of employees which relate to plaintiff, and any documents signed by plaintiff which reflect that she received, or knew about, any of your policies including any sexual harassment policies.

OBJECTION AND RESPONSE: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, is not calculated to lead to the discovery of admissible evidence, and seeks documents covered by the attorney client and work product privileges. Subject to and without waiver of the foregoing objections, Defendants have previously produced or are producing herewith, all employment records that they have been able to locate. The documents covered by the privileges are notes prepared by D'Anna Soehnge

regarding her meeting with plaintiff in July 2004 pursuant to the instruction of Attorney Neal McNamara (Work product privilege) and Attorney McNamara's notes of his interviews with employees and former employees regarding plaintiff's allegations.

<u>REQUEST NO. 2</u> If applicable, any and all documents relating to any charge of discrimination filed by plaintiff with the Rhode Island Commission for Human Rights and/or the Equal Employment Opportunity Commission including, but not limited to, all communications to or from either agency, any documents sent to the Rhode Island Commission for Human Rights and/or the Equal Employment Opportunity Commission, and/or any handwritten notes taken during any meetings or hearings.

<u>OBJECTION AND RESPONSE:</u> Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, see documents produced herewith, bates nos. 743-761.

<u>REQUEST NO. 3</u> Any and all documents which relate to plaintiff's receipt of temporary disability insurance benefits ("TDI").

<u>RESPONSE</u>: All documents responsive to this request have previously been produced.

<u>REQUEST NO. 4</u> Any and all documents which reflect, and/or relate to, any oral or written communications between any current or former agent, employee and/or representative of defendant(s) and any other current or former agent, employee and/or representative of defendant(s) which relate to this lawsuit.

<u>OBJECTION AND RESPONSE:</u> Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, all non-protected documents responsive to this request have previously been produced.

REQUEST NO. 5 Any and all documents which reflect, and/or relate to, any oral or written communications between plaintiff (and/or any of her agents, family members, representatives and/or health providers) and any current or former agent, employee and/or representative of defendant(s) which relate to plaintiff's allegations of harassment, this lawsuit, her charges filed with Rhode Island Commission for Human Rights, and/or defendant(s)' answer to this lawsuit including any defenses.

OBJECTION AND RESPONSE: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. All non-protected documents have previously been produced. Defendants have not produced notes prepared by D'Anna Soehnge regarding her meeting with plaintiff in July 2004 pursuant to the instruction of Attorney Neal McNamara. These notes are protected from disclosure by the work product doctrine and attorney-client privilege.

REQUEST NO. 7 Any and all documents in the possession of any current or former supervisor(s) of plaintiff which relate to plaintiff.

OBJECTION AND RESPONSE: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, none.

REQUEST NO. 8 During the time that plaintiff was employed by defendant(s), any and all documents which relate to any efforts by defendant(s) to prevent, alleviate, address, and/or correct employment discrimination and/or harassment in the workplace including, but not limited to, any policies, any documents relating to any training, any documents relating to affirmative action, and/or any documents which reflect, and/or relate to, any action which defendant(s) took in response to any formal or informal complaints of harassment and/or discrimination made by any current or former employees including plaintiff.

OBJECTION AND RESPONSE: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, constitutes an invasion of the privacy of third parties, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, see documents being produced herewith, bates nos. 678-835.

REQUEST NO. 9 Any documents relating to any formal or informal investigation conducted by defendant(s) regarding, or in response to, any claims by plaintiff that she was harassed, discriminated against, treated unfairly compared to other employees, had problems with male employees and/or was treated differently than other employees.

OBJECTION AND RESPONSE: Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, all documents responsive to this request have previously been produced.

REQUEST NO. 10 Any and all documents which relate to, or support, any affirmative defenses asserted by defendant(s) in their Answer to the Complaint.

OBJECTION AND RESPONSE: Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, Defendants relied upon documents contained in plaintiff's personnel file, its policies, the Collective Bargaining Agreements, and other documents that have previously been produced.

REQUEST NO. 12 All reports or other documents prepared by any expert you expect to call as an expert witness at trial.

OBJECTION AND RESPONSE: Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, none.

REQUEST NO. 13 All documents which were used, referred to, considered and/or relied upon by defendant(s) in preparing the Answer to plaintiff's Complaint.

OBJECTION AND RESPONSE: Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, Defendants relied upon documents contained in plaintiff's personnel file, its policies, the Collective Bargaining Agreements, and other documents that have previously been produced.

REQUEST NO. 14 Any and all documents which were used, referred to, considered and/or relied upon by defendants in preparing their answers to plaintiff's first set of interrogatories.

OBJECTION AND RESPONSE: Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, Defendants relied upon documents contained in plaintiff's personnel file, its policies, the Collective Bargaining Agreements, and other documents that have previously been produced.

REQUEST NO. 16 During the time that plaintiff has been employed by defendant(s), all collective bargaining agreements or union contracts which applied to her.

RESPONSE: All documents responsive to this request have previously been produced.

REQUEST NO. 17 Any and all documents which are, or were, in possession of any person working in Human Resources including, but not limited to, Bud Butler and any person whose first name is Deanna which relate to plaintiff.

OBJECTION AND RESPONSE: Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. All non-protected documents have previously been produced. Defendants have not produced notes prepared by D'Anna Soehnge regarding her meeting with plaintiff in July 2004 pursuant to the instruction of Attorney Neal McNamara. These notes are protected from disclosure by the work product doctrine and attorney-client privilege.

