**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LYNORE HORN,** <br> **Plaintiff** <br><br> **vs.** <br><br> **SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY,** <br><br> **Defendants** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **C.A. No.: 04-434S** |

**PLAINTIFF HORN'S MOTION TO COMPEL DEFENDANTS' FURTHER ANSWERS TO PLAINTIFF'S INTERROGATORIES**

Now comes the Plaintiff, Lynore Horn, in the above-entitled action and hereby moves this Honorable Court for an Order requiring Defendants, Southern Union Company and New England Gas Company, to provide further responses to Plaintiff's First Set of Interrogatories to Defendants.

Plaintiff request that these further responses be provided within thirty (30) days of the date of hearing on this motion. In support thereof, Plaintiff relies on the attached memorandum of law.

Wherefore, Plaintiff respectfully requests that this motion be granted.

Plaintiff,
Lynore Horn,
By her Attorneys,

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
170 Westminster St., Suite 601
Providence, RI 02903

(401) 421-0966
(401) 351-4802 (fax)

**CERTIFICATION**

I hereby certify that on the 17th day of October 2005 I mailed a copy of the within document to Neal J. McNamara, Esquire, Robert J. Crohan, Jr., Esquire, Holland & Knight LLP, One Financial Plaza, Suite 1800, Providence, Rhode Island 02903.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LYNORE I. HORN,** **Plaintiff** | ) | |
| **vs.** | ) | **C.A. No.: 04-434S** |
| **SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY,** **Defendants** | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANTS' FURTHER ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

## I. Introduction

This is a Title VII case involving the Plaintiff, Lynore Horn ("Plaintiff"), who has been employed by Defendants, Southern Union Company, New England Gas Company, and its predecessors, since 1989. During the time that Plaintiff has been employed by Defendants, she was subjected to severe and pervasive sexual harassment which created a hostile work environment and discrimination based upon her sex. In 2004, Plaintiff filed the instant action in state court, which was subsequently removed to this Court. In or about June 2005, Plaintiff served her First Set of Interrogatories on Defendants. In July 2005, Defendants responded with objections to nearly all of the Interrogatories See Exhibit A.[1] Approximately one-month later, Plaintiff's received partial substantive responses. See Exhibit B. Despite Plaintiff's Rule 37 efforts to discuss the

[1]This Court has previously granted Plaintiff's Motion to Exceed the Page Limits in terms of supplying Exhibits A & B.

interrogatories with Defendants, it has still refused to respond substantively to some and will not agree to supplement others.

**II. Discussion.**

Pursuant to Rule 26(b)(1) discovery should be allowed as long as it is relevant to the claim or defense of any party and not privileged. Fed. R. Civ. P. 26(b)(1). In Title VII cases "civil discovery rules are to be construed liberally * * * in order to provide plaintiff with 'broad access to employers' records.'" Wards Cove Packing Co. v. Atonio, 490 U.S. 642 (1989). Because of the need for this type of discovery in disparate treatment and hostile work environment cases, "a district court can abuse its discretion by limiting a plaintiff's ability to show the atmosphere in which the plaintiff operated." Marchese, 2004 WL 2297465 (E.D. La. 2004) (citing Kelly v. Boeing Petroleum Servs., Inc., 61 F.3d 350, 358 (5th Cir. 1995). As shown by the specific interrogatories below, Defendants have outright refused to answer many interrogatories, without justification, that are clearly relevant and common place in Title VII litigation.

Plaintiff seeks to have (1) objections stricken; (2) Defendants answers to those interrogatories it has not responded to substantively; and (3) further answers to those that they have only partially responded to.[2]

---

[2]For purposes of economy, Plaintiff incorporates the discussion of third-party discovery set forth in her Memorandum in Support of Plaintiff's Motion to Compel Defendants' Further Responses to Plaintiff's Request for Production of Documents (filed contemporaneously herewith) and Memorandum in Support of Objection to Defendants' Protective Order (regarding evidence of complaints made by other women).

Defendants have also alleged many interrogatories seek privileged information, are overly broad, unduly burdensome, vague and ambiguous. Defendants should be made to produce a privilege log. Defendants should also be made to explain in detail the basis for its other objections. For example, if Defendants allege a particular request is unduly burdensome then it has the burden to show exactly why and to what extent. Defendants should not be permitted to

Individual Interrogatories

Plaintiff requests that Defendants be required to provide substantive answers to the following interrogatories. **Interrogatory 1** asks for the identity of employees who have worked in the same departments as Plaintiff. This information is critical for Plaintiff in order to discover evidence about similarly-situated employees. Defendants have refused to respond.

