**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LYNORE I. HORN,

Plaintiff,

v. C.A. No. 04-434-S

SOUTHERN UNION COMPANY, et al,

Defendants.

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 13, Defendants Southern Union Company and New England Gas Company serves their objections to Plaintiff's First Set of Interrogatories to Defendants.

GENERAL RESPONSE

Defendants submits these answers subject to, without waiver of, and expressly preserving the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein. Defendants also submit these answers without waiver of, and expressly preserving: (a) any objections to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any of the documents, if any, identified in any of the responses hereto; (b) the right to object to other discovery procedures relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or supplemental interrogatories plaintiff may at any time propound, involving or relating to the subject matter of the First Set of Interrogatories. Defendants hereby expressly preserve all of their rights, remedies and recourse against plaintiff with respect to discovery and otherwise. Inadvertent production, revelation or

identification of privileged information by Defendants is not a waiver of any applicable privilege.

Additionally, Defendants have not completed their investigation of the facts and documents relating to this action. Consequently, Defendants respond to each Interrogatory to the best of their present existing knowledge. Defendants reserve their rights to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response. Moreover, the responses contained herein are not intended to and shall not preclude Defendants from making any contentions or relying upon any facts or documents, if any, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

## GENERAL OBJECTIONS

1. Defendants object to all "definitions" and "instructions" to the extent that any portion thereof exceeds the requirements of Rule 33 of the Federal Rules of Civil Procedure.

2.. Defendants object to each Interrogatory in the First Set of Interrogatories to the extent that it requests information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege, and Defendants will not produce such information. To the extent any information is inadvertently produced, such production is not intended as any waiver of the attorney-client privilege or any applicable privilege.

3. Defendants object to each Interrogatory in the First Set of Interrogatories to the extent that it requests the identification of documents, if any, which attempt or purport to require disclosure to Plaintiff of privileged, confidential, proprietary, and/or trade secret information.

4. Defendants object to each Interrogatory in the First Set of Interrogatories to the extent that it requests information regarding third parties that is protected from disclosure by, *inter alia*, such third parties' rights of privacy.

5. Defendants object to each Interrogatory in the First Set of Interrogatories to the extent that it is drafted as an improper "trap" question which may attempt to elicit an admission from Defendants by mere fact of its response. Defendants do not intend by responding herein to include an inadvertent admission of any information included in the Interrogatories.

6. Nothing herein shall be construed as an admission respecting the admissibility, truth authenticity, accuracy or relevance of any information and/or documents, if any.

## OBJECTIONS TO INTERROGATORIES

INTERROGATORY NO. 1: During the time that plaintiff has worked for defendants, identify (by name, current and/or former home and business address, telephone number, dates of employment, positions held, and gender) all employees who worked in Facilities Maintenance, Meter Reading, boiler operator positions, Customer Service, Construction & Maintenance, Leak Survey and/or who worked in the garage at Dexter Street.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of privacy of third parties.

INTERROGATORY NO. 2: For each person identified in your answer, identify those persons whose probationary period for any job was extended and explain the reason why such action was taken.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 3: During the period 1989 to the present time, did defendant (or any of its current or former agents, employees and/or representatives) ever hear, see, suspect and/or learn the there were magazines, pictures and/or posters depicting naked or partially clad females anywhere in the work place? If the answer is yes, please:

(a) Identify (by name, current or former business and home address, telephone number, and position) all persons who heard, suspected, saw or learned this;

(b) for each person identified, set forth what he or she heard, suspected, saw or learned;

(c) if applicable, for each person identified, state what action he or she took, if any.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 4: During the time that plaintiff has been employed by you, have defendants (and/or any of their current or former employees, agents and/or representatives) ever heard, learned and/or suspected that male employees (including those working as boiler operators, cleaning, maintenance or security persons and/or those working in Facilities Maintenance, the garage at Dexter Street, Leak Survey, Meter Reading, Customer Service, Construction & Maintenance) had engaged in any inappropriate or offensive conduct? For purposes of this interrogatory, "inappropriate" and "offensive conduct" includes, but is not necessarily limited to, the use of sexist, derogatory, vulgar, swear, and/or crude words including "cunt," "whore," "bitch," "tramp," "slut," "tits," "boobs," "cock," "blow job," "pussy," and/or any other words which one would not want his or her mother, daughter, wife, girlfriend and/or sister to hear; intimidating females; yelling at females more than males, singling out females more than males, talking about sex; spreading rumors about a female or otherwise making comments about a female being promiscuous or having sex with male employees; comments about females not belonging, or not being able to do the job, comments about not wanting to hire females, looking at pictures of naked females on the internet or in magazines; yelling and screaming at females; assaulting or touching a female; and/or saying or doing anything which was prohibited by defendant's sexual harassment policy? If yes, please:

(a) identify (by name, current or former business and home address, telephone number, and position) all persons who heard, suspected, saw or learned this;

(b) for each person identified, set forth what he or she heard, suspected, saw or learned;

