# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LYNORE I. HORN,<br>Plaintiff,<br>v.<br>SOUTHERN UNION COMPANY, et al,<br>Defendants. | C.A. NO. 04-434-S |

**DEFENDANTS' ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

INTERROGATORY NO. 3 During the period 1989 to the present time, did defendant (or any of its current or former agents, employees and/or representatives) ever hear, see, suspect and/or learn the there were magazines, pictures and/or posters depicting naked or partially clad females anywhere in the work place? If the answer is yes, please:

(a) Identify (by name, current or former business and home address, telephone number, and position) all persons who heard, suspected, saw or learned this;
(b) for each person identified, set forth what he or she heard, suspected, saw or learned;
(c) if applicable, for each person identified, state what action he or she took, if any.

OBJECTION AND RESPONSE: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Henry Butler is aware that calendars and magazines containing pictures of women were occasionally present in the workplace. Whenever such items came to Mr. Butler's attention, he would instruct that they be removed. In approximately 1997, an employee whose daughter had reportedly seen a picture of

a woman in a bikini in the employees' gym at Dexter Street complained about its presence. The item was subsequently removed.

<u>INTERROGATORY NO. 5</u> Did defendants (and/or any of their current or former agents, employees and/or representatives) ever hear, learn or suspect that plaintiff had complained about an incident involving a gun which took place while she was working? If the answer is yes, please:

(a) identify all person who have knowledge of this;
(b) for each person identified, set forth, in as much detail as possible, what he or she knows;
(c) for each person identified, set forth the date he or she first learned anything about this.
(d) if applicable, set forth what actions defendants took.

**<u>RESPONSE</u>:** During the early 1990s, Henry Butler heard a rumor from a source that he cannot recall that a gun had been present in the Dexter Street garage, and handled by an employee or employees in the garage during work time. Based on the company's prohibition against weapons in the workplace, Mr. Butler spoke to Bob Ringman, who questioned Fred Straight, the garage supervisor, about it. The rumor could not be substantiated. Plaintiff never complained to anyone in management about a gun being held to her head. In 2001, plaintiff mentioned to D'Anna Soehnge that an employee had on one previous occasion been playing around with a gun at work. Ms. Soehnge attempted to inquire about the incident, but the plaintiff declined to discuss it further, and did not provide any further details.

<u>INTERROGATORY NO. 12</u>. For the period five years before plaintiff began working for defendant and up until the present time, has any current or former employee (including plaintiff) or any applicant for employment ever alleged, insinuated, suggested, implied, stated, grieved or complained, whether or not in a lawsuit or charge of discrimination, that he or she was harassed, discriminated against, disciplined, penalized, treated unfairly, differently, or adversely based upon his or her sex? If the answer is yes, please set forth each instance in which this has happened. Your answer should include, but not limited to, the identity of all persons involved including any supervisors, managers and/or officers who have knowledge of each claim, allegation, insinuation, suggestion, implication, statement, complaint, charge and/or lawsuit, the

identity of the person or persons making or initiating any such claims, allegations, insinuations, suggestion, implications, statements, complaints, charges and/or lawsuits, the date, substance, status, and/or disposition of each allegation, claim insinuation, suggestion, implication, statement, complaint, charge and/or lawsuit, the names of all complainants, respondents, plaintiffs and defendants, and where any such complaints were made, filed or are pending.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and is not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, Carol Petrarca, Christine Stamp, Roberta Faria and Wendy Smith have made claims regarding sex discrimination/harassment.

INTERROGATORY NO. 14 Please identify all persons, by name, title, and current, or last known, business and home address, who have knowledge about the allegations which form the basis of plaintiff's Complaint or which relate to the information contained in your Answer to the instant Complaint including, but not limited to, those individuals who provided information which was used in the preparation of your Answer to the Complaint, any individuals involved in any investigations relating to plaintiff, each and every individual who has knowledge about what was done to respond to plaintiff's request for production of documents, any individual who has knowledge about what files and departments were searched in response to plaintiff's request for production of documents, any individuals who have knowledge about why plaintiff was terminated and/or disciplined, any individuals who, directly or indirectly, provided information to the Rhode Island Commission for Human Rights, and any individuals who provided information to you which assisted in the preparation of these answers to these interrogatories; and, for each person identified, state what he or she knows.

OBJECTION AND RESPONSE: Defendants object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants are currently aware of the following individuals who have knowledge: D'Anna Soehnge, Bud Butler, Leslie Wortman, Joan Chaffee, Cliff Richer, Bob Ringman, Ed Bolduc, Mike McGuire, Ray Conroy, Frank Devlin, Sue Green, Elliot Kempe, Donald Clement, Barbara Alderman, Myrle Dean, Jim Dawley, Mark Boyajian, Mark Crozier, Danielle Morrissey, Paul Cardin.

INTERROGATORY NO. 15 Identify each person whom you expect to call as an expert witness at trial, and for each, state the subject matter on which said expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. In addition, please identify all reports or other documents prepared by said expert.

RESPONSE: Defendants have not yet identified the expert witness(es) that they may call, and reserve the right to supplement this response when they do so identify expert witness(es).

INTERROGATORY NO. 19 For each year during the time that plaintiff has worked for defendants, have defendants posted information relating to sexual harassment and/or sexual discrimination? If the answer is yes, for each year:

(a) specify the exact location where the information was posted;
(b) for each location identified, set forth all of the information which was included in each posting.

