UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LYNORE I. HORN, Plaintiff, v. SOUTHERN UNION COMPANY Defendant. | C.A. No. 04-434-S |

**OBJECTION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' FURTHER RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Southern Union Company and New England Gas Company object to the Plaintiff's Motion To Compel Defendants' Further Responses To Plaintiff's Request For Production Of Documents. In support of this objection, Defendants rely upon the memorandum submitted herewith.

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY,
By its attorneys,

HOLLAND & KNIGHT LLP

Robert J. Crohan Jr.

Neal J. McNamara #4249
Robert J. Crohan Jr. #6516
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2 day of November, 2005 a copy of the foregoing was mailed to:

Patricia E. Andrews, Esq.
Carly B. Iafrate, Esq.
170 Westminster Street, Suite 601
Providence, RI 02903

Michele Biagetti

# 3349614_v1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LYNORE I. HORN,

Plaintiff,

v.

SOUTHERN UNION COMPANY, et al,

Defendants.

C.A. No. 04-434-S

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' FURTHER RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Southern Union Company and New England Gas Company submit this Memorandum in opposition to Plaintiff's Motion To Compel Defendants' Further Responses To Plaintiff's Request For Production Of Documents. For the reasons discussed herein, plaintiff's motion should be denied.

## INTRODUCTION

Plaintiff's requests are as broad and sweeping as defense counsel has ever encountered. Given the manner in which the at-issue requests are drafted, Defendants' objections are valid, as demonstrated herein. Some of the requests are framed as interrogatories or should be recast as interrogatories. Many are vague, overbroad, and unduly burdensome on their face. Numerous requests are extraordinarily expansive, clearly encompassing matters not relevant to the claims or defenses being litigated in this case. Notwithstanding their objections, Defendants have produced or are in the process of producing thousands of documents in response to plaintiff's requests. Every non-privileged documents relating to plaintiff's employment has been produced;

all applicable Company policies and Collective Bargaining Agreements have been produced; grievances filed by other employees complaining about overtime have been produced; documents relating to complaints of sexual harassment and sex discrimination by other employees have been or are being produced; documents relating to another employee having engaged in misconduct similar to that for which the plaintiff was terminated are being produced. In short, Defendants have acted in good faith in responding and objecting to plaintiff's requests for production.

Before addressing the specific objections being challenged by the plaintiff, it is important to note that what the plaintiff states in her motion she is requesting is often not the same as what is actually being sought in the written request for production. Plaintiff's representations in her motion papers as to the scope of the requests are often significantly narrower than the actual request served on Defendants. Had she reasonably limited the scope and breadth of these objectionable requests initially or in conferring with counsel perhaps the issues now being presented to the Court could have been narrowed. As one court explained in addressing similarly over-expansive discovery requests: "[C]ounsel should have considered these practical problems before serving such broad discovery requests, rather than waiting until the inevitable objections were received before trying to salvage the requests by limiting them to what is really needed." *Safeco of Am. v. Rawston*, 181 F.R.D. 441, 448 (C.D. Cal. 1998).

## DISCUSSION

For the Court's convenience, Defendants will set forth in full the specific requests and objections at issue followed by a discussion of why Defendants' objections are valid.

REQUEST NO. 6: Any and all documents which you claim call into question (or may call into question) the validity, sincerity and/or merit of any of plaintiff's allegations in this lawsuit and/or any allegations by plaintiff that she has been discriminated against, sexually harassed, and/or treated adversely or unfairly by her co-workers and supervisors.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege.

Discussion: This request is overbroad and unduly burdensome on its face. Moreover, as drafted, the request for production would require defense counsel to reveal their mental impressions, opinions, and conclusions concerning which documents in their legal judgment may call the veracity of plaintiff's broad allegations into question. *See, e.g., Hickman v. Taylor,* 329 U.S. 495, 510 (1947) (instructing that opinions formed by attorneys as part of the mental process of analyzing a case are protected from disclosure). Defendants have produced, *inter alia*, plaintiff's complete personnel file, all documents relating to her complaints of discrimination and/or harassment, all company policies, the collective bargaining agreements under which plaintiff worked, complaints by other female employees and investigatory documents concerning same, and relevant grievances filed by employees during the time plaintiff was employed. Plaintiff cannot require the defense counsel to select from among these voluminous documents which documents they believe supports their case and then produce this compilation to the plaintiff. This would impermissibly reveal the opinion work product of counsel. *See, e.g., Gould Inc. v. Mitsui Mining & Smelting Co.*, 825 F.2d 676 (2d Cir. 1987); *Sporck v. Peil*, 759 F.2d 312 (3d Cir.), *cert. denied*, 474 U.S. 903, (1985).

