UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LYNORE I. HORN, Plaintiff, | |
| v. | C.A. No. 04-434-S |
| SOUTHERN UNION COMPANY Defendant. | |

**OBJECTION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' FURTHER ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendants Southern Union Company and New England Gas Company object to the Plaintiff's Motion To Compel Defendants' Further Answers To Plaintiff's First Set of Interrogatories. In support of this objection, Defendants rely upon the memorandum submitted herewith.

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY,
By its attorneys,

HOLLAND & KNIGHT LLP

Robert J. Crohan Jr.

Neal J. McNamara #4249
Robert J. Crohan Jr. #6516
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2 day of November, 2005 a copy of the foregoing was mailed to:

Patricia E. Andrews, Esq.
Carly B. Iafrate, Esq.
170 Westminster Street, Suite 601
Providence, RI 02903

Michele Biagotti

# 3349603_v1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED
NOV 2 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

LYNORE I. HORN,

Plaintiff,

v.

SOUTHERN UNION COMPANY, et al,

Defendants.

C.A. No. 04-434-S

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' FURTHER ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendants Southern Union Company and New England Gas Company submit this Memorandum in opposition to Plaintiff's Motion To Compel Defendants' Further Answers To Plaintiff's First Set of Interrogatories. For the reasons discussed herein, plaintiff's motion should be denied.

## INTRODUCTION

Plaintiff's interrogatories are as broad and sweeping as defense counsel has ever encountered. Given the manner in which the at-issue interrogatories are drafted, Defendants' objections are valid, as demonstrated herein. Many are vague, overbroad, and unduly burdensome on their face. Numerous interrogatories are extraordinarily expansive, clearly encompassing matters not relevant to the claims or defenses being litigated in this case.

Notwithstanding their objections, Defendants have provided answers to unobjectionable interrogatories and are in the process of supplementing their answers to provide additional

responsive information to plaintiff. In short, Defendants have acted in good faith in responding and objecting to plaintiff's interrogatories.

## DISCUSSION

For the Court's convenience, Defendants will set forth in full the specific interrogatories and objections at issue followed by a discussion of why Defendants' objections are valid and/or their answers sufficient.

> INTERROGATORY NO. 1: During the time that plaintiff has worked for defendants, identify (by name, current and/or former home and business address, telephone number, dates of employment, positions held, and gender) all employees who worked in Facilities Maintenance, Meter Reading, boiler operator positions, Customer Service, Construction & Maintenance, Leak Survey and/or who worked in the garage at Dexter Street.
>
> OBJECTION: Defendants object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of privacy of third parties.

Discussion: Defendants' objections are well-founded. Plaintiffs seeks detailed identifying information concerning all employees who worked in any department or at any job or work location at which she worked over the past 16 years. This is wildly overbroad. The interrogatory contains no reasonable temporal limitation and does not even limit the scope to employees who were employed in the different departments at the same time as the plaintiff.

Federal courts have generally limited discovery to a period of two to four years in discrimination cases. *See. e.g., James v. Newspaper Agency Corp.*, 591 F.2d 579, 582 (10th Cir. 1979) (finding four years prior to liability period reasonable); *Owens v. Sprint/United Management Co.*, 221 F.R.D. 649, 653 (D. Kan. 2004) (allowing discovery for two and a half year period); *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 448 (D. Minn. 1997) (allowing discovery into the period two years after termination); *Lyoch v. Anheuser-Busch Cos., Inc.*, 164

F.R.D. 62, 67 (E.D. Mo. 1995) (four years prior to liability period reasonable); *Hicks v. Arthur*, 159 F.R.D. 468, 471 (E.D. Pa. 1995) (allowing discovery to extend to the period two years after the tenure of the plaintiffs). Discovery stretching back 16 years is unreasonable. *See Glenn v. Williams*, 209 279, 282 (D.D.C. 2002) (recognizing that ten years was "an inordinate length of time" to permit discovery in a discrimination case and limiting discovery to three year period). The interrogatory is also overbroad in seeking the identity of employees who, for example, worked in Leak Survey many years before plaintiff entered that position. These employees cannot possibly have knowledge of how plaintiff was treated in the workplace.

