UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LYNORE I. HORN,
Plaintiff,

v.

SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY

Defendants.

C.A. No. 04-434-S

**DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

Defendants Southern Union Company and New England Gas Company, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, hereby request leave to amend their Answer to include two additional affirmative defenses. Attached hereto is the proposed Amended Answer to Amended Complaint, which incorporates the new defenses, Defendants' Fifth Defense and Sixth Defense. In support of this motion, Defendants rely upon the Memorandum submitted herewith.

Respectfully submitted,

DEFENDANTS,
SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY,

By their attorneys,

HOLLAND & KNIGHT LLP

Robert J. Crohan Jr.

Neal J. McNamara #4249
Robert J. Crohan Jr. #6516
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of November, 2005 a copy of the foregoing was mailed to:

Patricia E. Andrews, Esq.
Carly B. Iafrate, Esq.
170 Westminster Street, Suite 601
Providence, RI 02903

Marilyn Lovely

# 3382166_v2

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LYNORE I. HORN,
Plaintiff,

v. C.A. No. 04-434-S

SOUTHERN UNION COMPANY and
NEW ENGLAND GAS COMPANY

Defendants.

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

## I. Introduction

This employment discrimination suit was filed in September of 2004 by Plaintiff Lynore Horn, who alleges that she was subject to a hostile work environment, unlawful discrimination, and retaliation on the basis of her sex in violation of the Fair Employment Practices Act ("FEPA"), R.I. Gen. Laws § 28-5-1 *et seq.* and the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws § 42-112-1 *et seq.* The Defendants timely answered the complaint and the parties are presently engaged in discovery. Defendants now seek leave to amend their answer under Federal Rule of Civil Procedure 15(a) to add additional defenses.

## II. Legal Standard

Federal Rule of Civil Procedure 15(a) allows for the amendment of pleadings "when justice so requires." Fed. R. Civ. P. 15(a). "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave sought should,

as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). Generally, amendments are "allowed with liberality where necessary to bring about a furtherance of justice and where the adverse party will not be prejudiced and the presentation of the merits will be subserved." *Fli-Fab, Inc. v. United States*, 16 F.R.D. 553, 556 (D.R.I. 1954). "This true even though a different theory of . . . defense is presented by the proposed amendment." *Id.*

## III. Discussion

Defendants seek leave to assert two additional categories of defenses to plaintiff's claims. First, they seek to assert additional equitable defenses to plaintiff's hostile work environment claim. Second, Defendants seek to assert a defense to plaintiff's claims for punitive damages. The basis of these defenses will be addressed seriatim.

### A. Equitable Defenses.

In the course of discovery it has become clear that the plaintiff intends to rely upon the "continuing violation" doctrine in support of her hostile work environment claim. The Rhode Island Supreme Court has recognized the continuing violation doctrine established by federal courts under Title VII. *See Croce v. State*, 881 R.I. 75, 79-80 (R.I. 2005). Recently, in *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), the U.S. Supreme Court recognized that a defendant may raise equitable defenses to claims asserted under the continuing violation doctrine, including waiver, estoppel, and laches. *See* 536 U.S. at 121-22. Since the Rhode Island Supreme Court typically relies upon federal precedents interpreting federal law when addressing issues under the analogous state statutes, *see Center for Behavioral Health, Rhode Island, Inc. v. Barros*, 710 A.2d 680, 685 (R.I. 1998), it is likely that these equitable defenses would be recognized under Rhode Island law.

Defendants asserted the defense of laches in their initial Answer. They seek leave to assert waiver and estoppel as additional equitable defenses to plaintiff's claim.

**B. Defense to Punitive Damages Claims.**

Both FEPA and RICRA authorize awards of punitive damages under certain circumstances. Similar to its federal Title VII counterpart, FEPA allows for punitive damages where a plaintiff demonstrates that the defendant's unlawful conduct is "motivated by malice or ill will or when the action involves reckless or callous indifference to the statutorily protected rights of others . . ." R.I. Gen. Laws § 28-5-29.1. In construing provisions of state anti-discrimination statutes, the Rhode Island Supreme Court looks to decisions of the federal courts construing similar provisions of analogous federal statutes for guidance. *See Barros*, 710 A.2d at 685; *Newport Shipyard, Inc. v. Rhode Island Comm'n for Human Rights*, 484 A.2d 893, 897-98 (R.I. 1984).

In *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999), the U.S. Supreme Court held than an employer can defend against punitive damages claims by demonstrating good faith efforts to comply with the requirements of Title VII. *See id.* at 544-45; *see also Romano v. U-Haul Int'l*, 233 F.3d 655, 670 (1st Cir. 2000) (instructing that the *Kolstad* defense is an affirmative defense). Given the Rhode Island Supreme Court's practice of following federal court decisions interpreting similar provisions of analogous statutes, Defendants submit that the *Kolstad* defense may be applied to the FEPA and RICRA claims asserted in this case. Accordingly, Defendants seek to amend their Answer to assert this affirmative defense.

**C. Circumstances of Instant Motion to Amend.**

None of the reasons justifying denial of leave to amend are present in this case. First, Defendants have not unduly delayed in moving to amend. Discovery is ongoing and depositions

have only recently begun. The discovery cut-off is February 17, 2006. Second, leave to amend is not being sought in bad faith or for dilatory motive on the part of the Defendants. Amendment will not result in any delay in the proceedings. Neither the discovery deadline nor the trial date will need to be pushed back if leave to amend is granted. Third, Plaintiff will not be unduly prejudiced by the amendment. Again, depositions have just begun and sufficient time remains for any additional written discovery plaintiff may desire to undertake based on the additional defenses. In any event, the additional defenses pose primarily legal questions requiring "little or no additional discovery." *Burns & Roe, Inc. v. Central Me. Power Co.*, 659 F. Supp. 141, 143 (D. Me. 1987). Finally, the amendment is not futile. As discussed above, the defenses sought to be added are viable defenses to plaintiff's claims. *See* 6 Wright, Miller, & Kane, *Federal Practice & Procedure* § 1487, at 637-43 (1990) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper."); *Schock v. United States*, 21 F. Supp. 2d 115, 124-25 (D.R.I. 1998).

## IV. Conclusion

For the foregoing reasons, Defendants respectfully request that their Motion For Leave to Amend the Answer be granted.

Respectfully submitted,

DEFENDANTS,
SOUTHERN UNION COMPANY AND
NEW ENGLAND GAS COMPANY,
By their attorneys,

HOLLAND & KNIGHT LLP

Neal J. McNamara #4249
Robert J. Crohan Jr. #6516
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18 day of November, 2005 a copy of the foregoing was mailed to:

Patricia E. Andrews, Esq.
Carly B. Iafrate, Esq.
170 Westminster Street, Suite 601
Providence, RI 02903

# 3384675_v2