UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LYNORE I. HORN :
:
v. : C.A. No. 04-434S
:
SOUTHERN UNION COMPANY and :
NEW ENGLAND GAS COMPANY :

**MEMORANDUM AND ORDER**

Before the Court for determination is a Motion to Withdraw filed by Plaintiff's counsel on December 12, 2005. (Document No. 48). A hearing was held on December 28, 2005 at which the movants, Attorney Patricia E. Andrews and Attorney Carly Beauvais Iafrate, Plaintiff Lynore Horn, and Defendants' counsel appeared and were heard. As discussed below, the Motion to Withdraw was continued for a further hearing on January 30, 2006, and Plaintiff's counsel was directed to make an in camera submission to the Court by January 16, 2006.

This is an employment discrimination case. It is related to Carol Petrarca v. Southern Union Co., et al., C.A. No. 04-310S and Christine Stamp v. Southern Union Co., et al., R.I. Sup. Ct., C.A. No. 04-4592, which involve different plaintiffs but similar allegations, the same defendants and the same attorneys. This case is fifteen months old. Discovery has been extended twice and closes on February 17, 2006.

The Motion to Withdraw indicates that an "irreparable breakdown in communications" has occurred. At the hearing, Attorney Andrews indicated that withdrawal was ethically compelled by an unspecified conflict of interest. Ms. Horn represented to the Court that she was not qualified[1] to

[1] Ms. Horn also represented that she suffers from post-traumatic stress disorder and is on medication.

represent herself in this case and has been unable, for financial reasons, to engage successor counsel. She had no objection to Attorney Andrews' withdrawal, but did have an objection to Attorney Iafrate's withdrawal. Further, Ms. Horn asserted that only Attorney Iafrate is listed on the docket as her attorney in this case.

After the hearing in this matter, the Court reviewed the case file in more detail, and it appears that Attorney Andrews may never have technically appeared in this matter in accordance with the Court's rules. Local R. 6(a) provides that "[t]he filing of any pleading or other paper...shall constitute an appearance by a member of the bar of this court who signs it in the case in which the paper is filed." (emphasis added). See also Local R. Gen. 206 (effective January 1, 2006) ("the filing of a written entry of appearance of any other document signed on behalf of a party constitutes an entry of appearance for that party." (emphasis added)). As noted by Ms. Horn at the hearing, the Court's docket identifies only Attorney Iafrate as her attorney. It does not appear that Attorney Andrews ever signed and filed a written notice of appearance on Ms. Horn's behalf. In addition, although Attorney Andrews' name is typed below the signature line on all pleadings filed in this case, it appears that only Attorney Iafrate has signed these pleadings and thus has appeared in this case. This is presumably why the docket identifies only Attorney Iafrate as Ms. Horn's attorney. Even the Motion to Withdraw was not actually signed by Attorney Andrews. Attorney Andrews' name is signed on the pleading, but is followed by Attorney Iafrate's initials, indicating that Attorney Iafrate signed the name.

As noted at the hearing, this Court is very troubled by this eleventh-hour Motion to Withdraw given Ms. Horn's apparent inability to effectively represent herself in this case and her inability to engage successor counsel. Thus, this Court ORDERS that:

1. Attorneys Andrews and Iafrate shall each immediately offer their assistance to Ms. Horn in her attempts to engage acceptable successor counsel.

2. Attorneys Andrews and Iafrate shall make a joint in camera submission to this Court by January 16, 2006 which addresses the following issues:

(a) the factual and legal basis for the claimed conflict of interest which ethically precludes continued representation of Ms. Horn and why it was not identified prior to or at the outset of the representation;

(b) whether Attorney Andrews has actually appeared in this case and whether Attorney Iafrate should be considered Ms. Horn's sole and lead counsel;

(c) why this claimed conflict of interest requires Attorney Andrews to withdraw in this case but no such motion to withdraw has been filed in the Petrarca or Stamp cases;

(d) the factual and legal basis for Attorney Andrews' representation that Attorney Iafrate "works for me;" and

(e) whether Attorneys Andrews and Iafrate have any legal or ethical obligation to find appropriate successor counsel for Ms. Horn under these circumstances.

3. Attorneys Andrews and Iafrate shall send a copy of their joint in camera submission to Ms. Horn, and Ms. Horn may respond in writing directly to this Court by January 20, 2006.

LINCOLN D. ALMOND
United States Magistrate Judge
December 29, 2005