UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE I. HORN | : | |
| | : | |
| v. | : | C.A. No. 04-434S |
| | : | |
| SOUTHERN UNION COMPANY and NEW ENGLAND GAS COMPANY | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination is a Motion to Withdraw filed by Plaintiff's counsel on December 12, 2005. (Document No. 48). An initial hearing was held on December 28, 2005 at which the movants, Attorney Patricia E. Andrews and Attorney Carly Beauvais Iafrate, Plaintiff Lynore Horn, and Defendants' counsel appeared and were heard. The Motion to Withdraw was continued and a further hearing was held on January 30, 2006. In the interim period, Plaintiff's counsel made in camera submissions to the Court on January 17, 2006 and January 25, 2006. Plaintiff also made an in camera submission to the Court on or about January 21, 2006.

This is an employment discrimination case. It is related to Carol Petrarca v. Southern Union Co., et al., C.A. No. 04-310S and Christine Stamp v. Southern Union Co., et al., R.I. Sup. Ct., C.A. No. 04-4592, which involve different plaintiffs but similar allegations, the same defendants and the same attorneys. Plaintiff's counsel also filed a Motion to Withdraw in the Petrarca case which was granted on February 7, 2006 following the entry of appearance of successor counsel for Ms. Petrarca.

The Motion to Withdraw indicates that an "irreparable breakdown in communications" has occurred. At the initial hearing, Attorney Andrews indicated that withdrawal was ethically compelled by an unspecified conflict of interest. Subsequently, Plaintiff's counsel provided a more

detailed explanation of this ethical conflict to the Court and later submitted a copy of a letter dated January 20, 2006 to Plaintiff's counsel from Attorney Barbara Margolis, Rhode Island Deputy Disciplinary Counsel, confirming her advice that Plaintiff's counsel could no longer ethically represent Plaintiff and are obliged to move to withdraw in this case as well as the Petrarca and Stamp cases.

At the second hearing held on January 30, 2006, Plaintiff was advised that this Court considered Attorneys Andrews and Iafrate to be associated attorneys and that they could not be treated independently for purposes of this Motion. In other words, they are either both in or both out of the case. Based on this ruling, Plaintiff indicated that she had no objection to the Motion to Withdraw.[1] Plaintiff was also advised that this Court places great weight on the opinion of Deputy Disciplinary Counsel Margolis that Plaintiff's counsel could no longer ethically represent Plaintiff in this case. Accordingly, Plaintiff was advised that this Court would GRANT the Motion to Withdraw but that such ruling would be delayed two weeks to allow Plaintiff additional time to secure successor counsel.

Plaintiff advised the Court that she has contacted several attorneys about taking her case and that three "like her case." Attorney Andrews also advised that a local practitioner has expressed interest but Plaintiff chose not to engage him. Since the Motion to Withdraw was initially filed, Plaintiff has had over two months to find and engage successor counsel but has not yet done so. The docket does not reflect the appearance of successor counsel on Plaintiff's behalf. Thus, this Court has no reasonable alternative at this time but to GRANT the Motion to Withdraw (Document No.

[1] At the first hearing, Plaintiff had no objection to the Motion to Withdraw as to Attorney Andrews but did have an objection as to Attorney Iafrate.

48) of Attorneys Andrews and Iafrate. As of the date of this ORDER, Plaintiff Lynore Horn has appeared in this case on her own behalf and is a pro se litigant. See Local Rule Gen. 205. Plaintiff should promptly familiarize herself with this Court's Local Rules and the Federal Rules of Civil Procedure as she is now representing herself in this case and is responsible for complying with those Rules going forward.

LINCOLN D. ALMOND
United States Magistrate Judge
February 15, 2006