UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN,<br>Plaintiff<br><br>v.<br><br>SOUTHERN UNION CO. &<br>NEW ENGLAND GAS CO.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 04-434-S |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' ATTORNEY TO WITHDRAW**

Defendants Southern Union Co. and New England Gas Co. hereby object to Plaintiff's Motion to Compel Defendants' Attorney to Withdraw. Plaintiff has not alleged, let alone carried her burden of showing, circumstances that would warrant Attorney McNamara's disqualification. Therefore, Plaintiff's Motion should be denied. In support of this Objection, Defendants submit the attached memorandum.

Respectfully submitted,
DEFENDANTS SOUTHERN UNION CO. &
NEW ENGLAND GAS CO.

By their attorneys,

NIXON PEABODY LLP

Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent, via Federal Express overnight delivery a true and accurate copy of the within document to Lynore Horn, 88 Alger Avenue, East Greenwich, RI 02821 this 5th day of May, 2006.

[signature]

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN, Plaintiff | : | |
| v. | : | C.A. No. 04-434-S |
| SOUTHERN UNION CO. & NEW ENGLAND GAS CO., Defendants. | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' ATTORNEY TO WITHDRAW**

**I. Introduction**

In this employment discrimination action, Plaintiff Lynore Horn ("Plaintiff") seeks to disqualify Attorney Neal J. McNamara ("Attorney McNamara") as counsel for Defendants Southern Union Co. and New England Gas Co. ("Defendants"). Defendants strongly object to Plaintiff's frivolous Motion, which has no basis in law and is a transparent attempt to "harass opposing counsel" and to use the Rules of Professional Conduct as a "procedural weapon." See Kevlik v. Goldstein, 724 F.2d 844, 848 (1st Cir. 1984). As this Memorandum makes clear, Plaintiff has not alleged, let alone carried her burden of showing, circumstances warranting Attorney McNamara's disqualification. For these reasons, Plaintiff's Motion should be denied.

**II. Argument**

"[D]isqualification, as a prophylactic device . . . is a drastic measure which courts should hesitate to impose except when absolutely necessary." Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982). "[W]hen deciding on a motion for disqualification, a court should proceed with caution." Addamax Corp. v. Open Software Found., Inc., 151 F.R.D. 504, 509 (D. Mass. 1993) (internal quotes and citations omitted). A court must also respect the

clients' right to choose their own attorney. Gray v. Rhode Island Dept. of Children, Youth, & Families, 937 F. Supp. 153, 156 (D.R.I. 1996).

Therefore, "[c]ourts must balance two competing interests when deciding a motion to disqualify another party's attorney: (i) the client's right of choosing an attorney and (ii) the protection of the integrity of the judicial process." Id. Courts must "remain skeptical of disqualification motions because of the increasingly strategic manner in which they are used." Id. The moving party bears the burden of proof in a motion to disqualify. Polyagro Plastics, Inc. v. Cincinnati Milacron, Inc., 903 F. Supp. 253, 256 (D.P.R. 1995).

This Court has adopted and applies the Rhode Island Rules of Professional Conduct in determining whether disqualification is warranted. See Local Rule Gen. 208(a); Gray, 937 F. Supp. at 156. Under those rules, disqualification is only required when an attorney's previous representation of a client presents a conflict of interest vis-à-vis the attorney's (or his firm's) representation of the present client. See R.I. R. Prof'l Conduct 1.7, 1.9, 1.10; see also Polyagro Plastics, Inc., 903 F. Supp. at 256.

Here, Plaintiff has not alleged a conflict of interest or any other improper behavior that would require Attorney McNamara's disqualification. Plaintiff incorrectly believes and alleges that Attorney McNamara has received confidential information relating to Plaintiff's case from Plaintiff's former attorney, Patricia Andrews. Plaintiff's suspicions are totally unfounded.

