UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN,<br>Plaintiff | : | |
| v. | : | C.A. No. 04-434-S |
| SOUTHERN UNION CO. &<br>NEW ENGLAND GAS CO.,<br>Defendants. | : | |

**DEFENDANTS' MOTION TO COMPEL AND FOR SANCTIONS**

Defendants Southern Union Co. and New England Gas Co. hereby move this Court, pursuant to FRCP Rule 37 (b)(2), for an Order 1) compelling plaintiff to comply with a previous Order, dated May 11, 2004, requiring compliance with a subpoena, and 2) an award of sanctions consisting of defendants' reasonable expenses, including attorneys fees, incurred as a result of plaintiff's failure to comply with the previous Order. In support of this Motion for sanctions, Defendants submit the attached memorandum of law .

Respectfully submitted,
DEFENDANTS SOUTHERN UNION CO. &
NEW ENGLAND GAS CO.

By their attorneys,

NIXON PEABODY LLP

Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent, via Federal Express overnight delivery a true and accurate copy of the within document to Lynore Horn, 88 Alger Avenue, East Greenwich, RI 02821 this 19th day of May, 2006.

[signature]

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN, Plaintiff | : | |
| v. | : | C.A. No. 04-434-S |
| SOUTHERN UNION CO. & NEW ENGLAND GAS CO., Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTION FOR SANCTIONS**

Defendants submit this memorandum in support of their motion for sanctions pursuant to Rule 37(B)(2) of the Federal Rules of Civil Procedure for Plaintiff's failure to comply with this Court's Order of May 11, 2004.

**Background**

Plaintiff was previously represented in this action by Attorneys Patricia Andrews and Carly Beauvais Iafrate. Ultimately, Plaintiff's counsel was permitted to withdraw, and Plaintiff entered her pro se appearance and remains pro se. Thereafter, Defendants served document subpoenas on Plaintiff's former attorneys and Plaintiff, seeking, inter alia, the production of certain notes composed by Plaintiff, shared with her psychologist, Robert A. Marzilli, P.h.D and later given to Attorney Andrews and/or Iafrate. In response to these subpoenas, Plaintiff filed Motions for Protective Order asserting that the documents sought by the subpoenas were privileged from disclosure by the attorney-client privilege. Defendants argued that any privilege attached to these notes was waived by plaintiff's voluntary disclosure of them to Dr. Marzilli. The Court agreed and by Memorandum and Order dated May 11, 2006 directed the Plaintiff to produce to Defendants' counsel, within fourteen (14) days of the date of the Order, the two notes

she authored and shared with Dr. Marzilli. The Order further indicated that if the Plaintiff, within that time frame, indicated that she was not in possession of either or both notes, Plaintiff's former attorneys must produce the notes within sever (7) days thereafter.

By letter dated May 10, 2006, Plaintiff indicated to Defendants' counsel that she was not in possession of the notes. See letter attached as Exhibit A. In a letter dated May 12, 2006, Defendants' counsel informed Attorney Andrews of Plaintiff's correspondence and requested Ms. Andrews to advise whether the notes were in her possession and when Defendants' counsel could expect to receive them and that, pursuant to the Court's Order, she has seven (7) days from the date of the letter to produce the notes. See letter attached as Exhibit B. Ms. Andrews thereafter informed Defendants' counsel in a letter dated May 19, 2006, a copy of which is attached as Exhibit C, that she had returned to Ms. Horn all notes at the time that she withdrew as her attorney, and therefore was not in possession of the notes.

Defendants again request the Court to direct plaintiff to produce the two notes she authored and shared with Dr. Marzilli and seek additional relief and sanctions pursuant to Fed. R. Civ. P. 37 to remedy the prejudice caused by Plaintiff's failure to comply with this Court's prior discovery Order.

**Plaintiff Should Be Ordered Again to Produce The Notes, and To Pay Defendants' Reasonable Expenses Incurred as a Result of Her Failure To Produce The Notes**

Defendants are unable to determine the location of the notes at issue based on the correspondence from plaintiff and her previous attorney. Defendants believe that the only way to determine the location of the notes is to have an evidentiary hearing.

