AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Lynore Horn

V.

Southern Union Co. & New England Gas Co.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-434-S

TO: Dr. Holly Tytell, Center for Mood & Anxiety Disorders,
345 Blackstone Blvd., Providence, RI 02906

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Your Offices, 345 Blackstone Blvd., Providence, RI 02903 | 05/30/06 @ 11:30am |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Copies of all doctor's notes taken in connection with your treatment of or consultation with Lynore Horn from 2004 to the present.

| PLACE | DATE AND TIME |
|---|---|
| Nixon Peabody LLP, 1 Citizens Plz., Ste. 500, Providence, RI 02903 | by 05/25/06 |

_ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Neal McNa [signature] ATT. FOR DEF. | 05/18/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Neal J. McNamara, 1 Citizens Plz., Ste. 500, Providence, RI 02903, (401) 454-1000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

P 41.00 #6006

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5/18/06 | 345 Blackstone Blvd Providence |

SERVED ON (PRINT NAME): Dr. Holly Tytell

MANNER OF SERVICE: Personally To Witness

Holly Tytell MD

SERVED BY (PRINT NAME)

TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 5/18/06
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Thomas Noury
41 N. Elmore Ave.
P.O. Box 114026
North Providence, RI 02911

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# PATIENT AUTHORIZATION FOR USE OR DISCLOSURE OF PROTECTED HEALTH INFORMATION

I, Lynore Horn, request and authorize the disclosure of protected health information as described in this form for the following patient:

Patient Name: Lynore Horn
Street Address: 88 Alger Avenue City: East Greenwich

State: RI Zip Code: 02821 Date of Birth: 10/3/60

**Person(s) or organization(s) authorized to disclose personal health information for the patient** *(specifically identify each):*

**Dr. Holly Tytell**
**Center for Mood & Anxiety**
**345 Blackstone Blvd.**
**Providence, RI 02906**

**Specific description of the information to be disclosed** *(check all that apply)*:

[ x ] The patient's entire medical record: This includes but is not limited to the patient's medical history, copies of any health screenings, doctors' notes or orders, records of health care professionals other than doctors, prescriptions, correspondence, billing information, and any records submitted in connection with claims for any type of insurance benefits. This includes information regarding treatment for mental health treatment. Dr Notes + Deposition only

Date restrictions (if any): all records

[ x ] The patient's entire health insurance plan record: This includes but is not limited to applications for insurance, medical records and reports, claims information, notices of decisions, transcripts of testimony, benefits paid, correspondence and other documents. This includes information regarding treatment for mental health treatment.

Date restrictions (if any): all records

[ ] Medical Data/Information as related to:

[ ] Specific condition(s): ______

[ ] Specific professional service(s): ______

[ ] Specific medication(s): ______

[ ] Other: ______

[ ] Health Insurance Plan Data/Information as related to:

[ ] Specific condition(s): ______

[ ] Specific professional service(s): ______

[ ] Specific medication(s): ______

[ ] Other: ______

[X] Other: I authorize Dr. Tytell to be deposed regarding my medical treatment, including mental health treatment under the Rhode Island Mental Health Law, with Neal McNamara, Esquire of Nixon Peabody LLP, One Citizens Plaza, Suite 500, Providence, RI 02903

and Dr. Notes + Deposition only — Lynore Horn

**Authorized recipients of the protected health information:**

Any partner, employee, agent or other authorized representative of Nixon Peabody LLP.

**The information will be used/disclosed for the following purpose(s)** *(all purposes must be listed and described)*:

[x] For the lawsuit: Lynore Horn v. Southern Union Gas (New England Gas) (U.S. District Court- RI, C.A. No. 04-434S) in which Nixon Peabody represents Defendants.

[ ] Other: ______

______

**This authorization will expire:**

[x] At the conclusion of the above referenced lawsuit

[ ] On the following date: ______

**I understand that:**

- When the information is used or disclosed pursuant to this authorization, it may be subject to re-disclosure by the recipient and may no longer be protected by federal privacy regulations. (In some cases, however, it may be protected by another federal regulation, state law or a protective order).
- I retain the right to revoke this authorization at any time, by submitting my revocation, in writing, to the Privacy Officer of the person(s) or organization(s) above. I am aware that my revocation will not be effective, however, to the extent the person(s) or

organization(s) listed above have acted in reliance on it. I understand that any written revocation should include the following information:

- The patient's name, address, and patient number, if applicable;
- The effective date of this authorization, and the recipients of the protected health information according to this authorization;
- The patient's desire to revoke this authorization; and
- The date of the revocation, and the signature of the patient or authorized representative.

- The person(s) or organization(s) listed above which I have authorized to disclose this information will not condition treatment, payment, enrollment in a health plan or eligibility for benefits on this authorization.
- I have a right to inspect or copy the information to be used or disclosed.
- I may refuse to sign this authorization.

This authorization has been given voluntarily. I fully understand and accept the terms of this authorization.

I request and you are hereby authorized to give the same force and effect to a faxed copy or photocopy of this request as you would to an original.

______________________________ May/4/05

Patient or Personal Representative's Signature Date

______________________________

Printed name of Patient or Personal Representative

Representative's authority to act for the patient: ______________________________

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN, Plaintiff | : | |
| v. | : | C.A. No. 04-434-S |
| SOUTHERN UNION CO. & NEW ENGLAND GAS CO., Defendants. | : | |

**NOTICE OF DEPOSITION**

**DATE:** **Tuesday, May 30, 2006**

**TIME:** **11:30 A.M.**

**PLACE:** **CENTER FOR MOOD & ANXIETY DISORDERS**
**345 Blackstone Blvd.**
**Providence, RI 02906**

**DEPONENT:** **Dr. Holly Tytell, M.D.**

**PLEASE TAKE NOTICE** that Defendants Southern Union Co. and New England Gas Co. will take testimony on oral examination of the above-named Deponent at the time set forth above before a Notary Public of the State of Rhode Island and thereafter from day-to-day as the taking of the deposition may be adjourned at the Center for Mood and Anxiety Disorders, 345 Blackstone Blvd., Providence, Rhode Island, at which time and place you are notified to appear and take such part in the examination as you may be advised and as shall be fit and proper.

DEFENDANTS SOUTHERN UNION CO. &
NEW ENGLAND GAS CO.

By their attorneys,

NIXON PEABODY LLP

Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent a true and accurate copy of the within Notice of Deposition to Dr. Holly Tytell, Center for Mood and Anxiety Disorders, 345 Blackstone Blvd., Providence, RI 02906 via hand delivery and to Lynore Horn, 88 Alger Avenue, East Greenwich, RI 02821, via first class mail, postage prepaid, this 19th day of May, 2006.