UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN,<br>Plaintiff<br><br>v.<br><br>SOUTHERN UNION CO. &<br>NEW ENGLAND GAS CO.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 04-434-S<br>**<u>Expedited Consideration Requested</u>** |

**DEFENDANTS' MOTION TO CERTIFY QUESTION OF LAW**
**<u>TO THE RHODE ISLAND SUPREME COURT</u>**

Defendants Southern Union Co. and New England Gas Co., pursuant to the Rhode Island Supreme Court Rules of Appellate Procedure, Article I, Rule 6, hereby move to certify the following question of law to the Rhode Island Supreme Court:

1. What is the statute of limitations applicable to employment discrimination claims asserted under the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws §§ 42-112-1 <u>et seq.</u>?

As grounds for this motion, Defendants submit that the vast majority of the alleged incidents constituting Plaintiff's claims occurred outside the one-year limitations period under the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 <u>et seq.</u> Whether all, some, or none of Plaintiff's claims prior to this limitations period are viable depends on, <u>inter alia</u>, whether those claims are also time-barred under RICRA. Resolution of this question will strongly enhance judicial economy, as the Supreme Court's resolution of this issue consistent with this Court's opinion in <u>Rathbun v. Autozone, Inc.</u>, 253 F. Supp. 2d 226, 231-33 (D.R.I. 2003) would obviate the need for Defendants to address – and this Court to adjudicate – a large portion of Plaintiff's claims

at either the summary judgment and/or trial phases of this litigation. In further support of this motion, Defendants submit the attached memorandum of law.

Respectfully submitted,
DEFENDANTS SOUTHERN UNION CO.
AND NEW ENGLAND GAS CO.

By their attorneys,

NIXON PEABODY LLP

Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: June 26, 2006

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent, via Federal Express overnight delivery a true and accurate copy of the within document to Lynore Horn, 88 Alger Avenue, East Greenwich, RI 02818 this 26th day of June, 2006.

10029456.1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN, Plaintiff | : | |
| v. | : | C.A. No. 04-434-S |
| SOUTHERN UNION CO. & NEW ENGLAND GAS CO., Defendants. | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY, MOTION TO STAY, AND MOTION TO EXPEDITE**

**I. Introduction**

Defendants Southern Union Co.'s and New England Gas Co.'s motion to certify a question of law to the Rhode Island Supreme Court involves a recurring issue to which this Court needs no introduction. Defendants desire that the Rhode Island Supreme Court decide what the proper statute of limitations is for employment discrimination claims asserted under the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws §§ 42-112-1 et seq.

As this Court is likely aware, the Rhode Island Supreme Court has not ruled on this question. Most recently, in Croce v. State, 881 A.2d 75 (R.I. 2005), the Rhode Island Supreme Court commented:

> [W]ith respect to the RICRA, we have never had occasion to hold what limitations period is applicable. In the case of Rathbun v. Autozone, Inc., 361 F.3d 62, 70 (1st Cir. 2004), the United States Court of Appeals for the First Circuit addressed the issue and held that "RICRA actions are governed by Rhode Island's three-year residual statute of limitations for injuries to the person, namely, *R.I. Gen. Laws § 9-1-14(b)*." Although the question of what statute of limitations applies to RICRA actions is one of obvious importance to bench and bar, it has not been briefed by the parties to this case and we will not pass upon this issue without thorough briefing and argument. Therefore, since it will not affect the result

> in this particular instance, for the purposes of this case, we have assumed the applicability of the three-year statute of limitations, which the First Circuit concluded in Rathbun is the proper limitations period for RICRA claims.

Id. at 79. However, in a footnote, the Court further stated:

> While the First Circuit in Rathbun certainly presents cogent arguments in support of its conclusion, we should note that the First Circuit in that case reversed a tightly reasoned opinion by the United States District Court for the District of Rhode Island, which held that the limitations period for RICRA claims should be one year. Rathbun v. Autozone, Inc., 253 F. Supp. 2d 226 (D.R.I. 2003). As we have indicated, in the case at bar we need not and do not pass upon this difficult statute of limitations issue.

Id. at 79, n. 6.

Defendants could not locate any reported cases that "advanced the ball" beyond the Court's decision in Croce.[1] Therefore, the time is ripe for the Rhode Island Supreme Court to decide this question "of obvious important to the bench and bar." Id. at 79.

## II. Plaintiff's Allegations

Plaintiff alleges that she was harassed and treated unfairly on account of her sex at various times during her fifteen-plus years of employment with New England Gas Co. and its corporate predecessor, Providence Gas Co. Over the course of her employment, Plaintiff changed job titles, duties, locations, and supervisors on several different occasions while remaining in Defendants' employ. Plaintiff's allegations of harassment and disparate treatment stretch back to the late 1980s.

