UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN, Plaintiff | : | |
| v. | : | C.A. No. 04-434-S |
| SOUTHERN UNION CO. & NEW ENGLAND GAS CO., Defendants. | : | |

**DEFENDANTS' MOTION TO EXPEDITE CONSIDERATION OF MOTION TO CERTIFY QUESTION AND MOTION TO STAY**

Defendants Southern Union Co. and New England Gas Co. hereby move for expedited consideration of their Motion to Certify Question of Law to the Rhode Island Supreme Court and their Motion to Stay Proceedings pending the resolution of the certified question. As grounds therefor, Defendants note that dispositive motions are currently due on June 30, 2006, and the legal issues to be resolved by the proposed certified question will heavily influence the scope and content of Defendants' dispositive motion. In further support of this motion, Defendants submit the attached memorandum of law.

Respectfully submitted,
DEFENDANTS SOUTHERN UNION CO.
AND NEW ENGLAND GAS CO.

By their attorneys,

NIXON PEABODY LLP

Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: June 26, 2006

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent, via Federal Express overnight delivery a true and accurate copy of the within document to Lynore Horn, 88 Alger Avenue, East Greenwich, RI 02818 this 26th day of June, 2006.

Marilyn Lowly

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN, Plaintiff | : | |
| v. | : | C.A. No. 04-434-S |
| SOUTHERN UNION CO. & NEW ENGLAND GAS CO., Defendants. | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**MOTION TO CERTIFY, MOTION TO STAY, AND MOTION TO EXPEDITE**

## I. Introduction

Defendants Southern Union Co.'s and New England Gas Co.'s motion to certify a question of law to the Rhode Island Supreme Court involves a recurring issue to which this Court needs no introduction. Defendants desire that the Rhode Island Supreme Court decide what the proper statute of limitations is for employment discrimination claims asserted under the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws §§ 42-112-1 et seq.

As this Court is likely aware, the Rhode Island Supreme Court has not ruled on this question. Most recently, in Croce v. State, 881 A.2d 75 (R.I. 2005), the Rhode Island Supreme Court commented:

> [W]ith respect to the RICRA, we have never had occasion to hold what limitations period is applicable. In the case of Rathbun v. Autozone, Inc., 361 F.3d 62, 70 (1st Cir. 2004), the United States Court of Appeals for the First Circuit addressed the issue and held that "RICRA actions are governed by Rhode Island's three-year residual statute of limitations for injuries to the person, namely, *R.I. Gen. Laws § 9-1-14(b)*." Although the question of what statute of limitations applies to RICRA actions is one of obvious importance to bench and bar, it has not been briefed by the parties to this case and we will not pass upon this issue without thorough briefing and argument. Therefore, since it will not affect the result

> in this particular instance, for the purposes of this case, we have assumed the applicability of the three-year statute of limitations, which the First Circuit concluded in Rathbun is the proper limitations period for RICRA claims.

Id. at 79. However, in a footnote, the Court further stated:

> While the First Circuit in Rathbun certainly presents cogent arguments in support of its conclusion, we should note that the First Circuit in that case reversed a tightly reasoned opinion by the United States District Court for the District of Rhode Island, which held that the limitations period for RICRA claims should be one year. Rathbun v. Autozone, Inc., 253 F. Supp. 2d 226 (D.R.I. 2003). As we have indicated, in the case at bar we need not and do not pass upon this difficult statute of limitations issue.

Id. at 79, n. 6.

Defendants could not locate any reported cases that "advanced the ball" beyond the Court's decision in Croce.[1] Therefore, the time is ripe for the Rhode Island Supreme Court to decide this question "of obvious important to the bench and bar." Id. at 79.

**II. Plaintiff's Allegations**

Plaintiff alleges that she was harassed and treated unfairly on account of her sex at various times during her fifteen-plus years of employment with New England Gas Co. and its corporate predecessor, Providence Gas Co. Over the course of her employment, Plaintiff changed job titles, duties, locations, and supervisors on several different occasions while remaining in Defendants' employ. Plaintiff's allegations of harassment and disparate treatment stretch back to the late 1980s.

Plaintiff filed her initial complaint alleging causes of action under RICRA in June 2004. At approximately the same time, Plaintiff lodged a charge of discrimination with

[1] Defendants are in the process of determining whether any such cases have been briefed, argued, and are pending a decision of the Rhode Island Supreme Court. To the extent that this Court or Defendants are made aware of the pendency of any such case, Defendants alternatively move for a stay of the proceedings, and an extension of the summary judgment due date, until after such case is resolved.

too long. Allowing the Rhode Island Supreme Court to decide this issue now will bring much-needed finality and consistency to an oft-litigated issue that has, until now, engendered neither.

**VI. Motions to Stay and Expedite**

Given the (1) centrality of the RICRA limitations issue to resolution of so many of Plaintiff's claims and (2) approaching dispositive motion due date of June 30, 2006, Defendants submit that a stay is appropriate to preserve the status quo while this issue is resolved. The Rhode Island Supreme Court's determination will greatly impact the scope and content of Defendants' arguments for full or partial summary judgment. To proceed with dispositive motions in the face of such uncertainty as to the applicable statute of limitations would be counterproductive, and leave the parties and the Court in the awkward position of arguing and addressing a dispositive legal issue that is decidedly and undisputedly "up in the air."

Defendants also move to expedite consideration of these motions given the quickly approaching dispositive motion due date and the fact that this case has been pending for approximately two years.

**V. Conclusion**

For the foregoing reasons, this Court should GRANT Defendants' Motion to Certify Question of Law and issue an Order so certifying the proposed question for determination by the Rhode Island Supreme Court. Additionally, this Court should GRANT Defendants' motion to stay this proceeding, including submission of dispositive motions, until the certified question is resolved.

Respectfully submitted,
DEFENDANTS SOUTHERN UNION CO.
AND NEW ENGLAND GAS CO.

By their attorneys,

NIXON PEABODY LLP

Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

DATED: June 26, 2006

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent, via Federal Express overnight delivery a true and accurate copy of the within document to Lynore Horn, 88 Alger Avenue, East Greenwich, RI 02818 this 26th day of June, 2006.