UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Lynore Horn,<br><br>Plaintiff,<br><br>v.<br><br>Southern Union Co. and<br>New England Gas Co.,<br><br>Defendants. | CA No. 04-434 S |

CORRECTED CERTIFICATION ORDER

William E. Smith, United States District Judge.

Pursuant to the Rule 6 of the Rhode Island Supreme Court Rules of Appellate Procedure the following question of law is hereby certified to the Rhode Island Supreme Court:

> What is the statute of limitations applicable to an employment discrimination claim asserted under the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws § 42-112-1 et seq.?

I. Facts

The question certified is raised by a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. A copy of the Defendants' Motion for Summary Judgment and Memorandum in support is attached as well as the Plaintiff's (pro se) Objection and Memorandum. For purposes of this Certification, the Supreme Court may assume that the facts set forth in the Defendants' Motion and Statement of Undisputed Facts are true. Also enclosed, however, is the

Complaint. These pleadings should be sufficient to constitute the certified record necessary for answering the certified question.

II. Reasons for Certification

An answer to the certified question will be helpful to this Court in deciding the Motion for Summary Judgment. A number of the facts alleged by the Plaintiff in her complaint of sexual harassment occurred more than one year prior to the filing of the Complaint. As the Supreme Court is aware, this Court issued a decision in Rathburn v. Autozone, 253 F. Supp. 2d 226 (D.R.I. 2003) in which it held that the statute of limitations applicable to RICRA (which does not contain its own statute of limitations) was one year for employment actions. The First Circuit Court of Appeals, while affirming the ultimate holding of this Court countermanded the ruling with respect to the statute of limitations of employment actions under RICRA. The First Circuit concluded that the proper statute of limitations was derived from the residual statute of limitations were injuries to the person, R.I. Gen. Laws § 9-1-14(b). Recently, the Rhode Island Supreme Court in Croce v. State, 881 A.2d 75 (R.I. 2005) commented with respect to this issue as follows:

> [W]ith respect to the RICRA, we have never had ocassion to hold what limitations period is applicable. In the case of Rathbun v. Autozone, Inc., 361 F.3d 62, 70 (1st Cir. 2004) the United States Court of Appeals for the First Circuit addressed the issue and held that "RICRA actions are governed by Rhode Island's three-year residual statute of limitations for injuries to the person, namely, R.I. Gen. Laws § 9-1-14(b)." Although

> the question of what statute of limitations applies to RICRA actions is one of obvious importance to bench and bar, it has not been briefed by the parties to this case and we will not pass upon this issue without thorough briefing and argument. Therefore, since it will not affect the result in the particular instance, for the purposes of this case, we have assumed the applicability of the three-year statute of limitations, which the First Circuit concluded in Rathbun is the proper limitations period for RICRA claims.

Id. at 79. In a footnote, the Supreme Court noted,

> While the First Circuit in Rathbun certainly presents cogent arguments in support of its conclusion, we should note that the First Circuit in that case reversed a tightly reasoned opinion by the United States District Court for the District of Rhode Island, which held that the limitations period for RICRA claims should be one year. Rathbun v. Autozone, Inc., 253 F. Supp. 2d 226 (D.R.I. 2003). As we have indicated, in the case at bar we need not and do not pass upon this difficult statute of limitations issue.

Id. at 79 n.6. This Court is unaware of any decisions since Croce in which the Rhode Island Supreme Court has further addressed this issue. However, this Court is indirectly aware that at least one Superior Court Justice considered this important question, opting for the residual three year statute of limitations. This Court continues to believe that the question is one of great import to the bench and bar. It appears by the Rhode Island Supreme Court's statement in Croce that the issue continues to remain in doubt even in the aftermath of the Circuit Court's ruling in Rathbun. Therefore, this Court believes that an answer to the question certified above would greatly assist this Court in resolving the

matter currently pending before it, and in resolving future matters as well.

Enter:

By Order:

William E. Smith
U.S. District Judge
Date: 9/18/06