UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN,<br>Plaintiff | : | |
| | : | |
| v. | : | C.A. No. 04-434-S |
| | : | |
| SOUTHERN UNION CO. &<br>NEW ENGLAND GAS CO.,<br>Defendants. | : | |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendants Southern Union Co. and New England Gas Co. hereby object to Plaintiff's Motion for Leave to Amend Complaint. Plaintiff seeks to include a purported claim under the Americans with Disabilities Act ("ADA") relating to the termination of her employment. Plaintiff's attempt to amend her Complaint is both procedurally and substantively improper and would greatly prejudice Defendants, and should therefore be denied. In support of this objection, Defendants submit the attached memorandum of law.

Respectfully submitted,
DEFENDANTS, SOUTHERN UNION CO. and
NEW ENGLAND GAS CO.,

By their Attorneys,
NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, Rhode Island 02903
(401) 454-1000
(401) 454-1030 (Facsimile)
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: May 2, 2007

CERTIFICATION

The undersigned hereby certifies that a true copy of the within document was served regular mail, postage prepaid, this 2d day of May, 2007 to:

Lynore Horn
88 Alger Avenue
East Greenwich, RI 02821

/s/ Neal J. McNamara

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN,<br>Plaintiff | : | |
| v. | : | C.A. No. 04-434-S |
| SOUTHERN UNION CO. &<br>NEW ENGLAND GAS CO.,<br>Defendants. | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendants Southern Union Co. and New England Gas Co. ("Defendants") submit this memorandum in support of their objection to Plaintiff's motion for leave to amend her Complaint to include a purported claim under the Americans with Disabilities Act ("ADA") relating to the termination of Plaintiff's employment. Plaintiff's attempt to amend her Complaint is both procedurally and substantively improper and would prejudice Defendants with respect to securing a timely conclusion to the instant litigation. Specifically, Plaintiff's motion is improper and would prejudice Defendants because (a) Plaintiff has already chosen to pursue this exact disability discrimination claim in an independent action filed in Rhode Island Superior Court that was subsequently removed to this Court by Defendants and is now pending; (b) discovery in this case closed in its entirety on May 30, 2006, approximately eleven months ago; (c) Defendants' filed a motion for summary judgment approximately ten months ago, which motion is currently pending; and (d) the amendment would further delay the resolution of this already protracted case, as Plaintiff's disability claim would require a whole new round of discovery geared toward that issue. Furthermore, Plaintiff has not received the Court's leave to file a motion at this late date, which she must, pursuant to the Court's scheduling order of November 29, 2004. For these reasons, discussed in greater detail below, Plaintiff's motion should be denied.

## I. Facts and Procedural Posture

Plaintiff initially filed this action in Rhode Island state court, alleging sexual harassment and gender discrimination in violation of state law. Defendants removed the action to this Court in September 2004 on the basis of diversity jurisdiction. After a protracted period of discovery and the withdrawal of Plaintiff's former counsel, discovery closed, in its entirety, on May 30, 2006. Defendants filed a motion for summary judgment on June 30, 2006.

On July 14, 2006, the Court stayed the proceeding pending a response from the Rhode Island Supreme Court on the certified question regarding the proper limitations period for an employment discrimination claim under the Rhode Island Civil Rights Act. The Supreme Court heard oral argument on the certified question on April 9, 2007. Its decision has not yet been released.

On or about April 2, 2007, Plaintiff filed a new, independent action in Rhode Island Superior Court, ostensibly alleging a claim under the Americans with Disabilities Act ("ADA") relating to the termination of her employment in December 2004 (hereinafter, "ADA termination claim"). Defendants removed the action on the basis of both federal question and diversity jurisdiction on April 18, 2007, and filed their Answer to Plaintiff's Complaint on April 25, 2007. That case, Horn v. Southern Union Co. et al., C.A. No. 07-142S, is now pending before this Court.

On or about April 20, 2007, Plaintiff filed the instant motion in this case, C.A. No. 04-434S, seeking to amend her Complaint to include the ADA termination claim. In the instant motion, Plaintiff recounted her compliance with the administrative prerequisites relative to her ADA termination claim and sought permission from the Court to amend her Complaint to add the ADA termination claim. Defendants have now filed this objection.

## II. Legal Analysis

In determining whether to grant leave to amend, courts examine, inter alia, (a) whether granting leave would prejudice the non-movant; (b) whether denying leave would prejudice the movant; and (c) considerations of judicial economy and case management. See 3 Moore's Federal Practice (3d ed. 2006), § 15.15[1]. Here, all three factors weigh heavily in favor of denying Plaintiff's motion for leave to amend her Complaint.

### A. Prejudice to Defendants

"Prejudice is especially likely to exist if the amendment involves new theories of recovery or would require additional discovery." Id. § 15.15[2] (citing Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998)). Here, Defendants are faced with both. Plaintiff seeks to add an entirely new statutory claim, based on facts that were not the subject of Plaintiff's original claim and that were not the subject of discovery (such as those bearing on Plaintiff's alleged disability and the circumstances of her termination). Because of this, the proposed amendment would require a whole new round of discovery, entailing further costs and delays in resolving this nearly three-year-old lawsuit.

The First Circuit has cited these considerations in affirming a district court's denial of a motion to amend. See Acosta-Mestre v. Hilton Inter. of Puerto Rico, 156 F.3d 49, 52-53 (1st Cir. 1998); Grant v. News Group Boston, Inc., 55 F.3d 1, 6 (1st Cir. 1995). In Grant, the court specifically noted that the defendant would, in fact, be prejudiced by amendment where discovery had already closed and the defendant "nearly completed its motion for summary judgment." 55 F.3d at 6. Here, of course, discovery has been closed for eleven months and Defendants' summary judgment is well beyond "nearly completed" – it was filed ten months ago. These facts alone are sufficient to support a denial of Plaintiff's motion to amend.

