UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE I. HORN | : | |
| | : | |
| v. | : | C.A. No. 04-434S |
| | : | |
| SOUTHERN UNION COMPANY and | : | |
| NEW ENGLAND GAS COMPANY | : | |

**MEMORANDUM AND ORDER**

Before me for determination is Plaintiff's Motion for Leave to Amend Complaint. (Document No. 120). Defendants object. (Document Nos. 121 and 122). I have determined that no hearing is necessary to resolve this Motion.

**Background**

Plaintiff initiated this hostile environment sex discrimination action on October 8, 2004. Discovery has been closed for one year. Defendants have a pending Motion for Summary Judgment and the Court is awaiting a determination from the Rhode Island Supreme Court on a certified question of state law.

Plaintiff seeks to add a claim under the Americans with Disabilities Act ("ADA") related to the termination of her employment. In particular, Plaintiff asserts she was "[f]ired as a result of injuries." However, prior to filing her motion to amend this case, Plaintiff initiated a new ADA action against Defendants in Superior Court. Defendants removed that case to this Court on April 18, 2007. See Horn v. Southern Union, C.A. No. 07-142S. A Rule 16 conference is scheduled for May 18, 2007 before Judge Smith.

**Discussion**

Under Fed. R. Civ. P. 15(a), leave to amend shall be "freely given when justice so requires." However, the right to amend is not absolute. "Among the adequate reasons for denying leave to amend are undue delay in filing the motion and undue prejudice to the opposing party by virtue of allowance of the amendment." Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc., 156 F.3d 49, 51 (1st Cir. 1998) (internal quotations omitted). Undue delay is a sufficient basis "especially where allowing the amendment will cause further delay in the proceedings." Id. at 52; see also Harvey v. Snow, 281 F. Supp. 2d 376, 380 (D.R.I. 2003). Furthermore, the burden on a party seeking to amend "becomes more exacting" as the case nears trial. Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004).

Plaintiff's Motion for Leave to Amend her Complaint is DENIED for two reasons. First, it is too late to add a new theory of recovery to this two and one-half year old case. It would be prejudicial to Defendants to allow Plaintiff to add a new claim to this case after the close of discovery and the preparation of a Rule 56 motion. Second, it is unnecessary. Plaintiff's new case (C.A. No. 07-142S) already contains the same ADA claim related to her employment termination which she seeks to add to this case. Plaintiff cannot simultaneously pursue the same claim in two cases against the same parties.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Leave to Amend Complaint (Document No. 120) is DENIED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 4, 2007