UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN, Plaintiff, | : | |
| v. | : | C.A. No. 04-434-S |
| SOUTHERN UNION CO. & NEW ENGLAND GAS CO., Defendants. | : | |

**OBJECTION TO MOTION FOR SANCTIONS AND DEFAULT**

Defendants Southern Union Co. and New England Gas Co. ("Defendants") hereby object to Plaintiff Lynore Horn's motion for sanctions and default. Defendants rely upon the accompanying memorandum of law in support of their objection.

Respectfully submitted,

DEFENDANTS SOUTHERN UNION CO. &
NEW ENGLAND GAS CO.

By their attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Jillian S. Folger-Hartwell (#6970)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
jfolgerhartwell@nixonpeabody.com

DATED: March 20, 2008

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent, via regular mail and certified mail, return receipt requested, a true and accurate copy of the within document to Lynore Horn, 88 Alger Avenue, East Greenwich, RI 02818 this 20th day of March, 2008.

/s/ Neal J. McNamara

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 04-434-S |
| | : | |
| SOUTHERN UNION CO. & | : | |
| NEW ENGLAND GAS CO., | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION TO MOTION FOR SANCTIONS AND DEFAULT**

Defendants Southern Union Co. and New England Gas Co. ("Defendants") hereby object to Plaintiff Lynore Horn's ("Plaintiff") motion for sanctions and default and ask that this Court deny Plaintiff's motion.[1] Plaintiff's motion should be denied because it was filed beyond the date provided for filing such motions pursuant to this Court's November 29, 2004, Pretrial Order. In addition, Plaintiff's motion should be denied because Defendants' representative has not perjured himself, and because the evidence of such perjury that Plaintiff has presented does not provide support for her allegation.

Pursuant to this Court's Pretrial Order dated November 29, 2004, "[e]xcept as provided above with respect to motions in limine, after ten (10) days from the close of discovery, no motions hall be filed except by leave of Court." Discovery in this case closed on May 16, 2006.[2] Thus, Plaintiff should have filed this motion on or before May 26, 2006. Instead, Plaintiff has waited almost two years to file this motion. For that reason alone, Plaintiff's motion should be denied.

[1] Plaintiff presumably brings her Motion for Sanctions under Rule 37(c) of the Federal Rules of Civil Procedure, although she does not reference any rule in either her motion or memorandum.

[2] Pursuant to this Court's Order dated March 17, 2006, the discovery deadline in this matter was extended to May 16, 2006. Thereafter, on May 19, 2006 this Court extended the discovery deadline to May 30, 2006, but only for the limited purpose of Dr. Holly Tytell's deposition.

Moreover, Plaintiff claims that Defendants' representative has perjured himself and that the Court should penalize Defendants by issuing a default judgment against them. Perjury requires a finding that "[a] witness testifying under oath or affirmation . . . [gave] false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. D'Andrea, 107 F.3d 949, 958 (1st Cir. 1997) (quoting Dunnigan, 507 U.S. at 94.); see Wiggins v. Rhode Island, 326 F. Supp. 2d 297, 305 (D.R.I. 2004) (perjury defined by R.I. Gen. Laws § 11-33-1(a) as requiring knowingly false material declaration). Inherent in a finding of perjury is proof that the testimony given is false.

Here, Plaintiff provides no such proof; rather, the responses to Interrogatory No. 5 and Mr. Brown's deposition testimony support the same version of events. Specifically, Interrogatory No. 5 asked:

> INTERROGATORY NO. 5 Did defendants (and/or any of their current or former agents, employees and/or representatives) ever hear, learn or suspect that plaintiff had complained about an incident involving a gun which took place while she was working? If the answer is yes, please:
> (a) identify all person who have knowledge of this;
> (b) for each person identified, set forth, in as much detail as possible, what he or she knows;
> (c) for each person identified, set forth the date he or she firms learned anything about this. (SIC)
> (d) if applicable, set forth what actions defendants took.

Defendants' Supplemental Answers to Plaintiff's First Set of Interrogatories, Response & Supplemental Response No. 5, relevant portions of which are attached hereto as Ex. A. Defendants responded as follows:

> **RESPONSE**: During the early 1990s, Henry Butler heard a rumor from a source that he cannot recall that a gun had been present in the Dexter Street garage, and handled by an employee or employees in the garage during work time. Based on the company's prohibition against weapons in the workplace, Mr. Butler spoke to Bob Ringman, who questioned Fred Straight, the garage supervisor, about it. The

> rumor could not be substantiated. Plaintiff never complained to anyone in management about a gun being held to her head. In 2001, plaintiff mentioned to D'Anna Soehnge that an employee had on one previous occasion been playing around with a gun at work. Ms. Soehnge attempted to inquire about the incident, but the plaintiff declined to discuss it further, and did not provide any further details.
>
> Supplemental Response: The rumor could not be substantiated because no one verified that a gun had been in the Dexter Street garage. The investigation did not include questioning of plaintiff because the company was not aware that she had any information. She did not work in the garage, therefore the company did not question her. She never complained of any incident regarding a gun, although defendants have learned subsequently that plaintiff purchased a gun from Mike Rose, an employee in the garage.

Id. (emphasis added).

The allegedly conflicting deposition testimony that Plaintiff attached to her motion for sanctions relates to an entirely different question than that asked in Interrogatory No. 5. During his deposition, Plaintiff asked Mr. Brown if a supervisor ever questioned him about "guns in the garage." See Deposition of Don Brown at 7: 25; 8:1-18, relevant portions of which are attached hereto as Ex. B. Mr. Brown answered in the affirmative and described, although he could not identify the year or date, that some of his employees had asked if they could secure their hunting rifles in his office rather than in their vehicles while they were at work, because there had been some instances of items being stolen from vehicles in the employer's parking lot. See id. at 8:3-15. When asked specifically if he had any knowledge of an incident in which a gun was held to Plaintiff's head, Mr. Brown answered "[n]ot that I remember." Id. at 7:17-20. When asked again if specific employees told Mr. Brown about such an incident the witness replied again "[n]ot that I remember." Id. at 7:21-24.

There is no conflict between the answer to Interrogatory No. 5, in which Defendants state that Plaintiff did not complain about an incident relating to a gun, and Mr. Brown's testimony about permitting his employees to secure their hunting rifles in his office during working hours.

In fact, when Mr. Brown was asked about an incident in which a gun was held to Plaintiff's head – the same question set forth in Interrogatory No. 5 – he answered that he could recall no such incident, thus confirming the information provided in Defendants' responses to Interrogatory No. 5.[3] Plaintiff has presented no evidence, whatsoever, that Defendants and/or their employees provided any false testimony during the discovery process.

For the foregoing reasons, Defendants ask that Plaintiff's Motion for Sanctions and Default be denied.

Respectfully submitted,

DEFENDANTS SOUTHERN UNION CO. &
NEW ENGLAND GAS CO.

By their attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara____________
Neal J. McNamara (#4249)
Jillian S. Folger-Hartwell (#6970)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
jfolgerhartwell@nixonpeabody.com

DATED: March 20, 2008

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent, via regular mail and certified mail, return receipt requested, a true and accurate copy of the within document to Lynore Horn, 88 Alger Avenue, East Greenwich, RI 02818 this 20th day of March, 2008.

/s/ Neal J. McNamara____________

[3] In addition, even if the testimony did conflict – which it does not – evidence that one witness would have a different recollection than another witness about the same events is not evidence of perjury.