# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LYNORE I. HORN,<br>Plaintiff,<br>v.<br>SOUTHERN UNION COMPANY, et al,<br>Defendants. | C.A. NO. 04-434-S |

**DEFENDANTS' SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

INTERROGATORY NO. 3 During the period 1989 to the present time, did defendant (or any of its current or former agents, employees and/or representatives) ever hear, see, suspect and/or learn the there were magazines, pictures and/or posters depicting naked or partially clad females anywhere in the work place? If the answer is yes, please:

(a) Identify (by name, current or former business and home address, telephone number, and position) all persons who heard, suspected, saw or learned this;
(b) for each person identified, set forth what he or she heard, suspected, saw or learned;
(c) if applicable, for each person identified, state what action he or she took, if any.

OBJECTION AND RESPONSE: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Henry Butler is aware that calendars and magazines containing pictures of women were occasionally present in the workplace. Whenever such items came to Mr. Butler's attention, he would instruct that they be removed. In approximately 1997, an employee whose daughter had reportedly seen a picture of

a woman in a bikini in the employees' gym at Dexter Street complained about its presence. The item was subsequently removed.

Supplemental Response: In addition, defendants believe that Leslie Wortman, formerly of Human Resources, has knowledge concerning magazines and calendars in the workplace. On information and belief, she now lives at 2320 E Mallory Street, Pensacola, Florida.

INTERROGATORY NO. 5 Did defendants (and/or any of their current or former agents, employees and/or representatives) ever hear, learn or suspect that plaintiff had complained about an incident involving a gun which took place while she was working? If the answer is yes, please:

(a) identify all person who have knowledge of this;
(b) for each person identified, set forth, in as much detail as possible, what he or she knows;
(c) for each person identified, set forth the date he or she first learned anything about this.
(d) if applicable, set forth what actions defendants took.

**RESPONSE:** During the early 1990s, Henry Butler heard a rumor from a source that he cannot recall that a gun had been present in the Dexter Street garage, and handled by an employee or employees in the garage during work time. Based on the company's prohibition against weapons in the workplace, Mr. Butler spoke to Bob Ringman, who questioned Fred Straight, the garage supervisor, about it. The rumor could not be substantiated. Plaintiff never complained to anyone in management about a gun being held to her head. In 2001, plaintiff mentioned to D'Anna Soehnge that an employee had on one previous occasion been playing around with a gun at work. Ms. Soehnge attempted to inquire about the incident, but the plaintiff declined to discuss it further, and did not provide any further details.

Supplemental Response: The rumor could not be substantiated because no one verified that a gun had been in the Dexter Street garage. The investigation did not include questioning of

plaintiff because the company was not aware that she had any information. She did not work in the garage, therefore the company did not question her. She never complained of any incident regarding a gun, although defendants have learned subsequently that plaintiff purchased a gun from Mike Rose, an employee in the garage.

INTERROGATORY NO. 12. For the period five years before plaintiff began working for defendant and up until the present time, has any current or former employee (including plaintiff) or any applicant for employment ever alleged, insinuated, suggested, implied, stated, grieved or complained, whether or not in a lawsuit or charge of discrimination, that he or she was harassed, discriminated against, disciplined, penalized, treated unfairly, differently, or adversely based upon his or her sex? If the answer is yes, please set forth each instance in which this has happened. Your answer should include, but not limited to, the identity of all persons involved including any supervisors, managers and/or officers who have knowledge of each claim, allegation, insinuation, suggestion, implication, statement, complaint, charge and/or lawsuit, the identity of the person or persons making or initiating any such claims, allegations, insinuations, suggestion, implications, statements, complaints, charges and/or lawsuits, the date, substance, status, and/or disposition of each allegation, claim insinuation, suggestion, implication, statement, complaint, charge and/or lawsuit, the names of all complainants, respondents, plaintiffs and defendants, and where any such complaints were made, filed or are pending.

OBJECTION: Defendants object to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and is not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, Carol Petrarca, Christine Stamp, Roberta Faria and Wendy Smith have made claims regarding sex discrimination/harassment.

Supplemental Response: Defendants have not withheld names based on any objections, but have identified additional individuals. Brenda Shanley, an employee in Information Technology, sued for sex discrimination in or about 2000. Her attorney was Patricia Andrews, counsel for plaintiff here. That matter was the subject of litigation and was settled. In 2004, Stephen Ferrante filed an action against defendants in Providence County Superior Court alleging sex discrimination, i.e., that he was terminated while women were being promoted, and violation of the Rhode Island Parental and Medical Leave Act. That action was settled in May 2005.