UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN, Plaintiff, | : | |
| v. | : | C.A. No. 04-434-S |
| SOUTHERN UNION CO. & NEW ENGLAND GAS CO., Defendants. | : | |

**DEFENDANTS' REPLY MEMORANDUM**
**TO PLAINTIFF'S NOTICE OF APPEAL**

Defendants Southern Union Co. and New England Gas Co. ("Defendants") submit this reply memorandum in response to Plaintiff's Notice of Appeal with respect to Magistrate Judge Almond's Report and Recommendation granting Defendant's Motion for Summary Judgment. Defendant's rely on the facts and arguments set forth in their Memorandum in Support of Motion for Summary Judgment, Statement of Undisputed Facts, and Memorandum in Reply to Plaintiff's Opposition to Summary Judgment, copies of which are attached hereto as Exs. A through C, and incorporate by reference the facts and arguments set forth in those documents.

**Summary**

Plaintiff worked at New England Gas Co. (or its predecessor, Providence Gas Co.) from 1989 until December 7, 2004. Plaintiff initially filed an administrative charge, pursuant to the Fair Employment Practices Act ("FEPA"), R.I. Gen. Laws § 28-5-1 et seq., at the Rhode Island Commission for Human Rights ("RICHR") on May 13, 2004. On June 4, 2004, Plaintiff filed a judicial complaint in Superior Court, alleging violations of the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws § 42-112-1 et seq., and asserting a common law claim for intentional infliction of emotional distress. She later amended her complaint to include her FEPA claims after receiving a right-to-sue letter from the RICHR.

Defendants filed a motion for summary judgment in this case as to all of Plaintiff's claims on June 30, 2006. Prior to filing for summary judgment, Defendants filed motions to stay the proceeding and to certify a question to the Rhode Island Supreme Court. Defendants sought a final resolution to the open question of the proper statute of limitations for employment discrimination claims asserted under RICRA. Subsequently, on June 27, 2007, the Supreme Court issued its decision holding that the one-year limitation period contained in FEPA applied to employment claims under RICRA, as well. Horn v. Southern Union Co., 927 A.2d 292, 297 (R.I. 2007).

In his Report and Recommendation, issued on May 21, 2008, Judge Almond took note of the Rhode Island Supreme Court decision, and found that all of Plaintiff's claims alleging disparate treatment prior to May 13, 2003, were time barred. See Report and Recommendation, issued on May 21, 2008, ("R&R") at 13. In addition, Judge Almond held that any hostile environment claims based on allegations which occurred prior to the above date were time-barred unless subject to the continuing violation doctrine. See id. Judge Almond found that the continuing violation doctrine did not apply to permit Plaintiff to base her claims on prior alleged acts of sexual harassment, in part, because in September 2002, Plaintiff started a new job assignment, at a new location, with a new supervisor and new coworkers. Thus, the continuing violation doctrine did not apply to allow Plaintiff to base her hostile environment claims on earlier incidents. Id. at 23. Finally, analyzing those allegations Plaintiff asserted occurred within the statutory period, Judge Almond found that Plaintiff failed to provide sufficient proof of her claims to overcome summary judgment. Id. at 23-28.

## Introduction

A district court reviews a magistrate judge's Report and Recommendation de novo. Dixon v. Calusa Invs., C.A. No. 06-442-T, 2008 U.S. Dist. LEXIS 24578, at *1 (D.R.I. Mar. 27, 2008). As noted above, Defendants rely upon their documents previously submitted to assist this Court in its review of the Report and Recommendation. Plaintiff, however, sets forth a number of arguments and assertions in her Notice of Appeal, which Defendants will address below.

**I. Statement of Disputed Facts.**

Magistrate Judge Almond, in the Report and Recommendation, found that because Plaintiff failed to properly support the "facts" she set forth in her Statement of Disputed Facts in Opposition of Defendants Motion for Summary Judgment ("Plaintiff's Statement"), the Court would adopt the facts as provided in Defendants' Statement of Undisputed Facts ("Defendants' Statement"). Plaintiff takes issue with this decision and argues in her Notice of Appeal that Plaintiff's Statement should not have been disregarded by this Court because the defects noted by the Court were merely "secretarial" in nature. In addition she contends that because she is a pro se litigant, the Judge should have provided her with a detailed explanation of Local Rule Cv 56 and permitted her a "do over," to resubmit her Statement of Undisputed Facts.