REQUEST NO. 19 Any and all documents between defendant and any person representing, affiliated with and/or working for a union which relates to plaintiff and/or sexual harassment or discrimination.

OBJECTION AND RESPONSE: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties. Subject to and without waiver of the foregoing objections, in addition to any responsive documents previously produced, see documents being produced herewith, bates nos. 716, 717.

REQUEST NO. 20 Any and all documents between defendant and any state agency relating to plaintiff's receipt of temporary disability insurance ("TDI") benefits.

RESPONSE: All documents responsive to this request have previously been produced.

REQUEST NO. 21 This request relates to the position paper submitted to the Rhode Island Commission for Human Rights which is dated February 2, 2001. Any and all documents which were used, consulted, referred to, and/or relied upon in preparing the position paper.

RESPONSE: All documents responsive to this request have previously been produced.

REQUEST NO. 24 Any and all documents which relate to an incident involving plaintiff and a gun which took place at work.

RESPONSE: None.

REQUEST NO. 25 Any and all documents relating to any policy about employees being in possession of guns on the job or in the workplace.

RESPONSE: See document being produced herewith, bates no. 763

REQUEST NO. 27 For each year during which the plaintiff has worked, any and all documents which reflect the location where plaintiff was working and the hours she worked.

OBJECTION AND RESPONSE: Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, all documents responsive to this request have previously been produced.

REQUEST NO. 28 During the time that plaintiff has worked for defendants, any depictions or photographs of any locker rooms, bathrooms, shower rooms, and/or break rooms which were designated for use, or could be used, by male employees working in Facilities Maintenance, Meter Reading, Leak Survey, Customer Service, and Construction & Maintenance.

RESPONSE: Defendants have no documents responsive to this request other than copies of the photographs taken by the RICHR investigator in connection with the Petrarca and Stamp administrative complaints.

REQUEST NO. 29 During the time that plaintiff has worked for defendants, any depictions or photographs of any locker rooms, bathrooms, shower rooms, and/or break rooms which were designated for use, or could be used, by female employees working in Facilities Maintenance, Meter Reading, Leak Survey, Customer Service, and Construction & Maintenance.

RESPONSE: Defendants have no documents responsive to this request other than copies of the photographs taken by the RICHR investigator in connection with the Petrarca and Stamp administrative complaints.

REQUEST NO. 30 During the time that plaintiff worked for defendants, any and all documents relating to whether or not employees could or should receive overtime for attending school, taking work related courses, and/or obtaining work-related licenses.

OBJECTION AND RESPONSE: Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, see the Collective Bargaining Agreements previously produced by Defendants.

REQUEST NO. 31: During the time that plaintiff worked for defendants, any and all documents relating to whether or not employees could leave work early or come to work late in order to attend school, take work-related courses and/or obtain work-related licenses.

OBJECTION AND RESPONSE: Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, see the Collective Bargaining Agreements previously produced by Defendants.

REQUEST NO. 33 During the time that plaintiff has worked for defendants, any and all formal or informal policies relating to overtime including, but not limited to, how overtime is to be distributed.

RESPONSE: See the Collective Bargaining Agreements previously produced by Defendants.

REQUEST NO. 35 During the period 2000 to the present time, any and all documents reflecting communications to employees and/or their union about the bumping process or employees bumping into jobs.

OBJECTION AND RESPONSE: Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, see the Collective Bargaining Agreement previously produced by Defendants and documents previously produced by Defendants, bates nos. 62, 63.

REQUEST NO. 36 During the period 2000 to the present time, any and all documents which set forth the circumstances under which an employee could bump into another person's job.

RESPONSE: See the Collective Bargaining Agreement previously produced by Defendants and documents previously produced by Defendants, bates nos. 62, 63.

REQUEST NO. 40 During the period 2000 to present, any and all documents which reflect that employees had to have all of the requisite skills, tests, experience and qualifications for a job before being allowed to bump into it or even to try it.

OBJECTION AND RESPONSE: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties. Subject to and

without waiver of the foregoing objections, see the Collective Bargaining Agreement previously produced by Defendants and documents previously produced by Defendants, bates nos. 62, 63.

REQUEST NO. 43 During the time that plaintiff has worked for defendants, produce all job descriptions which require employees to go through, or have experience in, Construction & Maintenance.

OBJECTION AND RESPONSE: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, Defendants have no documents responsive to this request as drafted. Job descriptions set forth the skills and/or experience necessary to perform the position. No job descriptions require the applicant to have worked in the Construction & Maintenance department.

REQUEST NO. 44 Any and all documents which reflect the circumstances under which an employee could be removed from a position he or she bumped into. Your response should include, but not limited to, how long an employee had to demonstrate that he or she could do the job.

RESPONSE: See the Collective Bargaining Agreements previously produced by Defendants and documents previously produced, bates nos. 62, 63.

REQUEST NO. 46 Any and all documents which reflect that Jim Dawly and John Langsford went through Construction & Maintenance.

RESPONSE: See document being produced herewith, bates no. 764 with respect to Langsford. Defendants have no responsive documents with respect to Dawly.

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY

By their attorneys,

HOLLAND & KNIGHT LLP

Neal J. McNamara, Esq. (#4249)
Robert J. Crohan Jr., Esq. (#6516)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of August, 2005 a copy of the foregoing was mailed to:

Patricia E. Andrews, Esq.
Carly B. Iafrate, Esq.
170 Westminster Street, Suite 601
Providence, RI 02903

# 3002657_v1