**Interrogatory 2** asks for information about employees whose probationary periods were extended. Again, this interrogatory is aimed at discovering information about similarly-situated employees for purposes of comparison and proving disparate treatment. Defendants have refused to respond.

**Interrogatory 4** asks about inappropriate and offensive conduct engage in by male employees. Defendants have refused to respond. Again, this information is highly relevant in a sexual harassment hostile work environment claim.

**Interrogatory 6** asks for information about whether male employees have complained about the conduct of certain named employees. Obviously, this inquiry is aimed at disproving Defendants claim that certain people treated all workers the same way (that there was no disparate treatment based on sex). Defendants have refused to respond.

**Interrogatory 7** asks or the same type of information about whether male employees complained about the conduct or treatment of Ed Bolduc. Defendants have refused to respond.

**Interrogatory 8** asks if Defendants assert that Plaintiff has done anything that calls into

---

rely on its multiple "vague and ambiguous" objections when there is no true ambiguity and Defendants are avoiding giving words their common sense and/or ordinary meaning.

Plaintiff also requests that Defendants' "General Response" and "General Objections" set forth on pages 1-3 of Exhibit A be reviewed as they are patently unfair.

question the validity or merit of her claims. Defendants have refused to respond.

**Interrogatory 9** asks if Defendants contend that Plaintiff engage in any inappropriate or offensive conduct. Again, this inquiry is relevant to ascertaining and potentially disproving Defendants' defenses. If Plaintiff has done nothing responsive, then Defendants must answer.

**Interrogatory 10** asks information about whether Defendants heard that Plaintiff or other females had problems with certain employees. Defendants have refused to respond.

**Interrogatory 11** asks for complaints made by other females. Defendants have refused to respond.

**Interrogatory 13** asks if Plaintiff ever spoke to Defendants about the manner in which she was being treated on the job. Defendants have refused to answer.

**Interrogatory 16** asks for communications which relate to Plaintiff. Defendants have refused to answer.

**Interrogatory 17** asks whether Defendants have been prejudiced by anything that Plaintiff failed to do. This is aimed at Defendants affirmative defense. Defendants have refused to respond.

**Interrogatory 18** asks if Defendants ever disciplined employees for offensive or inappropriate language. This helps establish Plaintiff's hostile work environment claim. Defendants have refused to respond.

**Interrogatory 23** asks for information about whether employees were allowed to bump into positions if they lacked certain qualifications. Part of Plaintiff's claim is that she was not allowed to perform certain jobs and/or treated differently than similarly-situated males in terms of moving from certain positions to others. Defendants have refused to answer.

**Interrogatory 24** asks for information about other people who worked in Construction &

Maintenance. This is one of the jobs that Plaintiff performed. Defendants have refused to respond.

**Interrogatory 25** asks for persons who actually were allowed to bump into certain jobs. Again, Defendants have refused to answer.

Defendants have partially answered the following interrogatories. Plaintiff seeks the following more compete answers.

**Interrogatory 3** asks about magazines, pictures or posters depicting naked or partially clad women in the workplace. Defendants have provided a partial answer but have not shown if they asked anyone other than Henry Butler and if there are any other occasions other than the one mentioned. The answer also lacks detail about when these items were seen, what they were, where they were, who was instructed to remove them, and if they were actually removed.

**Interrogatory 5** asks about a incident involving the Plaintiff having a gun held to head. Defendants have partially answered but not provided any information about why the rumor could not be substantiated or the substance of any conversations noted.

**Interrogatory 14** asks about person with knowledge of the basis of Plaintiff's complaint. Defendants have provided twenty names and absolutely no substance.

**Interrogatory 20** asks about sexual harassment policies. Defendants have not identified the policies that existed.

**<u>III. Conclusion.</u>**

For the foregoing reasons, Plaintiff respectfully requests that the Court order Defendants to answer Plaintiff's Interrogatories and/or provide Further Answers, as detailed above, within thirty (30) days of the date of any hearing on this motion.

Plaintiff,
Lynore Horn,

By her Attorneys,

Patricia E. Andrews, #4321
Carly Beauvais Iafrate, #6343
170 Westminster St., Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (fax)

**CERTIFICATION**

I hereby certify that on the 17th day of October 2005 I mailed a copy of the within document to Neal J. McNamara, Esquire, Robert J. Crohan, Jr., Esquire, Holland & Knight LLP, One Financial Plaza, Suite 1800, Providence, Rhode Island 02903.