(c) if applicable, for each person identified, state what action he or she took, if any.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 6: During the period five years before plaintiff began working for defendants and up until the present time, has any male employee ever filed a grievance which challenged a decision, or put at issue the conduct, of Don Brown, Ed Bolduc, Bob Ringman, Gary Sunday, Dave Lauble, Cliff Richards, Bill Peck, Ray Conroy, Frank Devlin, Frank Lisi, Roy Heaton, Bob Crowley, and/or Merle Dean? If the answer is yes, please:

(a) identify the date and substance of each grievance;
(b) set forth the disposition of each grievance;
(c) identify all persons who have knowledge about your answer or the grievance.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and is not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 7: Do defendants have any information which supports the contention that Ed Bolduc treated female employees the same as male employees? If the answer is yes, please explain your answer in detail.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks information protected from disclosure by the work-product doctrine and/or attorney-client privilege.

INTERROGATORY NO. 8: Are defendants, or any of their current or former agents, employees and/or representatives, aware of plaintiff doing or saying anything which directly or indirectly (1) calls into question the validity, merit, and/or sincerity of the allegations in her Complaint or that she was discriminated against and/or sexually harassed and/or (2) support any of defendants' affirmative defenses? If the answer is yes, please:

(a) Identify each person who has such information;
(b) For each person identified in your answer, state what information he or she has.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 9: During the time that plaintiff has worked for defendants, do defendants claim that plaintiff engaged in any inappropriate or offensive conduct while at work or while in the presence of any of defendants' employees? For purposes of this interrogatory, "inappropriate" and "offensive" conduct is defined as set forth in interrogatory number 4 above. If the answer is yes, please:

a. Identify (by name and current and last known business and home address) each person who has heard or learned that plaintiff engaged in "inappropriate or offensive conduct";
b. For each person identified in your answer to interrogatory 9a, set forth, in as much detail as possible, what he or she heard or learned and when;
c. Identify (by name and current and last known business and home address) all persons who have knowledge about your answer including any witnesses to anything which plaintiff said or did;
d. Describe, in as much detail as possible, the date and the nature of each act by plaintiff which was "offensive" or "inappropriate."
e. Identify all documents or tangible things which relate to your answer.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and is not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 10: Did defendants (and/or any of their current or former agents, employees or representatives) ever hear, learn, or suspect that any female, including plaintiff, had problems with, or had complained about the conduct of, Ed Bolduc, Bob Ringman, Gary Sunday, Dave Lauble, Cliff Richards, Bill Peck, Ray Conroy, Frank Devlin, Bud Butler, Frank Lisi, Don Brown, Roy Heaton, Bob Crowley, Merle Dean and/or any persons working in the garage at Dexter Street? If the answer is yes, please:

(a) identify (by name, current or former business and home address, telephone number, and position) all persons who heard, suspected, saw or learned this;
(b) for each person identified, set forth what he or she heard, suspected, saw or learned;
(c) if applicable, for each person identified, state what action he or she took, if any.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

INTERROGATORY NO. 11: During the time that plaintiff has worked for defendant, if any female employee, formally or informally, grieved, claimed, alleged and/or complained, whether orally or in writing, that any male employee, manager and/or supervisor (including those working in the garage at Dexter Street or as boiler operators, those working in Facilities Maintenance, Meter Reading, Leak Survey, Customer Service, and/or Construction & Maintenance) had treated her in a manner which was offensive, inappropriate, unfair, intimidating, hostile, harassing, or discriminatory and/or had treated her in manner which she believed violated a collective bargaining agreement or any of defendants' policies, rules and/or regulations, please:

(a) identify (by name, current or former home and business address, telephone number and position) all persons who made such grievances, claims, allegations, and/or complaints;
(b) for each person identified, set forth the date and substance of each grievance, claim, allegation and/or complaint;
(c) Identify (by name, current or former home and business address, telephone number and position) all persons who have knowledge about each grievance, allegation, complaint and/or claims.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

INTERROGATORY NO. 12: For the period five years before plaintiff began working for defendant and up until the present time, has any current or former employee (including plaintiff) or any applicant for employment ever alleged, insinuated, suggested, implied, stated, grieved or complained, whether or not in a lawsuit or charge of discrimination, that he or she was harassed, discriminated against, disciplined, penalized, treated unfairly, differently, or adversely based upon his or her sex? If the answer is yes, please set forth each instance in which this has happened. Your answer should include, but not limited to, the identity of all persons involved including any supervisors, managers and/or officers who have knowledge of each claim, allegation, insinuation, suggestion, implication, statement, complaint, charge and/or lawsuit, the identity of the person or persons making or initiating any such claims, allegations, insinuations, suggestion, implications, statements, complaints, charges and/or lawsuits, the date, substance, status, and/or disposition of each allegation, claim insinuation, suggestion, implication, statement, complaint, charge and/or lawsuit, the names of all complainants, respondents, plaintiffs and defendants, and where any such complaints were made, filed or are pending.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 13: Did plaintiff ever speak to defendants (and/or any of their current or former employees, agents and/or representatives including any persons from personnel or human resources, Bob Ringman, Ed Bolduc, Gary Sunday, Dave Lauble, Cliff Richards, Bill Peck, Ray Conroy, Frank Devlin, Bud Butler, Leslie Wortman, and/or Frank Lisi) about the manner in which she was being treated by males on the job, that she was being subjected to sexual harassment and/or discrimination, that she was having problems with any of her supervisors, that she was having problems with co-worker and/or that she was being treated unfairly or differently on the job? If the answer is yes, please:

(a) identify all persons who have knowledge about your answer;

(b) for each person identified in your answer to 13(a), set forth everything which he or she knows.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 14: Please identify all persons, by name, title, and current, or last known, business and home address, who have knowledge about the allegations which form the basis of plaintiff's Complaint or which relate to the information contained in your Answer to the instant Complaint including, but not limited to, those individuals who provided information which was used in the preparation of your Answer to the Complaint, any individuals involved in any investigations relating to plaintiff, each and every individual who has knowledge about what was done to respond to plaintiff's request for production of documents, any individual who has knowledge about what files and departments were searched in response to plaintiff's request for production of documents, any individuals who have knowledge about why plaintiff was terminated and/or disciplined, any individuals who, directly or indirectly, provided information to the Rhode Island Commission for Human Rights, and any individuals who provided information to you which assisted in the preparation of these answers to these interrogatories; and, for each person identified, state what he or she knows.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 16: Please set forth the date and substance of all oral and/or written communications which relate to plaintiff including, but not limited to, anything related to this lawsuit, defendants' answer to plaintiff's Complaint or their affirmative defenses, any complaints by plaintiff, any grievances by plaintiff, and/or any problems which plaintiff was having on the job. Your answer should include, but not limited to, any communications to, from or about plaintiff, any communications between or among defendants, any communications between defendants and any persons affiliated with, or working for, a union, any communications between defendants and any person from a state or federal agency, any communications between plaintiff and Bob Ringman, Ed Butler, and union steward or official, and any communications between defendant and any health care provider.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the work product doctrine and/or attorney-client privilege.

INTERROGATORY NO. 17: Do defendants claim that they have been unduly prejudiced by anything which plaintiff has done or failed to do? If the answer is yes, please:

(a) identify each person who has information about this claim;
(b) for each person identified, set forth what information he or she has;
(c) identify all documents which relate to your answer;
(d) describe, in as much detail as possible, what plaintiff has done or failed to do.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, is not calculated to lead to the discovery of admissible evidence, and to the extent it seeks information protected from disclosure by the work product doctrine and/or attorney-client privilege.

INTERROGATORY NO. 18: During the time that plaintiff has worked for defendants, did defendants (or any of their current or former agents, employees and/or representatives) ever discipline, reprimand, counsel, and/or speak to any employees including those working in the garage at Dexter Street, those working in Facilities Maintenance, Leak Survey, Meter Reading, Customer Service, and/or Construction & Maintenance (i) because he or she swore, (ii) because he or she used language which was crude, inappropriate or offensive, and/or (iii) because of the language he or she used. If the answer is yes, please identify, by name, gender and current and/or last known business or home address, each person who was reprimanded, counseled, disciplined and/or spoken to and set forth, in as much detail as possible, what each person did which caused them to be disciplined, reprimanded, counseled and/or spoken to.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 21: During the time that plaintiff worked for defendant, please set forth, in chronological order, every time that plaintiff's job changed in any way. For purposes of this interrogatory, changes include a new job, position or title, a new or different shift, new or different hours, new or different location, and/or new or different supervisor.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 23: During the period 2000 to the present time, were any employees allowed to bump into a position for which they did not have all of the requisite skills, qualifications, tests, licenses and/or experience and/or allowed to try a job even if they did not have the requisite skills, qualifications, tests, licenses and/or experience? If so, please identify each and every employee by name, gender, current or former business and home address, telephone number, position bumped out of and into, experience and qualifications as of time of initial move or bumping, and experience and qualifications which were missing as of time of initial bumping or move.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

INTERROGATORY NO. 24: During the time that plaintiff has worked for defendants, identify (by name, current or former home and business address, telephone number, gender, and position) all persons who have had to work in Construction & Maintenance as part of their job; and, for each person identified, set forth how long he or she worked in Construction & Maintenance.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

INTERROGATORY NO. 25: During the period 2000 to the present time, please identify (by name, current or former home and business address, telephone number, seniority date, qualifications and experience before bumping into each position, dates worked in any position he or she bumped into, and gender) all persons who have bumped into, or were allowed to try out, a position. Your response should be limited to persons bumping from or into jobs in Facilities Maintenance, Meter Reading, boiler-maker or security jobs, Customer Service, Construction & Maintenance, and/or Leak Survey.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY

By their attorney,

HOLLAND & KNIGHT LLP

Robert J. Crohan Jr.

Neal J. McNamara, Esq. (#4249)
Robert J. Crohan Jr., Esq. (#6516)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of July, 2005 a copy of the foregoing was mailed to: Patricia E. Andrews, Esq. and Carly B. Iafrate, Esq., 170 Westminster Street, Suite 601, Providence, RI 02903.

Marilyn Lindly

# 3048650_v1