RESPONSE: To the best of Defendants' knowledge, posters containing information on EEO and anti-discrimination policies and procedures were posted on company bulletin boards in each facility during each year that the plaintiff was employed. With respect to the most recent poster, the language addressing sexual harassment provides:

**RIGL Section 42-35.4.1 SEXUAL HARASSMENT IN THE WORKPLACE**

Sexual harassment is against the law and will not be tolerated in this company. Sexual harassment is an unfair labor practice and is prohibited by both federal and state laws.

Federal law: Civil Rights Act of 1964 as amended 1972 (for which explicit sexual harassment guidelines became effective on 11/10/80) and State law: Chapter 35 of the General Laws of Rhode Island.

Take notice that the following behaviors will be grounds for disciplinary action:
- If an employee is abused through insulting or degrading sexual remarks or conduct;
- If demands or threats, or suggestions made to an employee that their work status is contingent upon the employee's toleration of sexual advance; or

Any retaliation against an employee(s) for complaining about the type of behaviors described above.

As an employee if you encounter any such abuses from managers, clients or fellow employees, you are to contact your supervisor or the personnel office, the equal opportunity coordinator, and/or your union steward official.

This notice is posted to make aware to all employees that this company supports and provides its' employees a work place that is secure and protects your dignity. Your are not required to endure insulting, degrading, or exploitative treatment at any time.

Required Notice of Disposition of Complaint

The Rhode Island General Assembly amended the Fair Employment Practices Act to require that employers who receive a complaint of workplace harassment must, upon request, provide the employee with a written statement of the disposition of their complaint. Failure to notify employee in writing is a violation of the Employment Practices Act.

For further information contact:

Rhode Island Commission for Human Rights
180 Westminster Street, Third Floor
Providence, RI 02903
401-222-2661 (voice) 401-222-2664 (TDD)

www.richr.ri.gov

RIGL Section 42-35.4.1

**DISCRIMINATION IS ILLEGAL**

State and Federal law prohibit discrimination in hiring, promoting, discharge, salary, benefits, harassment and other aspects of employment based on the following issues:

Race, color, religion, ancestral origin, sex, sexual orientation*, gender identity or expression *, physical or mental disability or age (over 40).

* state only

Report incidents of harassment and discrimination to the Commission for Human Rights and your company representative:

Name______________________ Title____________________

Location______________ Telephone_______________

Rhode Island Commission for Human Rights
180 Westminster St.
Third Floor
Providence, RI 02903
401-222-2661
TDD: 401-222-2664

[redacted]
WE ARE AN EQUAL OPPORTUNITY EMPLOYER

RIGL 28-5-5

INTERROGATORY NO. 20 Do defendants claim that they exercised reasonable care to prevent and promptly correct acts of sexual harassment in its workplace and that plaintiff failed to take advantage of any preventative and corrective opportunities provided by defendant or to otherwise avoid harm at any time during her employment? If so, please set forth, in as much detail as possible, all facts in support of this claim.

RESPONSE: At all times during plaintiff's employment, defendants and their predecessors had in place sexual harassment policies which provided multiple avenues of complaint. Those avenues included bringing complaints directly to Human Resources. In addition, plaintiff had the option to file grievances through her union complaining about sexual harassment. Prior to her instigation of this litigation, plaintiff did not avail herself of any of the avenues of complaint available to her.

INTERROGATORY NO. 21 During the time that plaintiff worked for defendant, please set forth, in chronological order, every time that plaintiff's job changed in any way. For purposes of this interrogatory, changes include a new job, position or title, a new or different shift, new or different hours, new or different location, and/or new or different supervisor.

OBJECTION AND RESPONSE: Defendants object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, the information

plaintiff seeks is contained in her personnel file, which has been produced to her. Plaintiff can obtain that information from the file as easily as can defendants.

INTERROGATORY NO. 22 During the time that plaintiff has worked for defendants, did defendants have any facilities such as showers or locker rooms in the workplace? If so, please:

a. Identify the location of each shower and/or locker room;
b. Identify the reasons why each shower and/or locker room was installed including whether certain jobs required persons to take showers and who had the right to use each shower and locker room;
c. State whether each shower and/or locker room was co-ed or not.

RESPONSE: Weybosset Street has a room which contains a shower and commode. The shower is available for use by all employees, male or female, and has a bolt on the inside of the door. There are no "locker rooms" at Weybosset Street. There are a few lockers in a closet which employees may be using. Dexter Street has a shower/locker room on the second floor, which is used by male employees. There is a third floor shower and lavette for use by women employees at Dexter Street. There are no jobs which require employees to take showers. Most of the shower and locker rooms have existed since the buildings were constructed. The Dexter Street women's lavette and shower was installed in the mid-1970s to accommodate the first female employees at the facility.

**VERIFICATION**

I, D'Anna Soehnge, affirm that I am the Vice President of Human Resources of New England Gas Company, a division of Southern Union Company; that those answers in the Responses of Defendants to Plaintiff's First Set of Interrogatories of which I have personal knowledge are true; that all of the matters stated therein are not within my personal knowledge and that those matters that are not within my personal knowledge have been assembled by authorized employees, agents, and representatives of Defendant, and I am informed that those

facts are true. I verify under penalty of perjury that the foregoing is true and correct. Executed on 16th day of August, 2005. Providence, Rhode Island.

D'Anna Soehnge

AS TO OBJECTIONS:

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY,

By their attorney,

HOLLAND & KNIGHT LLP

Neal J. McNamara, Esq. #4249
Robert J. Crohan Jr., Esq. #6516
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax (401) 553-6850

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of August, 2005 a copy of the foregoing was mailed to:

Patricia E. Andrews, Esq.
Carly B. Iafrate, Esq.
170 Westminster Street, Suite 601
Providence, RI 02903

# 2997184_v1