REQUEST NO. 15: During the time that plaintiff has been employed by defendant(s), any and all Affirmative Action Plans which relate to defendants.

OBJECTION: Defendants object to this Request as overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks

production of documents and/or information protected from disclosure by the self-critical analysis privilege.

Discussion: Affirmative action plans (AAPs) are generally not discoverable in employment discrimination cases on the grounds that they are irrelevant to the subject matter of the suit or are protected by privilege. *See Clark v. Pennsylvania Power & Light Co.*, 1999 WL 225888, at *2 (E.D. Pa. Apr. 14, 1999). If an AAP is relevant to a discrimination suit, the APP is discoverable only insofar as it is not protected by the so-called "self-critical analysis" privilege. *See id.*; *Sheppard v. Consolidated Edison Co.*, 893 F. Supp. 6, 7 (E.D.N.Y. 1995). The self-critical analysis privilege protects from disclosure those portions of an AAP dealing with subjective evaluative or analytical materials relating to equal employment opportunity matters. *See, e.g., Clark*, 1999 WL 225888 at *3; *Sheppard*, 893 F. Supp at 8; *O'Connor v. Chrysler Corp.*, 86 F.R.D. 211, 217-18 (D. Mass. 1980). However, portions of AAPs containing factual information, i.e., objective data, are generally discoverable. *See id.* AAPs are not relevant to plaintiff's claims and should not be discoverable. In the event the Courts finds them to be relevant, plaintiff's motion should be denied with respect to any portions of the AAPs containing subjective evaluation and assessments.

REQUEST NO. 18: During the time that plaintiff was employed by defendant and up until the present time, any and all documents which reflect, or relate to, any formal or informal complaints, statements, grievances, charges, and/or allegations by female employees (working in Facilities Maintenance, Meter Reading, Customer Service, Construction & Maintenance, Leak Survey, female employees who performed the same duties, or held the same positions, as plaintiff, and/or who were supervised by the same person or persons as plaintiff) about gender discrimination and/or harassment, the manner in which they were being treated by males, managers and/or supervisors, and/or unfair and/or differential treatment by employees, supervisors, administrators, and/or managers.

OBJECTION: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: As drafted, this request is overbroad and unduly burdensome. It is not limited to complaints about sex discrimination and/or harassment. Rather, it encompasses complaints by female employees about generic "unfair" treatment by a fellow employee. Such documents have no relevance to plaintiff's claims and are beyond the scope of discovery. Defendants have produced or are producing complaints relating to gender discrimination made by other female employees in the department or involving the same alleged harassers. Defendants have responded appropriately and their objections should be sustained.

> REQUEST NO. 22: During the period 1989 to the present time, identify (by name, current and/or former business and home address, dates of employment, telephone number, gender, positions held and when, rate of pay or salary for each position held) all persons who have worked in any cleaning or maintenance position, worked in Facilities Maintenance, Meter Reading, Leak Survey, Customer Service and/or Construction & Maintenance, and/or worked in security or as a watch person.
>
> OBJECTION: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: Defendants' objections are valid. As an initial matter, in asking for the "identity" of employees, this request for production is drafted as an interrogatory. The identity of other employees is appropriately sought through an interrogatory, in response to which Defendants would provide the appropriate names. *See, e.g., Rogers v. Muscogee Count Sch. Dist.*, 165 F.3d 812, 816-17 (11th Cir. 1999) (affirming denial of request for production of rolodex cards containing names and addresses of all abuser's former students where "there was a much narrower and less burdensome manner of discovery available: appellants could have asked, by interrogatory, for the names (as well as the addresses and phone numbers) of all students who complained that Carr sexually abused them."); *Sanchez v. City of Santa Anna*, 936 F.2d 1027, 1034 (9th Cir. 1991) (denying access to personnel files where "[m]ost of the relevant

information could have been developed by interrogatories."). Plaintiff should not be permitted to ascertain identifying information through a request for production of documents which contains the names of employees.