Moreover, answering this interrogatory would impose an undue burden on the Defendants. To ascertain the requested information for an employee who may have last worked for them 15 years ago would entail significant time, trouble and expense, if possible at all. Defendants objections are valid and should be sustained.

> INTERROGATORY NO. 2: For each person identified in your answer, identify those persons whose probationary period for any job was extended and explain the reason why such action was taken.
>
> OBJECTION: Defendants object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.

Discussion: Because Defendants validly objected to answering interrogatory number 1, they did not provide the information sought in interrogatory number 2. Plaintiff suggests in her motion papers, for the first time, that the issue of probationary periods is relevant to her disparate treatment claim. However, plaintiff did not allege in her complaint or in her administrative complaint that she was discriminated against with respect to her probationary period. In any event, for the reasons discussed above, this interrogatory is overbroad in scope and unduly burdensome. Defendant's objections should be sustained.

INTERROGATORY NO. 4: During the time that plaintiff has been employed by you, have defendants (and/or any of their current or former employees, agents and/or representatives) ever heard, learned and/or suspected that male employees (including those working as boiler operators, cleaning, maintenance or security persons and/or those working in Facilities Maintenance, the garage at Dexter Street, Leak Survey, Meter Reading, Customer Service, Construction & Maintenance) had engaged in any inappropriate or offensive conduct? For purposes of this interrogatory, "inappropriate" and "offensive conduct" includes, but is not necessarily limited to, the use of sexist, derogatory, vulgar, swear, and/or crude words including "cunt," "whore," "bitch," "tramp," "slut," "tits," "boobs," "cock," "blow job," "pussy," and/or any other words which one would not want his or her mother, daughter, wife, girlfriend and/or sister to hear; intimidating females; yelling at females more than males, singling out females more than males, talking about sex; spreading rumors about a female or otherwise making comments about a female being promiscuous or having sex with male employees; comments about females not belonging, or not being able to do the job, comments about not wanting to hire females, looking at pictures of naked females on the internet or in magazines; yelling and screaming at females; assaulting or touching a female; and/or saying or doing anything which was prohibited by defendant's sexual harassment policy? If yes, please:

(a) identify (by name, current or former business and home address, telephone number, and position) all persons who heard, suspected, saw or learned this;

(b) for each person identified, set forth what he or she heard, suspected, saw or learned;

(c) if applicable, for each person identified, state what action he or she took, if any.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.

Discussion: This interrogatory is facially overbroad and unduly burdensome. It requires that Defendants provide detailed information concerning any time any one of the Company's hundreds of employees over the course of the past 16 years has ever heard, learned "or suspected" that any male employee in virtually any department engaged in "inappropriate or offensive conduct." This is extraordinarily overbroad. Moreover, in defining "inappropriate or offensive conduct" to include "words which one would not want his or her mother, daughter, wife, girlfriend and/or sister to hear," the interrogatory is unreasonably subjective. *See, e.g., Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 662 (D. Kan. 1996) (interrogatory

questions "should be objective") (quoting William W. Schwarzer et al., *Civil Discovery and Mandatory Disclosure: A Guide to Efficient Practice* 4-5 to 4-7 (2d ed. 1994)). What one person may not want his wife to hear another may. In addition, this interrogatory is unduly burdensome. Plaintiff would have Defendants interview hundreds of employees who have been employed over the past 16 years to ascertain the requested information. Defendants objections should be sustained.

> INTERROGATORY NO. 6: During the period five years before plaintiff began working for defendants and up until the present time, has any male employee ever filed a grievance which challenged a decision, or put at issue the conduct, of Don Brown, Ed Bolduc, Bob Ringman, Gary Sunday, Dave Lauble, Cliff Richards, Bill Peck, Ray Conroy, Frank Devlin, Frank Lisi, Roy Heaton, Bob Crowley, and/or Merle Dean? If the answer is yes, please:
>
> (a) identify the date and substance of each grievance;
>
> (b) set forth the disposition of each grievance;
>
> (c) identify all persons who have knowledge about your answer or the grievance.
>
> OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and is not calculated to lead to the discovery of admissible evidence.