Attorney McNamara and Attorney Andrews did not have any communications regarding Plaintiff's case from the time of Attorney Andrews' withdrawal until April 21, 2006. See Ex. A, Affidavit of Neal J. McNamara, ¶ 7. On that date, Attorney McNamara engaged in a telephone conversation with Attorney Andrews during which he informed her that he was seeking certain documents that he believed were discoverable because Plaintiff had waived attorney-client

privilege with respect to them. See id. During that same conversation, Attorney Andrews informed Attorney McNamara that he would have to serve a subpoena. See id. Attorney McNamara then informed her that he would serve one the following week. See id. After that conversation, Attorneys McNamara and Andrews had two additional conversations regarding the subpoena and whether Attorney Andrews was planning on filing an objection or motion with respect to the subpoena. See id. ¶ 8. Attorney Andrews stated that she was aware that Plaintiff was filing a motion for a protective order and would not file anything herself. See id. At no time did Attorneys McNamara and Andrews discuss any privileged or confidential information regarding Plaintiff. See id. ¶ 9.

Even if, viewing things from Plaintiff's point of view, the above conversations resulted in the mere appearance of impropriety – which Defendants adamantly deny – that would still be insufficient to disqualify Attorney McNamara. See Olivier v. Town of Cumberland, 540 A.2d 23, 27 (R.I. 1988) ("[T]he appearance of impropriety alone is simply too slender a reed on which to rest a disqualification order except in the rarest of cases.") (internal quotes and citation omitted).

Plaintiff has adduced no evidence that Attorneys Andrews and McNamara engaged in any improper discussions. Plaintiff points to Defendants' letter to this Court, dated April 20, 2006, requesting a pre-summary judgment conference. Specifically, Plaintiff points to Defendants' mention of "confusion surrounding the recent withdrawal of Plaintiff's counsel." Plaintiff's reliance on the letter is misguided. Defendants simply referenced the "confusion" surrounding Attorney Andrews withdrawal as a reason why an extension of time to file summary judgment motions was appropriate. Certainly, this Court is aware that this litigation essentially ground to a halt during the more than two months that elapsed between the filing of Attorney

Andrews' withdrawal motion (December 12, 2005) and the Order granting that withdrawal and assigning Plaintiff *pro se* status (February 15, 2006). The Defendants' use of the word "confusion" simply referenced the period of time when it was unclear whether Plaintiff would retain successor counsel, or Attorney Andrews would remain in the case, or Plaintiff would proceed *pro se*.[1]

Plaintiff's assertion that Attorney McNamara should be disqualified because she intends to call him as a witness is also misguided. Any communications made by Attorney McNamara to Defendants during the period of Plaintiff's employment are protected by the attorney-client privilege, and would be inadmissible at trial. Furthermore, Plaintiff will be able to elicit testimony from several other persons regarding Defendants' decision(s) to move or not to move Plaintiff from an allegedly "hostile area," and thus Attorney McNamara's testimony is not necessary to Plaintiff's case. Lastly, even if Attorney McNamara could properly be called as a witness in this case, disqualification is not warranted because it would "work substantial hardship on the client" in violation of R.I. R. Prof'l Conduct 3.7(a)(3). Attorney McNamara has been Defendants' lead counsel on this case since its inception. His disqualification would cause serious delay in the proceedings and is otherwise wholly unwarranted.

[1] Defendants note that Plaintiff could have easily cleared up any confusion regarding the language used in Defendants' April 20, 2006 letter by simply calling Attorney McNamara and inquiring as to its meaning. Instead, Plaintiff hastily filed this frivolous motion.

## III. Conclusion

For the foregoing reasons, Defendants request that Plaintiff's Motion to Compel Defendants' Attorney to Withdraw be DENIED.

Respectfully submitted,
DEFENDANTS SOUTHERN UNION CO. &
NEW ENGLAND GAS CO.

By their attorneys,

NIXON PEABODY LLP

Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent, via Federal Express overnight delivery a true and accurate copy of the within document to Lynore Horn, 88 Alger Avenue, East Greenwich, RI 02821 this 5th day of May, 2006.