Moreover, under Rule 37 of the Federal Rules of Civil Procedure, a court may impose a variety of sanctions for failure to comply with a discovery order. Pursuant to this rule, the court has broad discretion to impose appropriate sanctions, including but not limited to ordering

attorney's fees for the costs of bringing the motion for sanctions, striking pleadings or claims, dismissing the action in whole or in part, and imposing prohibitions on introducing particular evidence or testimony at trial. Fed. R. Civ. P. 37(a)(4); Lahrichi v. Lumera Corp., 2006 U.S. Dist. LEXIS 1161 (W.D. Wash. Jan. 4, 2006); Pesaplastic, C.A. v. Cincinanati Milacron Co., 799 F.2d 1510, 1519 (11th Cir. 1986) (district court has very broad discretion in imposition of monetary sanctions); Rickels v. City of South Bend, Ind., 33 F.3d 785, 786-87 (7th Cir. 1999) (Rule 37(a)(4) contains a presumption that the victor on a motion to compel is entitled to its costs, including attorney's fees).

Here, Plaintiff's failure to produce the two notes as previously ordered by the Court constituted sufficient prejudice to impose sanctions under Rule 37. See Payne v. Exxon Corp., 121 F.3d 503 (9th Cir. 1997). Indeed some courts have dismissed entire actions as a result of such noncompliance. See Federal Deposit Ins. Corp. v. Daily, 973 F.2d 1525, 1532 (10th Cir. 1992) (finding no abuse of discretion in a default judgment in favor of a party which did not produce the relevant discovery "because that discovery would have provided [the nonproducing party] with most of what it needed to prosecute its action"). Plaintiff's conduct in this litigation -- which she initiated -- is sanctionable because of the resulting prejudice to Defendants. Defendants cannot be expected to prepare for trial without receiving the notes she authored and shared with Dr. Marzilli. Further, because Plaintiff and her former attorneys have, in essence, informed Defendants that the notes cannot be found, severe sanctions are justified in this case. There is no dispute that the notes existed and were provided to Attorney Andrews. Indeed, Plaintiff's former attorneys identified those notes in a Privilege Log provided to Defendants. See Privilege Log attached as Exhibit D. Plaintiff should not be allowed to pursue the claims that she

has made without providing information necessary for Defendants to defend against those claims. See Lahrici, 2006 U.S. Dist. LEXIS, at *15.

While Defendants are mindful that pro se litigants are generally given wide latitude, pro se status is not a license to disregard the rules and orders of the court. Bahramiam v. United States, 1997 U.S. Claims LEXIS 272, at *10 (Fed. Cl. Nov. 21, 1997). As discussed above, this Court's Order dated May 11, 2006 clearly directed the Plaintiff to comply with Defendant's discovery request. Despite the Court's directive, Plaintiff has not complied and Defendants face continued delay and prejudice in the prosecution of this case. Consequently, Plaintiff's status as pro se should not render her immune from the compulsion and sanction mechanisms set forth in Fed. R. Civ. P. 37. See Van Pier v. Long Island Sav. Bank, F.S.B., 1998 U.S. Dist. LEXIS 15170 (S.D.N.Y. Sept. 28, 1998) (granting defendants' motion under Rule 37(a), for costs and sanctions in connection with pro se plaintiff's failure to comply with order to produce certain documents).

## Conclusion

Based on the above, Defendants seek production of the two notes authored by Plaintiff and shared with Dr. Marzilli as well as attorney's fees and expenses associated with the instant Rule 37 motion caused by Plaintiff's failure to comply with the Court's discovery order of May 11, 2004 and such other relief as the court deems just and equitable. Moreover, Defendants request an evidentiary hearing on this matter to facilitate a determination regarding the status and location of the notes.

Respectfully submitted,
DEFENDANTS SOUTHERN UNION CO. &
NEW ENGLAND GAS CO.

By their attorneys,

NIXON PEABODY LLP

Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent, via Federal Express overnight delivery a true and accurate copy of the within document to Lynore Horn, 88 Alger Avenue, East Greenwich, RI 02821 this 19th day of May, 2006.