Plaintiff filed her initial complaint alleging causes of action under RICRA in June 2004. At approximately the same time, Plaintiff lodged a charge of discrimination with

[1] Defendants are in the process of determining whether any such cases have been briefed, argued, and are pending a decision of the Rhode Island Supreme Court. To the extent that this Court or Defendants are made aware of the pendency of any such case, Defendants alternatively move for a stay of the proceedings, and an extension of the summary judgment due date, until after such case is resolved.

the Rhode Island Commission for Human Rights pursuant to the Rhode Island Fair Employment Practices Act ("FEPA"), R.I. Gen. Laws §§ 28-5-1 et seq. After receiving a "Right to Sue" letter from the Commission in November 2004, Plaintiff amended her complaint to allege violations of FEPA, as well.

Plaintiff alleges, inter alia, various incidents that she believes constituted a hostile work environment while she was employed within the facility maintenance department under the supervision of Ed Bolduc. Plaintiff worked under Bolduc in facilities maintenance from 1992 to May 1999, and again from October 1999 to June 2001. In June 2001, Bolduc retired, and Plaintiff continued to work in facilities maintenance under a new supervisor, Gary Sunday.

In October 2002, Plaintiff joined the leak survey department, which constituted a completely different work environment under a different supervisor, Cliff Richer. Plaintiff also alleges that her experience within leak survey amounted to a hostile work environment, and that she was otherwise treated unfairly on account of her sex by Richer and co-workers within the department.

## III. Legal Relevance of Proposed Certified Question

Because Plaintiff's harassment claims stretch back far beyond the limitations period, she will be forced to rely on some form of the continuing violations doctrine as developed in National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002) and its progeny. In order for otherwise untimely allegations of harassment to be timely under the Morgan line of cases, Plaintiff must establish that one incident constituting the alleged hostile work environment occurred within the limitations period. In such cases, the date demarking the line between timely allegations and untimely allegations is

paramount. Thus, whether and to what extent Plaintiff can properly "bring in" pre-limitations harassment will be determined, in large part, by a decision on the proposed certified question.

Additionally, Plaintiff alleges several individual acts of disparate treatment on the part of Defendants that purportedly occurred between June 4, 2001 (the cutoff for claims under RICRA if it is held to have a three year limitations period) and June 4, 2003 (the cutoff for claims under RICRA if it is held to have a one year limitations period). A decision from the Rhode Island Supreme Court on the proposed certified question will determine whether Plaintiff's claims based on individual acts of disparate treatment during this interval are viable.

## IV. Judicial Economy Enhanced

Determination of the proper statute of limitations for RICRA-based employment discrimination claims will best serve the interests of judicial economy. Defendants believe it likely that the Rhode Island Supreme Court will adopt this Court's Rathbun position that RICRA's proper limitations period is one year. If it does so, this Court could quickly dismiss Plaintiff's claims of harassment based on events that occurred prior to her joining leak survey in October 2002, without having to delve into the mountains of conclusory and vague allegations lodged by Plaintiff regarding earlier alleged incidents. Furthermore, because the proposed certified question is merely a question of law, minimal efforts will be required to bring the Rhode Island Supreme Court up to speed on the basic factual predicate necessary to decide the certified question. Lastly, certifying this question will serve the public interest, as this is an important and common issue in Rhode Island employment discrimination cases that has languished without resolution for

too long. Allowing the Rhode Island Supreme Court to decide this issue now will bring much-needed finality and consistency to an oft-litigated issue that has, until now, engendered neither.

## VI. Motions to Stay and Expedite

Given the (1) centrality of the RICRA limitations issue to resolution of so many of Plaintiff's claims and (2) approaching dispositive motion due date of June 30, 2006, Defendants submit that a stay is appropriate to preserve the status quo while this issue is resolved. The Rhode Island Supreme Court's determination will greatly impact the scope and content of Defendants' arguments for full or partial summary judgment. To proceed with dispositive motions in the face of such uncertainty as to the applicable statute of limitations would be counterproductive, and leave the parties and the Court in the awkward position of arguing and addressing a dispositive legal issue that is decidedly and undisputedly "up in the air."

Defendants also move to expedite consideration of these motions given the quickly approaching dispositive motion due date and the fact that this case has been pending for approximately two years.

## V. Conclusion

For the foregoing reasons, this Court should GRANT Defendants' Motion to Certify Question of Law and issue an Order so certifying the proposed question for determination by the Rhode Island Supreme Court. Additionally, this Court should GRANT Defendants' motion to stay this proceeding, including submission of dispositive motions, until the certified question is resolved.

Respectfully submitted,
DEFENDANTS SOUTHERN UNION CO.
AND NEW ENGLAND GAS CO.

By their attorneys,

NIXON PEABODY LLP

Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

DATED: June 26, 2006

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent, via Federal Express overnight delivery a true and accurate copy of the within document to Lynore Horn, 88 Alger Avenue, East Greenwich, RI 02818 this 26th day of June, 2006.