**B. No Prejudice to Plaintiff**

Defendants' prejudice becomes all the more palpable when weighed against the utter and complete lack of prejudice to Plaintiff if her motion is denied. See Bell, 160 F.3d at 454 ("Any prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment."). As noted, Plaintiff chose to pursue her ADA termination claim in an independently-filed suit in Superior Court prior to moving to amend in this case. Although since removed to this Court, that suit provides an ample conduit by which Plaintiff can pursue this alternate ADA termination claim. Having chosen the path of an independent suit, Plaintiff should now follow it. In sum, Plaintiff would not in any way be prejudiced by denial of her motion.

**C. Interests of Judicial Economy and Case Management**

Lastly, considerations of judicial economy and case management weigh very heavily in favor of denial of Plaintiff's motion. See Ft. Howard Paper Co. v. Standard Havens, Inc., 901 F.2d 1373, 1380 (7th Cir. 1990) ("[A] trial court can deny amendment when concerned with the costs that protracted litigation places on the courts."). Allowing Plaintiff to add an entirely new claim based on different law and different facts would essentially obviate the summary judgment motion filed in this case some ten months ago. See Little v. Liquid Air Corp., 952 F.2d 841, 846 (5th Cir. 1992) (quoting Freeman v. Continental Gin Co., 381 F.2d 459, 469-70 (5th Cir.1967)) ("Much of the value of summary judgment procedure . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory."). It would delay resolution of this case for at least several more months. Such would be a waste of both judicial resources and those of the parties. See Little, 952 F.2d at 846 (affirming

denial of amendment where new factual bases and legal theories would have infringed upon court's ability to manage case).

It is also worth noting that Defendants have already expended time and money removing and answering this second suit. If the Court were to allow Plaintiff to pursue her ADA termination claim in the instant case, that would be wasted time and money, and would create a strange and confusing situation in which the same claim would be adjudicated in two parallel actions. This, too, would constitute a uneconomical use of the Court's limited resources. In sum, there is nothing to be gained – and plenty to be lost – in the way of judicial economy should Plaintiff be allowed to amend her Complaint.[1]

**D. Consolidation Is Also Improper**

To the extent the Court treats Plaintiff's motion as a Rule 42 motion to consolidate the instant case, C.A. No. 04-434S, with the ADA termination case, C.A. No. 07-142S, Defendants submit that consolidation would be improper for the same reasons that amendment is improper. "[C]onsolidation should not be ordered if it would prejudice defendant, for considerations of convenience and economy must yield to the interest of justice in a fair and impartial trial." Flintkote Co. v. Allis-Chalmers Corp., 73 F.R.D. 463, 464-465 (S.D.N.Y. 1977) (citing Garber v. Randell, 477 F.2d 711, 714 (2d Cir. 1973)); see also Turner v. Transportacion Maritima Mexicana S.A., 44 F.R.D. 412, 415 (E.D. Pa. 1968). Here, consolidation would have the same practical effect as amendment, i.e., require re-opening discovery that has been closed for eleven months, obviate Defendants' motion for summary judgment filed ten months ago, further delay

[1] Defendants also note that Plaintiff's motion is procedurally improper and should be denied on the ground that Plaintiff did not seek the Court's leave to file the motion. This Court's scheduling order, dated November 29, 2004, at paragraph 6, stated that "after ten (10) days from the close of discovery, no motions shall be filed except by leave of Court." Since discovery closed on May 30, 2006, Plaintiff was required to seek the Court's leave to file this motion, but did not do so.

trial (if one is necessary) and/or resolution of this case, and inject a whole host of new factual and legal issues.

Many courts have refused consolidation where similar indicia of prejudice existed. See, e.g., Borough of Olyphant v. PPL Corp., 153 Fed. Appx. 80, 82 (3d Cir. 2005) (unpublished) ("It is within a district court's broad discretion to deny a motion to consolidate if it would cause delay in one of the cases, or if one of the cases is further into discovery than the other case."); Mills v. Beech Aircraft Corp., 886 F.2d 758, 761-762 (5th Cir. 1989) (affirming rejection of consolidation where the two cases were filed two years apart and discovery in the first case had closed); St. Bernard Gen. Hosp., Inc. v. Hospital Serv. Ass'n, 712 F.2d 978, 989-990 (5th Cir. 1983) (affirming rejection of consolidation where cases were at "different stages of preparedness for trial" and the first case had "languished" in court for many years); Farahmand v. Rumsfeld, 2002 U.S. Dist. LEXIS 22473, at *5-7 (E.D. Pa. Nov. 20, 2002) (rejecting consolidation where the "only common issue between the cases before the Court is that of purported discrimination," where the respective employment decision in each case was made by different people, and where cases were at entirely different stages of litigation). In sum, whether viewed as an attempt to amend her complaint or consolidate the separate actions, Plaintiff's motion should be denied to avoid prejudicing Defendants and derailing the progress of the instant case.

## III. Conclusion

Defendants Southern Union Co. and New England Gas Co. respectfully request that the Court DENY Plaintiff's Motion for Leave to Amend Complaint.

Respectfully submitted,
DEFENDANTS, SOUTHERN UNION CO. and
NEW ENGLAND GAS CO.,

By their Attorneys,
NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, Rhode Island 02903
(401) 454-1000
(401) 454-1030 (Facsimile)
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: May 2, 2007

CERTIFICATION

The undersigned hereby certifies that a true copy of the within document was served regular mail, postage prepaid, this 2d day of May, 2007 to:

Lynore Horn
88 Alger Avenue
East Greenwich, RI 02821

/s/ Neal J. McNamara