As discussed in detail in Defendants' Memorandum in Support of Motion for Summary Judgment ("Defendants' Memorandum"), Local Rule Cv 56 provides that "[a]n objecting party that is contesting the movant's Statement of Undisputed Facts shall file a Statement of Disputed Facts, which shall be numbered correspondingly to the Statement of Undisputed Facts, and which shall identify the evidence establishing the dispute, in accordance with the requirements of paragraph (a)(2)." Local rules carry the force of law and are binding upon the litigants and the court itself. LaPlante v. OneBeacon Ins. Group, C.A. No. 05-496, 2006 U.S. Dist. LEXIS

76680, at *4 n.2 (D.R.I. Oct. 20, 2006). Pro se litigants are not excused from compliance with procedural rules or substantive law. Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir.1994). An objecting party's statement, which includes only "speculation, generalities, conclusory assertions, [and] improbable inferences" and is not supported by proper record citation, in accordance with Local Rule Cv 56(a)(2), may be disregarded, and the moving party's facts deemed admitted. Id. (quoting Linder v. Myers, 233 F.R.D. 81, 82 (D.P.R. 2005)). Indeed, the failure of the pro se plaintiff in Bartlett v. American Power Conversion, C.A. 05-084 ML, 2006 U.S. Dist. LEXIS 72294, at *5-6 (D.R.I. Sept. 20, 2006), to comply with the requirements of Local Rule Cv 56 led this Court to adopt the facts as set forth by the opposing party.

The requirements of Local Rule Cv 56 are much more than "secretarial" in nature. The rule requires that a statement of undisputed facts be submitted with the proper record citation to permit the Court and the opposing party to quickly identify any factual disputes that are supported by the record – an essential part of the summary judgment analysis. The Court is not required to tutor a pro se plaintiff through the summary judgment process. Local Rule Cv 56 is perfectly clear; a party must "identify the evidence establishing that fact, including the page and line of any document to which reference is made." There is little room for misinterpretation. Here, Plaintiff's Statement failed to properly identify any evidence to support the "facts" she alleged. Moreover, attached to Plaintiff's Statement were several hundred documents with no indication about the source of the documents and, in many instances, no indication how the documents were relevant to Plaintiff's claims. Ultimately, in Plaintiff's Statement she made a number of outlandish factual statements, and expected the Court and Defendants to sort through the pile of documents to see if support could be found for her contentions. Under these

circumstances, accepting the facts as set forth in Defendants' Statement was proper and justified.[1]

**II. Statute of Limitations.**

Plaintiff suggests in her Notice of Appeal that Defendant's do not deserve the protection of a statute of limitations because she has alleged a mountain of factual claims sufficient to deny Defendants this protection. See Plaintiff's Notice of Appeal at 2. As noted in Defendants' Memorandum, "[i]t is widely recognized that statutes of limitations are 'designed to keep stale claims out of court.'" Croce v. State, 881 A.2d 75, 79 n.7 (R.I. 2005) (quoting Muniz-Cabrero v. Ruiz, 23 F.3d 607, 611 n.6 (1st Cir. 1994)). In employment discrimination actions, the limitations period "protects the accused by guaranteeing that they receive sufficient notice of the alleged violations to adequately investigate the claims while those claims are still reasonably susceptible to investigation." Place v. California Webbing Indus., Inc., 249 F. Supp. 2d 157, 161 (D.R.I. 2003). A heaping serving of factual allegations, unsupported by any record evidence, is not the basis upon which to deny a party the protections afforded by a statute of limitations.

**III. Plaintiff's Hostile Work Environment Claims.**

In her Notice of Appeal, Plaintiff asserts that Judge Almond should not have recommended that her hostile work environment claims be dismissed. In support of this contention, Plaintiff simply sets forth a number of alleged incidents, again with no foundation or support in the record, which she claims took place. See Notice of Appeal at 2-4. Moreover, just as in Plaintiff's Statement, she makes no reference to any time periods or specifics about when these alleged incidents took place; rather, she simply recites allegations with no factual support.

[1] In addition, Plaintiff states in her Notice of Appeal that she "did not object to the Undisputed facts by the Defendant." Notice of Appeal at 7. Thus, it appears that Plaintiff does not really take issue with the facts as Defendants presented them, but merely wanted to add to those facts.