Moreover, this request for the production of "documents" which identify other employees contains no limitations with respect to the type of document. As drafted, the request would encompass any document in Defendants' possession which has on it the name of any employee who worked in any department as the plaintiff at any time over the course of the past 16 years. This would require Defendants to produce virtually every piece of paper in the personnel and medical files of hundreds of employees, not to mention payroll records, benefits records, an other non-relevant documents.

Such disclosure would implicate the privacy interests of non-parties to this litigation. "Courts have been reluctant to permit discovery, when the requested disclosures would intrude upon the privacy interests of other, non-party employees." *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997); *Whittingham v. Amherst College*, 164 F.R.D. 124, 126 (D. Mass. 1995) (recognizing that "personnel files contain perhaps the most private information about an employee" and denying plaintiff's attempt to discover files of other employees where he failed to make a particularized showing demonstrating that his need for the information outweighed the privacy interests of the individuals whose private information was sought); *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D. Pa. 1994) ("[I]t is clear that disclosure of [ ] personnel files would constitute an invasion of privacy."). As drafted, Defendants would be required to produce, for example, health records containing confidential physical and mental health information.

The First Circuit has instructed that parties have an obligation to tailor discovery requests "to suit the particular exigencies of the litigation. They ought not to be permitted to use broadswords where scalpels will suffice." *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989). Plaintiff has not tailored the discovery request in any reasonable manner. It is overbroad, unduly burdensome, and clearly implicates the privacy interests of scores of non-parties to this litigation.

> REQUEST NO. 23: The personnel files for: Phil SanSouci, Mike Rose, Paul Cardin, and Al Dione, Gary Sunday, and Cliff Richards.
>
> OBJECTION: Defendants object to this Request on the grounds that it is overbroad, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: Defendants have agreed to produce disciplinary records for these employees. Plaintiff continues to seek the entire personnel files for these non-party employees and/or former employees. With respect to co-workers, plaintiff contends these records are discoverable because they would reveal salary and benefits information (ostensibly relevant to her discrimination claim and damages), documents which would reveal knowledge of sexual harassment policy and/or training, and documents relating to the existence of, or investigation of, her complaints. Plaintiff has not made a sufficient showing to warrant to wholesale production of these employees' personnel files. As an initial matter, plaintiff does not need to obtain co-workers' personnel files to obtain information concerning salary and benefits information. These are matters governed by the CBA, which has been produced. With respect to information concerning these employees' knowledge of sexual harassment policies and training, plaintiff can obtain this information by asking for these specific documents, which she in interrogatory 26, or

by interrogatory. All documents relating to the investigation of plaintiff's complaints have been requested by plaintiff in other specific discovery requests, and responded to by Defendants.

Production of personnel files of non-party employees implicates important privacy interest. "Courts have been reluctant to permit discovery, when the requested disclosures would intrude upon the privacy interests of other, non-party employees." *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997); *Whittingham v. Amherst College*, 164 F.R.D. 124, 126 (D. Mass. 1995) (recognizing that "personnel files contain perhaps the most private information about an employee" and denying plaintiff's attempt to discover files of other employees where he failed to make a particularized showing demonstrating that his need for the information outweighed the privacy interests of the individuals whose private information was sought); *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D. Pa. 1994) ("[I]t is clear that disclosure of [ ] personnel files would constitute an invasion of privacy.").

Plaintiff has not made a particularized showing demonstrating that her need for these files outweighs the individuals' privacy interests. *See Whittingham*, 164 F.R.D. at 126. Given that plaintiff can obtain the information she seeks to ascertain from the personnel files from other sources, she should not be granted wholesale access to the personnel files.

> <u>REQUEST NO. 32:</u> During the time that Gary Sunday has worked for defendants, any and all verbal or oral warnings that he has issued to employees.
>
> <u>OBJECTION</u>: Defendants object to this Request on the grounds that it is overbroad, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

<u>Discussion</u>: This request is overbroad and unduly burdensome. It is not limited in time or scope. Moreover, in seeking the production of "oral warnings" the request is oxymoronic. In addition, the request is unduly burdensome. In order to respond to this request, Defendants

would be require to look through the personnel files of any employee that Gary Sunday has ever supervised.