Discussion: This interrogatory is vastly overbroad in time. It covers a period in excess of 20 years, stretching back to 1984. As discussed above, discovery in employment cases is temporally limited to a reasonable time, generally held to be several years. *See, e.g., Owens v. Sprint/United Management Co.*, 221 F.R.D. 649, 653 (D. Kan. 2004) (allowing discovery for two and a half year period); *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 448 (D. Minn. 1997) (allowing discovery into the period two years after termination); *Lyoch v. Anheuser-Busch Cos., Inc.*, 164 F.R.D. 62, 67 (E.D. Mo. 1995) (four years prior to liability period reasonable); *Hicks v. Arthur*, 159 F.R.D. 468, 471 (E.D. Pa. 1995) (allowing discovery to extend to the period two years after the tenure of the plaintiffs); *cf. Glenn v. Williams*, 209 279, 282 (D.D.C. 2002)

(recognizing that ten years was "an inordinate length of time" to permit discovery in a discrimination case and limiting discovery to three year period).

The interrogatory is also overbroad in scope. It is not limited to complaints based on allocation of overtime, truck assignments, or any other alleged discriminatory treatment. Rather, it seeks any grievance of any nature. This is overbroad and unduly burdensome. Defendants are producing all grievances involving overtime. There are none involving truck assignments. Plaintiff's motion should be denied with respect to interrogatory number 6.

> INTERROGATORY NO. 7: Do defendants have any information which supports the contention that Ed Bolduc treated female employees the same as male employees? If the answer is yes, please explain your answer in detail.
>
> OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, not calculated to lead to the discovery of admissible evidence, and to the extent it seeks information protected from disclosure by the work-product doctrine and/or attorney-client privilege.

Discussion: Defendants have not made the contention in any pleading that Bolduc treated female employees the same as male employees. They should not be compelled to support a contention that they have not made. Moreover, this interrogatory is vague and overbroad. There is no temporal limitation, and no limitation as to subject matter. In addition, plaintiff's claims involve individual claims of disparate treatment and sexual harassment. While the issue of whether Bolduc treated the plaintiff different from similarly-situated male employees with respect to work assignments, etc., may be relevant and discoverable, generalized information regarding whether Bolduc treated women differently in some unidentified manner at any point in time is not.

> INTERROGATORY NO. 8: Are defendants, or any of their current or former agents, employees and/or representatives, aware of plaintiff doing or saying anything which directly or indirectly (1) calls into question the validity, merit, and/or sincerity of the

allegations in her Complaint or that she was discriminated against and/or sexually harassed and/or (2) support any of defendants' affirmative defenses? If the answer is yes, please:

(a) Identify each person who has such information;

(b) For each person identified in your answer, state what information he or she has.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

Discussion: Defendants' objections are well-founded.

INTERROGATORY NO. 9: During the time that plaintiff has worked for defendants, do defendants claim that plaintiff engaged in any inappropriate or offensive conduct while at work or while in the presence of any of defendants' employees? For purposes of this interrogatory, "inappropriate" and "offensive" conduct is defined as set forth in interrogatory number 4 above. If the answer is yes, please:

a. Identify (by name and current and last known business and home address) each person who has heard or learned that plaintiff engaged in "inappropriate or offensive conduct";

b. For each person identified in your answer to interrogatory 9a, set forth, in as much detail as possible, what he or she heard or learned and when;

c. Identify (by name and current and last known business and home address) all persons who have knowledge about your answer including any witnesses to anything which plaintiff said or did;

d. Describe, in as much detail as possible, the date and the nature of each act by plaintiff which was "offensive" or "inappropriate."

e. Identify all documents or tangible things which relate to your answer.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and is not calculated to lead to the discovery of admissible evidence.

Discussion: This interrogatory is facially overbroad and unduly burdensome. Initially, it relies on the definitions of "offensive or inappropriate" contained in interrogatory number 4, which, as discussed above, is overbroad and unreasonably subjective. This interrogatory is also

not reasonably limited in time. It encompasses a time period dating back to 1989. Plaintiff's motion should be denied with respect to interrogatory number 9.