Plaintiff asserts, for example, that there was "[a] gun at work" and "the company allowed constant physical features described in full detail." Id. at 3. Plaintiff references Defendant's Statement to support these allegations, however, when one looks to the referenced paragraphs of Defendants' Statement, the cited paragraphs do not support Plaintiff's contentions.

The only potentially relevant evidence Plaintiff submitted to the Court in her opposition to Defendants' summary judgment was her affidavit, and some excerpts from her deposition testimony. As Judge Almond observed, Plaintiff's affidavit containing "a reiteration of the conclusory statements set forth in her Complaint" was insufficient to overcome summary judgment. R&R at 25. Plaintiff presented no evidence to corroborate her claims and her statements alleging discriminatory conduct, alone, are insufficient.

In relation to her continuing violation allegations, Plaintiff does not provide any adequate reason for this Court to reject Judge Almond's recommendations. See Notice of Appeal at 6-7. Plaintiff merely reiterates her unsupported allegations of "guns" at the workplace and "threats to her life." Notice of Appeal at 6-7. Plaintiff does not address Judge Almond's finding that "[t]he continuing violation doctrine does not apply to an employee's claims which span different working environments or where the employee changed worksites and managers prior to the limitations cut-off date." R&R at 21; see Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116-18 (2002).

As set forth in detail in Defendants' summary judgment papers, when Plaintiff transferred into the Leak Survey Department in September, 2002, she had a new supervisor, new coworkers and a new work location. See Defendants' Memorandum at 21. Such a change in circumstances has uniformly been cause for courts to deem earlier, pre-limitations claims from different settings, under different supervisors, time-barred. See, e.g., Randall v. Potter, 366 F. Supp. 2d

104, 117 (D. Me. 2005); see Costanzo v. United States Postal Serv., 00 Civ. 5044 (NRB), 2003 U.S. Dist. LEXIS 4911, at * 19 (S.D.N.Y. March 31, 2003). Thus, Judge Almond correctly found that any of Plaintiff's hostile work environment claims prior to her entering Leak Survey had been extinguished.

As for Plaintiff's claims regarding a hostile environment while she worked in Leak Survey, setting aside the fact that those allegations are completely unsupported by the record, the incidents she describes are insufficiently severe and pervasive to qualify as sexual or any other type of discriminatory harassment. Plaintiff's arguments in her Notice of Appeal relating to the severity her hostile environment claims center mainly around the alleged "gun" she claims to have seen at work. Notice of Appeal at 3-4. As noted in Defendants' Memorandum, Plaintiff presented no evidence that the incident in which she claims to have been threatened by a female coworker with a gun was harassment based on her sex. Defendants' Memorandum at 35-36. Lastly, viewing Plaintiff's allegations in the light most favorable to her, and assuming that her unsupported claims regarding "company allowed constant physical features described . . . The boss and coworker discussing the black man being dragged : and singing about abuse : killing people" are true, these unpleasantries are simply insufficient to rise to the level of the severe and pervasive harassment sufficient to materially alter the terms and conditions of her employment. See Noviello v. City of Boston, 398 F.3d 76, 93 (1st Cir. 2005) (citing Faragher v. City of Boca Raton, 524 U.S. 775, 786 (1998)). Thus, Judge Almond properly recommended that these claims be dismissed.

**IV. Disparate Impact.**

To support her Notice of Appeal relating to her disparate impact claim, Plaintiff again merely recites a number of unsupported allegations, many of which have no time-frame

associated with them. Again, it is important to note that any of Plaintiff's allegations regarding disparate impact that precede May 13, 2003, are time-barred by the statute of limitations applicable to claims under RICRA and FEPA. Defendant responds to each group of allegations as follows:

Plaintiff alleges "[c]omputer pornography were shown to be excepted because a supervisor sent them , The plaintiff went to the union and management : But failure to investigate any sexual harassment complaint admitted by a woman was the norm." Id. To support this statement, Plaintiff presumably relies on the several hundred pages on unidentified documents she submitted in support of her summary judgment papers. It is important to note that none of the emails she submitted were addressed to her, and she provides no proof that she ever received these documents when she worked for Defendants.