REQUEST NO. 34: During the time that plaintiff worked for defendants, any and all documents relating to employees claiming that they had been passed over for overtime including, but not limited to, any grievances.

OBJECTION: Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.

Discussion: Defendants will be producing all grievances concerning overtime.

REQUESTS 37 - 39:

REQUEST NO. 37: During the period 1999 to the present time, any and all documents which identify (by name, gender, current or former home and business address, telephone number, qualifications and experience) all persons who:

(a) Applied for a job in drafting;

(b) Began working in drafting;

(c) Bumped into a job in drafting;

(d) Was allowed to try out a job in drafting.

OBJECTION: Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 38: During the period 2000 to the present time, any and all documents which relate to employees being allowed to bump into, or try, a position even though he or she did not have all of the requisite skills, tests, qualifications and/or experience for the job to which they bumped.

OBJECTION: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 39: During the period 2000 to the present time, any and all documents which relate to employees taking courses, obtaining licenses and/or taking tests before being allowed to bump into, or try, a position.

OBJECTION: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: Plaintiff has not alleged in the complaint discriminatory treatment with respect to bumping. In her motion papers, she argues that "women were treated differently then men in the bumping process." This is not a class action or a pattern and practice case. In the absence of a claim by the plaintiff that she was discriminated against with respect to bumping, these documents are not relevant to her claims and therefore are not discoverable. Moreover, the requests are overbroad and unduly burdensome. The information sought in Request 37 is properly ascertained through an interrogatory. Requests 38 and 39 are not limited in scope to any certain position or department, and would be virtually impossible to respond to in any event.

REQUEST 41 and 42:

REQUEST NO. 41: During the period 1999 to the present time, any and all documents which identify (by name, gender, current or former home and business address, telephone number, qualifications, skills and experience) all persons who:

(a) Applied for a job in customer service;

(b) Began working in customer service;

(c) Bumped into a job in customer service;

(d) Tried out a job in customer service.

OBJECTION: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

REQUEST NO. 42: During the period 2000 to the present time, any and all documents which reflect the identity of all persons (by name, current or former home and business address, telephone number, and gender) who bumped into, or were allowed to try out, a position. Your response should be limited to persons bumping from or into jobs in Facilities Maintenance, Meter Reading, boiler-maker jobs, Customer Service, Security, Construction & Maintenance, and Leak Survey.

OBJECTION: Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: Again, these requests for production seek facts properly ascertained through interrogatories. In addition, since plaintiff has not alleged in her complaint that she was subject to discrimination with respect to bumping, this request does not appear to seek documents relevant to her claims.

REQUEST NO. 45: During the period 2000 to the present time, any and all documents which identify (by name, current or former home and business address, telephone number, qualifications and experience, dates of applications, positions held and when, and gender) each person who has applied for, or worked in, Facilities Maintenance, Meter Reading, Customer Service, Construction & Maintenance, Leak Survey and Meter Reading.

OBJECTION: Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: This request is overbroad in scope. As drafted, the request would require the virtual wholesale production of the personnel files of every employee in the named departments over the course of the past five years. As discussed above, the production of personnel records is restricted. Plaintiff has made no showing which would require the production of these records.

Plaintiff seeks to compel Defendants to provide supplemental responses to a number of her requests for production. With respect to many of these requests, plaintiff asserts that it is unclear whether any responsive documents that are not privileged have been withheld.

REQUESTS 1 and 4:

REQUEST NO. 1 All documents which relate to plaintiff's employment. Your answer should include, but not necessarily be limited to, plaintiff's personnel file, any

documents reflecting communications to, from or about plaintiff, any documents relating to plaintiff's job performance, any documents to any alleged misconduct on the part of plaintiff, any grievances filed by plaintiff, any document which relate to problems plaintiff was having on the job, any records pertaining to her duties, any records relating to any formal or informal complaints by plaintiff, any investigation relating to plaintiff, any interviews of employees which relate to plaintiff, and any documents signed by plaintiff which reflect that she received, or knew about, any of your policies including any sexual harassment policies.