> INTERROGATORY NO. 10: Did defendants (and/or any of their current or former agents, employees or representatives) ever hear, learn, or suspect that any female, including plaintiff, had problems with, or had complained about the conduct of, Ed Bolduc, Bob Ringman, Gary Sunday, Dave Lauble, Cliff Richards, Bill Peck, Ray Conroy, Frank Devlin, Bud Butler, Frank Lisi, Don Brown, Roy Heaton, Bob Crowley, Merle Dean and/or any persons working in the garage at Dexter Street? If the answer is yes, please:
>
> (a) identify (by name, current or former business and home address, telephone number, and position) all persons who heard, suspected, saw or learned this;
>
> (b) for each person identified, set forth what he or she heard, suspected, saw or learned;
>
> (c) if applicable, for each person identified, state what action he or she took, if any.
>
> OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: This interrogatory is facially overbroad and unduly burdensome. It requires that Defendants provide detailed information concerning any time any one of the Company's hundreds of employees over the course of the past 16 years who has ever heard, learned "or suspect[ed]" that any female employee ever had a "problem" with one of the 14 named persons or any other person who worked at a particular work location. The interrogatory is temporally overbroad, covering 16 years, and overbroad in scope, encompassing matters not relevant to plaintiff's claims. Plaintiff would have Defendants interview hundreds of employees who have been employed over the past 16 years to ascertain the requested information.

> INTERROGATORY NO. 11: During the time that plaintiff has worked for defendant, if any female employee, formally or informally, grieved, claimed, alleged and/or complained, whether orally or in writing, that any male employee, manager and/or supervisor (including those working in the garage at Dexter Street or as boiler operators, those working in Facilities Maintenance, Meter Reading, Leak Survey,

Customer Service, and/or Construction & Maintenance) had treated her in a manner which was offensive, inappropriate, unfair, intimidating, hostile, harassing, or discriminatory and/or had treated her in manner which she believed violated a collective bargaining agreement or any of defendants' policies, rules and/or regulations, please:

(a) identify (by name, current or former home and business address, telephone number and position) all persons who made such grievances, claims, allegations, and/or complaints;

(b) for each person identified, set forth the date and substance of each grievance, claim, allegation and/or complaint;

(c) Identify (by name, current or former home and business address, telephone number and position) all persons who have knowledge about each grievance, allegation, complaint and/or claims.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: This interrogatory is overbroad and unduly burdensome on its face. In any event, Defendants have provided in their answer to interrogatory number 12 (which will be supplemented) information concerning complaint of discrimination and/or harassment made by women employees. In addition, Defendants will be producing documents concerning other complaints by women regarding sex discrimination and/or harassment, and are producing grievances filed by female employees. Therefore, plaintiff's motion should be denied with respect to interrogatory number 11.

INTERROGATORY NO. 13: Did plaintiff ever speak to defendants (and/or any of their current or former employees, agents and/or representatives including any persons from personnel or human resources, Bob Ringman, Ed Bolduc, Gary Sunday, Dave Lauble, Cliff Richards, Bill Peck, Ray Conroy, Frank Devlin, Bud Butler, Leslie Wortman, and/or Frank Lisi) about the manner in which she was being treated by males on the job, that she was being subjected to sexual harassment and/or discrimination, that she was having problems with any of her supervisors, that she was having problems with co-worker and/or that she was being treated unfairly or differently on the job? If the answer is yes, please:

(a) identify all persons who have knowledge about your answer;

(b) for each person identified in your answer to 13(a), set forth everything which he or she knows.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

Discussion: This interrogatory is overbroad an unduly burdensome on its face. The interrogatory is limited neither in subject matter, i.e., complaints about sex harassment or disparate treatment, nor in time. It is also unduly burdensome. Plaintiff would have Defendants interview every employee it had since 1989 to ascertain whether plaintiff spoke to them about any problems and to find out "everything which he or she knows," and attest to same under oath. This is oppressive and well beyond what is required of a party in discovery. Plaintiff is free to depose those persons to whom she contends she made complaints about her treatment in the workplace. In any event, Defendants have produced all documents in their possession concerning any complaints made by the plaintiff, and have identified those persons whom have knowledge of the matters involved in this litigation. With respect to interrogatory number 13, plaintiff's motion should be denied.