Plaintiff claims "[a] seniority based system gave males, senior the choice of routes and trucks : till a woman reached senior then , the seniority meant nothing," Id. at 5. As Judge Almond noted, an adverse employment action is a significant change in employment status, like hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. R&R at 16 (citing Lee-Crespo v. Schering-Plough Del Caribe Inc., 354 F.3d 34 (1st Cir. 2003). Assignment to a particular vehicle or route does not constitute and adverse employment action. Moreover, Plaintiff admitted, with regard to route assignments, that other female coworkers were given preferential route assignments. R&R at 18; Defendants' Statement ¶ 52. Thus, Plaintiff's own testimony suggests that route assignments were not given out in a discriminatory manner based on sex.

Plaintiff alleges that she "was always lowest on overtime." Notice of Appeal at 5. First, any allegations regarding overtime occurring prior to 2003 are time-barred. Second, Defendants

presented conclusive evidence in the form of overtime records showing Plaintiff worked virtually the same amount of overtime as another male employee who drove a leak survey vehicle. See R&R at 17; Defendants' Statement ¶ 59.

Plaintiff asserts that "[n]o man was ever told to go to C&M – just the plaintiff a woman," Notice of Appeal at 6. Plaintiff worked in the Construction and Maintenance ("C&M") for three weeks only in late 2002. Thus, this complaint, and her remaining allegations regarding her training in C&M are time barred because her training took place before May, 2003.

The remainder of Plaintiff's factual assertions to support her disparate treatment claims are unsupported by any record evidence, save Plaintiff's self-serving conclusory statements. Moreover, Plaintiff provides no time frames within which to place the alleged events, thus making it impossible to determine whether such allegations are time-barred.

**V. Intentional Infliction of Emotional Distress.**

Plaintiff has provided no reason to reject Judge Almond's determination that her intentional infliction of emotional distress claim is barred by the exclusivity provisions of the Rhode Island Workers' Compensation Act, R.I. Gen. Laws § 28-29-20 (2007). She states only that she has provided proof of extreme and outrageous conduct. This is insufficient to challenge Judge Almond's determination on this matter.

**VI. Allegations Against Defendants' Counsel.**

Plaintiff sets forth a number of confusing and varied allegations regarding Defendants' counsel, only a few of which are necessary to address. First, Plaintiff was represented by counsel at the inception of this case. When Plaintiff had counsel appearing on her behalf, Defendants' counsel spoke with Plaintiff's counsel about the case. In addition, during this time Defendants' counsel refused to take telephone calls directly from Plaintiff because of his

obligation, imposed by the Rules of Professional Conduct, that he not speak directly to an opposing party without his or her counsel's consent. See R.I. Rule of Prof. Conduct 4.2.

During the course of this proceeding, Plaintiff provided an incorrect zip code and neglected to accept certified mail sent to her address. Defendants now send all documents to Plaintiff via regular and certified mail to avoid any problems with delivery. The "Perjury" Plaintiff refers to on page 9 of her Notice of Appeal is presumably the same matter addressed in her Motion for Sanctions and Default, which was denied by this Court on March 28, 2008. Rather than recite the issues in that motion, Defendants have attached a copy of Plaintiff's motion and Defendants' objection hereto as Ex. D.

**Conclusion**

For the foregoing reasons, in addition to those advanced in Defendants' Memorandum in Support of Motion for Summary Judgment, Statement of Undisputed Facts, and Defendants' Memorandum in Reply to Plaintiff's Objection to Summary Judgment, Defendants request that this Court adopt the Report and Recommendation issued by Magistrate Judge Almond on May 21, 2008, and enter a judgment for Defendants' on all counts of the Complaint.

Respectfully submitted,

DEFENDANTS SOUTHERN UNION CO. and
NEW ENGLAND GAS CO.,

By their Attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Jillian Folger-Hartwell (#6970)
One Citizens Plaza, Suite 500
Providence, Rhode Island 02903
(401) 454-1000
(401) 454-1030 (Facsimile)
nmcnamara@nixonpeabody.com
jfolgerhartwell@nixonpeabody.com

CERTIFICATION

The undersigned hereby certifies that a true copy of the within document was served via regular and certified mail, return receipt requested, this 16th day of June, 2008 to:

Lynore Horn
88 Alger Avenue
East Greenwich, RI 02818

/s/ Neal J. McNamara