<u>OBJECTION AND RESPONSE</u>: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, is not calculated to lead to the discovery of admissible evidence, and seeks documents covered by the attorney client and work product privileges. Subject to and without waiver of the foregoing objections, Defendants have previously produced or are producing herewith, all employment records that they have been able to locate. The documents covered by the privileges are notes prepared by D'Anna Soehnge regarding her meeting with plaintiff in July 2004 pursuant to the instruction of Attorney Neal McNamara (Work product privilege) and Attorney McNamara's notes of his interviews with employees and former employees regarding plaintiff's allegations.

<u>REQUEST NO. 4</u> Any and all documents which reflect, and/or relate to, any oral or written communications between any current or former agent, employee and/or representative of defendant(s) and any other current or former agent, employee and/or representative of defendant(s) which relate to this lawsuit.

<u>OBJECTION AND RESPONSE:</u> Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, all non-protected documents responsive to this request have previously been produced.

<u>Discussion</u>: Defendants are producing a privilege log identifying any documents withheld from production under a claim of privilege. Defendants have otherwise responded sufficiently.

<u>REQUEST NO. 5</u> Any and all documents which reflect, and/or relate to, any oral or written communications between plaintiff (and/or any of her agents, family members, representatives and/or health providers) and any current or former agent, employee and/or representative of defendant(s) which relate to plaintiff's allegations of harassment, this lawsuit, her charges filed with Rhode Island Commission for Human Rights, and/or defendant(s)' answer to this lawsuit including any defenses.

OBJECTION AND RESPONSE: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. All non-protected documents have previously been produced. Defendants have not produced notes prepared by D'Anna Soehnge regarding her meeting with plaintiff in July 2004 pursuant to the instruction of Attorney Neal McNamara. These notes are protected from disclosure by the work product doctrine and attorney-client privilege.

Discussion: Defendants are producing a privilege log identifying any documents withheld from production under a claim of privilege. Defendants have otherwise responded sufficiently. The notes prepared by Soehnge were made at the direction of counsel and in anticipation of litigation. Indeed, at the time the notes were taken, plaintiff had long-since filed her administrative charge of discrimination, and was on the verge of filing her judicial complaint.

REQUEST NO. 9. Any documents relating to any formal or informal investigation conducted by defendant(s) regarding, or in response to, any claims by plaintiff that she was harassed, discriminated against, treated unfairly compared to other employees, had problems with male employees and/or was treated differently than other employees.

OBJECTION AND RESPONSE: Defendants object to this Request to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, all documents responsive to this request have previously been produced.

Discussion: Defendants are producing a privilege log identifying any documents withheld from production under a claim of privilege.

REQUEST NO. 8 During the time that plaintiff was employed by defendant(s), any and all documents which relate to any efforts by defendant(s) to prevent, alleviate, address, and/or correct employment discrimination and/or harassment in the workplace including, but not limited to, any policies, any documents relating to any training, any documents relating to affirmative action, and/or any documents which reflect, and/or relate to, any action which defendant(s) took in response to any formal or informal complaints of harassment and/or discrimination made by any current or former employees including plaintiff.

OBJECTION AND RESPONSE: Defendants object to this Request on the ground that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, constitutes an invasion of the privacy of third parties, and to the extent it seeks documents protected from disclosure by the work product doctrine and/or attorney-client privilege. Subject to and without waiver of the foregoing objections, see documents being produced herewith, bates nos. 678-835.

Discussion: All relevant policies have been produced.

REQUEST NO. 19 Any and all documents between defendant and any person representing, affiliated with and/or working for a union which relates to plaintiff and/or sexual harassment or discrimination.

OBJECTION AND RESPONSE: Defendants object to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties. Subject to and without waiver of the foregoing objections, in addition to any responsive documents previously produced, see documents being produced herewith, bates nos. 716, 717.

Discussion: Defendants have not withheld from production any responsive documents.

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY

By their attorney,

HOLLAND & KNIGHT LLP

Robert J. Crohan Jr.

Neal J. McNamara, Esq. (#4249)
Robert J. Crohan Jr., Esq. (#6516)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2d day of November, 2005 a copy of the foregoing was mailed to:

Patricia E. Andrews, Esq.
Carly B. Iafrate, Esq.
170 Westminster Street, Suite 601
Providence, RI 02903

Robert J. Cahan Jr.

# 3345826_v1