INTERROGATORY NO. 16: Please set forth the date and substance of all oral and/or written communications which relate to plaintiff including, but not limited to, anything related to this lawsuit, defendants' answer to plaintiff's Complaint or their affirmative defenses, any complaints by plaintiff, any grievances by plaintiff, and/or any problems which plaintiff was having on the job. Your answer should include, but not limited to, any communications to, from or about plaintiff, any communications between or among defendants, any communications between defendants and any persons affiliated with, or working for, a union, any communications between defendants and any person from a state or federal agency, any communications between plaintiff and Bob Ringman, Ed Butler, and union steward or official, and any communications between defendant and any health care provider.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the work product doctrine and/or attorney-client privilege.

Discussion: This interrogatory is remarkably overbroad and unduly burdensome on its face. It is not limited in time or subject matter. Its excessive overbreadth would require the Defendants to provide detailed information concerning a discussion occurring 15 years ago between employees about a routine work matter involving the plaintiff. For the same reason, the interrogatory is unduly burdensome. Plaintiff's motion should be denied with respect to this interrogatory.

INTERROGATORY NO. 17: Do defendants claim that they have been unduly prejudiced by anything which plaintiff has done or failed to do? If the answer is yes, please:

(a) identify each person who has information about this claim;

(b) for each person identified, set forth what information he or she has;

(c) identify all documents which relate to your answer;

(d) describe, in as much detail as possible, what plaintiff has done or failed to do.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, is not calculated to lead to the discovery of admissible evidence, and to the extent it seeks information protected from disclosure by the work product doctrine and/or attorney-client privilege.

Discussion: Defendants' objections are well-founded. In her motion, plaintiff states that Defendants should answer this interrogatory because they have asserted the *Faragher* defense. Plaintiff has propounded an interrogatory which more particularly addressed Defendants' *Faragher* defense, Interrogatory number 20, which Defendants have answered and which is not at issue in the present motion to compel. Plaintiff's motion should be denied with respect to interrogatory number 17.

INTERROGATORY NO. 18: During the time that plaintiff has worked for defendants, did defendants (or any of their current or former agents, employees and/or representatives) ever discipline, reprimand, counsel, and/or speak to any employees

> including those working in the garage at Dexter Street, those working in Facilities Maintenance, Leak Survey, Meter Reading, Customer Service, and/or Construction & Maintenance (i) because he or she swore, (ii) because he or she used language which was crude, inappropriate or offensive, and/or (iii) because of the language he or she used. If the answer is yes, please identify, by name, gender and current and/or last known business or home address, each person who was reprimanded, counseled, disciplined and/or spoken to and set forth, in as much detail as possible, what each person did which caused them to be disciplined, reprimanded, counseled and/or spoken to.
>
> OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence.

Discussion: This interrogatory is overbroad and unduly burdensome on its face. It is not reasonably limited in time, geographic scope, or subject matter. As drafted, the interrogatory would require Defendants to provide, for example, details of an occasion in 1989 on which an employee in some other department working for some other supervisor was spoken to about his or her language. The interrogatory is also unduly burdensome. Complying with the interrogatory would require Defendants to review the personnel file of every employee it has ever employed and interview every supervisor it has ever employed.

> INTERROGATORY NO. 23: During the period 2000 to the present time, were any employees allowed to bump into a position for which they did not have all of the requisite skills, qualifications, tests, licenses and/or experience and/or allowed to try a job even if they did not have the requisite skills, qualifications, tests, licenses and/or experience? If so, please identify each and every employee by name, gender, current or former business and home address, telephone number, position bumped out of and into, experience and qualifications as of time of initial move or bumping, and experience and qualifications which were missing as of time of initial bumping or move.
>
> OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: Plaintiff has made no allegation in her complaint concerning discrimination with respect to "bumping" and, therefore, this interrogatory does not seek facts relevant to her claim. Moreover, the interrogatory is overbroad in scope. It is not limited to

employees who held the same job as the plaintiff. The experience of employees who are not similarly situated to the plaintiff is not relevant to her claims. In addition, this interrogatory is unduly burdensome. Responding to this discovery request would require Defendants to review perhaps hundreds of employees' files and interview numerous supervisory and management personnel in order to ascertain the requested information. Plaintiff's motion should be denied with respect to interrogatory number 23.

INTERROGATORY NO. 24: During the time that plaintiff has worked for defendants, identify (by name, current or former home and business address, telephone number, gender, and position) all persons who have had to work in Construction & Maintenance as part of their job; and, for each person identified, set forth how long he or she worked in Construction & Maintenance.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: On its face this interrogatory is overbroad and unduly burdensome.

INTERROGATORY NO. 25: During the period 2000 to the present time, please identify (by name, current or former home and business address, telephone number, seniority date, qualifications and experience before bumping into each position, dates worked in any position he or she bumped into, and gender) all persons who have bumped into, or were allowed to try out, a position. Your response should be limited to persons bumping from or into jobs in Facilities Maintenance, Meter Reading, boiler-maker or security jobs, Customer Service, Construction & Maintenance, and/or Leak Survey.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties.

Discussion: Plaintiff has made no allegation in her complaint concerning discrimination with respect to "bumping" and, therefore, this interrogatory does not seek facts relevant to her claim. Moreover, this interrogatory is unduly burdensome. Responding to this discovery request would require Defendants to review perhaps scores of employees' files and

interview numerous supervisory and management personnel in order to ascertain the requested information. Plaintiff's motion should be denied with respect to interrogatory number 25.

Plaintiff seeks to compel Defendants to provide supplemental answers to the following interrogatories.

INTERROGATORY NO. 3 During the period 1989 to the present time, did defendant (or any of its current or former agents, employees and/or representatives) ever hear, see, suspect and/or learn the there were magazines, pictures and/or posters depicting naked or partially clad females anywhere in the work place? If the answer is yes, please:

(a) Identify (by name, current or former business and home address, telephone number, and position) all persons who heard, suspected, saw or learned this;

(b) for each person identified, set forth what he or she heard, suspected, saw or learned;

(c) if applicable, for each person identified, state what action he or she took, if any.

OBJECTION AND RESPONSE: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Henry Butler is aware that calendars and magazines containing pictures of women were occasionally present in the workplace. Whenever such items came to Mr. Butler's attention, he would instruct that they be removed. In approximately 1997, an employee whose daughter had reportedly seen a picture of a woman in a bikini in the employees' gym at Dexter Street complained about its presence. The item was subsequently removed.

Discussion: Defendants have answered sufficiently based on the information reasonably within their knowledge, and will be supplementing their answers to identify one additional person believed to have knowledge on this topic. Plaintiff would have the Defendants interview every present and former employee over the past 16 years to ascertain the details of each occasion in which any employee ever so much as "suspect[ed]" that a picture of a partially clad female were in the workplace. Moreover, the interrogatory is clearly overbroad. Photos of

what could be considered "partially clad" women appear routinely in mainstream magazines such as People.

INTERROGATORY NO. 5 Did defendants (and/or any of their current or former agents, employees and/or representatives) ever hear, learn or suspect that plaintiff had complained about an incident involving a gun which took place while she was working? If the answer is yes, please:

(a) identify all person who have knowledge of this;

(b) for each person identified, set forth, in as much detail as possible, what he or she knows;

(c) for each person identified, set forth the date he or she first learned anything about this.

(d) if applicable, set forth what actions defendants took.

RESPONSE: During the early 1990s, Henry Butler heard a rumor from a source that he cannot recall that a gun had been present in the Dexter Street garage, and handled by an employee or employees in the garage during work time. Based on the company's prohibition against weapons in the workplace, Mr. Butler spoke to Bob Ringman, who questioned Fred Straight, the garage supervisor, about it. The rumor could not be substantiated. Plaintiff never complained to anyone in management about a gun being held to her head. In 2001, plaintiff mentioned to D'Anna Soehnge that an employee had on one previous occasion been playing around with a gun at work. Ms. Soehnge attempted to inquire about the incident, but the plaintiff declined to discuss it further, and did not provide any further details.

Discussion: Defendants will be supplementing their answer to provide additional details requested by the plaintiff. Otherwise, Defendants' answer is sufficient.

INTERROGATORY NO. 14 Please identify all persons, by name, title, and current, or last known, business and home address, who have knowledge about the allegations which form the basis of plaintiff's Complaint or which relate to the information contained in your Answer to the instant Complaint including, but not limited to, those individuals who provided information which was used in the preparation of your Answer to the Complaint, any individuals involved in any investigations relating to plaintiff, each and every individual who has knowledge about what was done to respond to plaintiff's request for production of documents, any individual who has knowledge about what files and departments were searched in response to plaintiff's request for production of documents, any individuals who have knowledge about why plaintiff was terminated and/or disciplined, any individuals who, directly or indirectly, provided information to the Rhode Island Commission for Human Rights, and any individuals who provided

information to you which assisted in the preparation of these answers to these interrogatories; and, for each person identified, state what he or she knows.

OBJECTION AND RESPONSE: Defendants object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants are currently aware of the following individuals who have knowledge: D'Anna Soehnge, Bud Butler, Leslie Wortman, Joan Chaffee, Cliff Richer, Bob Ringman, Ed Bolduc, Mike McGuire, Ray Conroy, Frank Devlin, Sue Green, Elliot Kempe, Donald Clement, Barbara Alderman, Myrle Dean, Jim Dawley, Mark Boyajian, Mark Crozier, Danielle Morrissey, Paul Cardin.

Discussion: Defendants will be supplementing their answer to provide additional details requested by the plaintiff. Otherwise, Defendants' objections are valid and its answer sufficient. The interrogatory is overbroad in requiring the Defendants to identify every person who has any knowledge regarding a multitude of subject areas. "Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only." *Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 662 (D. Kan. 1996) (interrogatory questions "should be objective") (quoting William W. Schwarzer et al., *Civil Discovery and Mandatory Disclosure: A Guide to Efficient Practice* 4-5 to 4-7 (2d ed. 1994)). Moreover, requiring that the Defendants provide under oath an inventory of everything each identified person knows, is unduly burdensome. Plaintiff would have Defendants interview each person exhaustively to ascertain the information requested. Defendants have answered sufficiently by providing the identity of persons whom are believed to have knowledge.

INTERROGATORY NO. 20 Do defendants claim that they exercised reasonable care to prevent and promptly correct acts of sexual harassment in its workplace and that plaintiff failed to take advantage of any preventative and corrective opportunities provided by defendant or to otherwise avoid harm at any time during her employment? If so, please set forth, in as much detail as possible, all facts in support of this claim.

RESPONSE: At all times during plaintiff's employment, defendants and their predecessors had in place sexual harassment policies which provided multiple avenues of complaint. Those avenues included bringing complaints directly to Human Resources.

In addition, plaintiff had the option to file grievances through her union complaining about sexual harassment. Prior to her instigation of this litigation, plaintiff did not avail herself of any of the avenues of complaint available to her.

Discussion: Defendants will be supplementing their answer to provide some additional details regarding harassment training conducted in the 1990s. Otherwise, Defendants' answer is sufficient. In her motion papers, plaintiff complains that "Defendants have not identified the policies that existed." This argument does not hold water. As an initial matter, the interrogatory does not ask Defendants to identify its policies. In any event, defendants have produced to plaintiff all of the discrimination and sexual harassment policies in effect during her employment with the Company. Plaintiff's motions should be denied with respect to interrogatory number 20.

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY

By their attorney,

HOLLAND & KNIGHT LLP

Robert J. Crohan Jr.

Neal J. McNamara, Esq. (#4249)
Robert J. Crohan Jr., Esq. (#6516)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2d day of November, 2005 a copy of the foregoing was mailed to:

Patricia E. Andrews, Esq.
Carly B. Iafrate, Esq.
170 Westminster Street, Suite 601
Providence, RI 02903

Robert J. Cochran Jr.

# 3343054_v1